UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT SIMPSON RICCI, *et al.*, | ) | |
| | ) | |
| | ) | Civil Action Nos. 72-0469-T (Belchertown) |
| Plaintiffs, | ) | 74-2768-T (Fernald) |
| | ) | 75-3910-T (Monson) |
| v. | ) | 75-5023-T (Wrentham) |
| | ) | 75-5210-T (Dever) |
| ROBERT L. OKIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF THE WRENTHAM AND DEVER PLAINTIFFS REGARDING CERTAIN ISSUES RAISED BY MOTION TO REOPEN AND RESTORE CASES TO THE ACTIVE DOCKET AND ENFORCE THE FINAL ORDER**

Plaintiffs in the above-referenced *Wrentham* and *Dever* actions (Civil Actions No. 75-5023-T and No. 75-5210-T) (the "Wrentham/Dever Plaintiffs") submit this statement of their position regarding certain issues raised by the Motion of the Belchertown/Fernald/Monson Plaintiffs to reopen and restore these consolidated cases to the Court's active docket and to enforce the Order of May 25, 1993 in this consolidated litigation (the "Final Order").

1. By letter dated April 12, 2004, the Wrentham/Dever Plaintiffs (including, among others, the Wrentham Association for Retarded Citizens, Inc., the Paul A. Dever Association for Retarded Citizens, Inc., and the Association for Retarded Citizens of Massachusetts, Inc.) gave notice that the defendants are not in substantial compliance with the Final Order, pursuant to the procedure set forth in paragraphs 7a and 7(1) of the Final Order. A copy of that letter is attached as Exhibit A.

~BOST1:305455.v1
125-847

2.      By letter dated May 17, 2004, the Department of Mental Retardation (the "Department") responded on behalf of the defendants, asserting that the Department was in full compliance with the Final Order. A copy of that letter is attached as <u>Exhibit B</u>.

3.      The Belchertown/Fernald/Monson Plaintiffs had previously given notice that the defendants are not in substantial compliance with the Final Order, and the Department also responded to that notice, asserting that the Department was in full compliance with the Final Order. Copies of those letters are attached to the Belchertown/Fernald/Monson Plaintiffs' Motion to Reopen and Restore Case to Active Docket and Enforce the Final Order.

4.      Following this exchange of correspondence, representatives of and counsel for the parties met in person to discuss the areas of alleged non-compliance with the Final Order, in accordance with the procedure set forth in the Final Order. Those meetings took place on May 28, June 7 and June 8, 2004. The parties discussed various compromise proposals, but no agreement on any substantive issue was reached.

5.      Following these meetings, counsel for the Department sent a further letter, dated July 1, 2004, to counsel for the Wrentham/Dever Plaintiffs and counsel for the Belchertown/Fernald/Monson Plaintiffs, regarding the issues in dispute. A copy of that July 1, 2004 letter is attached as <u>Exhibit C</u>. Counsel for the Wrentham/Dever Plaintiffs responded by letter dated July 28, 2004. A copy of that July 28, 2004 letter is attached as <u>Exhibit D</u>.

6.      On July 13, 2004, the Belchertown/Fernald/Monson Plaintiffs filed a Motion to Reopen and Restore Case to Active Docket and Enforce the Final Order of May 12, 1993.

7.      There is partial overlap in the areas of systemic non-compliance with the Final Order asserted by the Belchertown/Fernald/Monson Plaintiffs and the Wrentham/Dever

Plaintiffs. Specifically, the Wrentham/Dever Plaintiffs assert and are continuing to pursue issues of systemic non-compliance with respect to:

(1) the periodic review of community programs by contracted consultant retardation professionals or a nationally recognized evaluation group (as required by paragraph 2e of the Final Order);

(2) the requirement that defendants shall not approve a transfer of any class member out of a state school into the community, or from one community residence to another such residence, until and unless the Superintendent of the transferring school (or the Regional Director of the pertinent community region) certifies that the individual to be transferred will receive equal or better services to meet their needs in the new location, and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location (as required by paragraph 4 of the Final Order); and

(3) the provision of sufficient adequately trained and experienced personnel to substantially meet the needs set forth in each class member's ISP (as required by paragraph 2c of the Final Order), particularly with respect to *Ricci* class members who live and receive services in community settings.

8. The Wrentham/Dever Plaintiffs believe that they have complied with the Final Order's procedural requirements preliminary to the re-opening of the litigation. To date, their disputes with the defendants have not been resolved. The Wrentham/Dever Plaintiffs are currently prepared to continue negotiating with the defendants regarding the above-referenced three issues, and intend to do so, without waiver of their position that they have already fulfilled the meet-and-confer dispute resolution requirements of the Final Order. However, if and to the extent that some or all of these three issues may be deemed to be within the scope of the Belchertown/Fernald/Monson Plaintiffs' Motion to Reopen, and if and to the extent that the Court re-opens the case and addresses some or all of the these three issues, the Wrentham/Dever Plaintiffs desire an opportunity to have their arguments on these issues heard and considered by

the Court. The Wrentham/Dever Plaintiffs also reserve the right to bring their own motion to reopen this consolidated litigation, if they should deem it appropriate to do so at some later time.

Respectfully submitted,

The Wrentham/Dever Plaintiffs (including, among others, the Wrentham Association for Retarded Citizens, Inc., the Paul A. Dever Association for Retarded Citizens, Inc., and the Association for Retarded Citizens of Massachusetts, Inc.)

By their attorneys,

*/s/ Lisa C. Goodheart (LCG)*

Lisa C. Goodheart (BBO #552755)
PIPER RUDNICK LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: July 29, 2004

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL
ON 7/29/04

*/s/ Lisa C. Goodheart (LCG)*

4

~BOST1:305455.v1
125-847