# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ) | | |
| **ROBERT SIMPSON RICCI,** *et al.,* ) | | |
| ) | **CA Nos.** | **72-0469-T (Belchertown)** |
| **Plaintiffs,** ) | | **74-2768-T (Fernald)** |
| ) | | **75-3910-T (Monson)** |
| **v.** ) | | **75-5023-T (Wrentham)** |
| ) | | **75-5210-T (Dever)** |
| **ROBERT L. OKIN,** *et al.,* ) | | |
| ) | | |
| **Defendants.** ) | | |
| ) | | |

## MOTION TO INTERVENE AS PLAINTIFF

NOW COMES, Disability Law Center, Inc. ("<u>DLC</u>"), and respectfully moves this Court, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, to allow it to intervene as a Plaintiff in the proceedings to re-open above-captioned matter.

In support of its Motion, DLC states that:

1.    DLC is the federally designated Protection and Advocacy agency ("<u>P&A</u>") for the state of Massachusetts pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15041 *et seq.*  DLC is a private, non-profit law firm providing free legal services to individuals with disabilities who reside in Massachusetts.

2.    Congress has conferred upon DLC, as the Massachusetts P&A, express authority litigate in its own right to protect the rights of persons with developmental disabilities.

3.    DLC, as the Massachusetts P&A, is mandated, among other responsibilities, to advocate for the rights of individuals with developmental disabilities, including those individuals currently residing in or those at risk of institutionalization at state intermediate care facilities for the mentally retarded ("ICFs/MR").

4.    On July 13, 2004, Plaintiffs in the above actions numbered 72-0469-T (Belchertown), 74-2768-T (Fernald), and 75-3910-T (Monson) ("Belchertown/Fernald/Monson Plaintiffs") filed a Motion to Reopen and Restore Case to Active Docket and to Enforce the Final Order of May 25, 1993.

5.    A central issue in the Belchertown/Fernald/Monson Plaintiffs' Motion is their opposition to the planned closure of the Fernald Developmental Center ("Fernald").

6.    One of DLC's core priorities is advocating for the treatment of individuals with disabilities in the least restrictive environment and supporting efforts by DMR to follow the nation-wide trend of moving individuals with disabilties out of institutional settings and into appropriate, supported community settings. This mission is consistent with the Supreme Court's decision in Olmstead v. L.C., 527 U.S. 581 (1999) which held that unjustified institutionalization of persons with disabilities is a form of discrimination.

7.    DMR's plans to close Fernald affects a range of individuals that includes not only residents of the facilities encompassed in the Final Order but the entire service delivery system to individuals with developmental disabilities across the state including individuals in other facilities and individuals utilizing community programs, all of whom are P&A constituents who would be affected by the

expenditure of funds to keep Fernald and other ICFs/MR open.

8.     Given (1) DLC's responsibility as the P&A to advocate for the legal rights of individuals with developmental disabilities; (2) the liberty interests at stake in the present case relating to individuals currently residing in state ICFs/MR and those at risk of being institutionalized at an ICF/MR; and (3) the implications of this case to all P&A constituents utilizing DMR services in Massachusetts, DLC desires to have an opportunity to have its arguments heard on this issue and to be considered by the Court if the case is re-opened.

For the foregoing reasons and those set forth in the accompanying Brief in Support of Disabilty Law Center's Motion to Intervene as Plaintiff, DLC respectfully requests that the Court allow its Motion.

Respectfully submitted,
Disability Law Center, Inc.

Bettina Toner (B.B.O. #629300)
Senior Staff Attorney
Stanley J. Eichner (B.B.O. #543139)
Director of Litigation
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723-8455, ext. 152

Dated: August 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copies of Disability Law Center's (1) Motion to Intervene as

Plaintiff, and (2) Brief in Support of Motion to Intervene as Plaintiff were served this day,

August 26, 2004, upon the following counsel of record:

Beryl W. Cohen, Esq. (By Hand)
11 Beacon Street
Boston, MA 02108

Lisa C. Goodheart, Esq. (By Mail)
Piper Rudnick LLP
One International Place, 21st Floor
Boston, MA 02110-2613

Robert L. Quinan, Jr., Esq. (By Mail)
Juliana deHaan Rice, Esq.
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

Marianne Meacham, Esq. (By Mail)
General Counsel
Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

Bettina Toner