UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 DEC 29  P 12: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Robert Simpson Ricci, et al.,<br>  Plaintiffs,<br><br>v.<br><br><br>Robert L. Okin, et al.,<br>  Defendants | CA Nos. 72-0469-T (Belchertown)<br>74-2768-T (Fernald)<br>75-3910-T (Monson)<br>75-5023-T (Wrentham)<br>75-5210-T (Dever) |

## PLAINTIFF'S NOTICE OF UNRESOLVED OUTSTANDING ISSUES

1. Request Court to take View of Fernald Developmental Center

2. List of Class Members at Fernald/exact date of each annual ISP for next calendar year/ name of current QMRP assigned to oversee the ISP for each identified resident/name, phone number and address of each current guardian for every resident at Fernald Center

3. Prohibition of DMR employees discussing status of Federal Court case with family members or guardians

4. Prohibition against the transfer on more than on one occasion of any current resident of Fernald to an alternative placement site at an existing ICF/MR

5. The Department will allow any individual who chooses an alternative placement and later decides that the alternative program is not successful for that individual to return to an ICF/MR bed within DMR

1

6. Applicability of Stipulation by the parties dated December 29, 2004 to include the current residents at Marquardt Nursing Center located on Fernald grounds

7. Opposition to the Department's intention to mail referral materials relating to representatives from any other advocacy group or entity in addition to the Fernald League that wishes to offer its services to act as a "designated representative" at an individual's ISP at Fernald

8. Failure to comply with Final Order, May 25, 1993, paragraph 4

   "Defendants shall not approve a transfer of any class member of a state school into the community, or from one community residence to another such residence, until and unless the Superintendent of the transferring school (or the Regional Director of the pertinent community region) certifies that the individual to be transferred will receive equal or better services to meet their needs in the new location and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location."

9. Failure to comply with Final Order, May 25, 1993, paragraph 2a

   "Defendants shall substantially provide services to each class member on a lifetime basis. The specific services to be provided to each class member to meet this obligation, and defining this obligation, shall be set forth in an Individual Service Plan ("ISP") that details each class member's capabilities and needs for services, pursuant to the regulations governing the preparation of ISP's as currently set forth in 103 CMR 20, et seq. (the "ISP Regulations").[2] Such services shall include, as appropriate for the person, residential programs; day programs; recreational and leisure time activities; medical psychological, dental and health-related professional services; respite care and crisis intervention services; support and generic services, such as guardianship and adaptive equipment services; and transportation services."

10. Failure to comply with Final Order, May 25, 1993, paragraph 2b

   "Defendants shall not seek to amend, revise, or otherwise modify the ISP Regulations as they affect class members except upon 60 days written notice to the plaintiffs' counsel, with an opportunity for plaintiffs to comment upon the proposed changes. Any amendments must leave in place a process that is at least the substantial equivalent of the regulations currently set forth in 104 CMR 20 et seq., with regard to the definition of the ISP, the individualized nature of the ISP, the existence of an appeal process, and the principles contained in footnotes 2 and 3 herein."

2

11. Failure to comply with Final Order, May 25, 1993, paragraph 6a

   "Defendants shall continue to seek to improve, and shall not undermine, the progress achieved during the period of this litigation by:

   a. Maintaining and implementing the basic principles of the ISP.[3]"

12. The Defendants have, in the absence of specific regulatory authority, created a Placement Planning Process for the displacement of all current residents at the Fernald Developmental Center, which process includes a Placement Profile, in which the entire ISP "team" authorized by Regulation (115 CMR 6.21 et seq.) does not fully participate, but instead the program, support needs, and alternative future residential site of the individual are determined by an Individual Transition Planning Team comprised of Fernald administrators only.

13. The Defendants, without specific regulatory authority and in the absence of a reconvened ISP team, have conducted reviews of ISPs previously completed by family, guardians, and team members and have edited and otherwise re-written ISPs, in the absence of family members, guardians, and team member professionals, with the purpose of intentionally reducing costs, services and supports to residents, which clearly constitutes a systemic violation of the specific mandates of the Order.

14. Failure to comply with Final Order, May 25, 1993, paragraph 6b

   "Defendants shall continue to seek to improve, and shall not undermine, the progress achieved during the period of this litigation by:

   b. Exerting their best efforts to maintain and secure sufficient funds to meet the needs of class members under this Order."

The Defendants have failed to provide appropriations to meet the large scale present need for capital improvements and repairs at Fernald.

The policy decision announced by Governor Romney to close or consolidate existing ICF/MR facilities which are subject to the Final Order together with the unprecedented reduction in personnel and available budget in the past several years totally undermines and erodes the progress achieved by the Federal Court during the period of litigation 1972 - 1993 and accordingly, represents a systemic violation.

15. The impact of the FY2005 and FY2006 budgets, which place Fernald class members at risk and severely affect the Defendant's ability to meet its Court-mandated obligations to provide active treatment for Ricci class members

    In addition, the staff reductions and early retirements in FY2002 and FY2003 have had a direct effect upon the number of professional, clinical, and support staff required to meet the ISP-documented needs of class members.

    Further, the failure to fill long-term staff vacancies has resulted in inappropriate short-term use of floating personnel, unnecessary overtime, increased caseloads for remaining staff, an attendant lack of supervision, and a direct affect upon resident participation in active treatment programs and recreational activities.

16. Failure to comply with Final Order, May 25, 1993, paragraph 2c

    "Sufficient adequately trained and experienced personnel, as reasonably determined by the Department of Mental Retardation based on professional judgment, shall be available to substantially meet the needs set forth in each class member's ISP."

Due to staff shortages, lack of supervision, and lack of preventative maintenance programs, there has been a progressive and alarming physical deterioration and loss of timely maintenance at Fernald, which has resulted in an increase in safety issues, lack of medical attention, inconsistent transportation services, elimination of recreation programs, unattended health issues, and a visible increase in vermin and insects in residential areas.

17. Failure to comply with Final Order, May 25, 1993, paragraph 5

"Except as set forth in other paragraphs of this Order, nothing in this Order is intended to detract from or limit the discretion of the defendants in developing and improving programs, managing and determining the personnel and budget of the Department of Mental Retardation and other state agencies, implementing innovative services, improving quality enhancement and dispute-resolution mechanisms, or allocating its resources to ensure equitable treatment of its citizens."

Respectfully submitted,
Belchertown, Monson and Fernald Plaintiffs
By Their Attorney

Beryl W Cohen
11 Beacon Street
Boston, MA 02108
(617) 742-3322
BBO# 088620

DATED: December 29, 2004