LAW OFFICES OF
# BERYL W. COHEN

Commissioner Gerald J. Morrissey, Jr.
Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

11 BEACON STREET
BOSTON, MASS. 02108
617-742-3322
FAX 617-720-5652

RE: <u>Ricci, et al v. Okin, et al., Civil Action Nos. 72-0469-T (Belchertown); 74-2768-T (Fernald); 75-3910-T (Monson); 75-5023-T (Wrentham); 75-5210-T (Dever)(D. Mass.)</u>

January 31, 2005

Dear Commissioner Morrissey:

At the Status Conference in the above-entitled matter held on January 20, 2005, Judge Tauro ordered that the Individual Service Plans of the 43 residents who have been transferred since February 2003 from the Fernald Developmental Center in accordance with 115 CMR 6.63 be made available for my inspection and review in order to determine compliance with paragraph 4 of the Final Order of the Court of May 25, 1993 that "the individual to be transferred will receive equal or better services to meet their needs in the new location and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location." (Transcript p.31, l.11-14, 19-24; p.32, l.14-25; p.33, l.17-22)

**As of this date, twelve days after the Court Order, you have, for the first time on this date, provided me with a draft of a Protective Order, which itself requires statutory and regulatory research, discussion, and negotiation, which further delays the implementation of the Court Order.**

Further, the Court directed that I be given similar access to the Individual Service Plan of each of the 246 remaining residents at Fernald in order to determine compliance with paragraph 4 of the Final Order of the Court of May 25, 1993, as above-described. (Transcript p.55, l.3-7)

I assume that you will not transfer any additional residents from Fernald until I have had an opportunity to conduct a review to determine compliance with paragraph 4 of the Final Order.

In addition, Judge Tauro ordered that the list of the names of all Class Members currently resident at Fernald, the dates of their annual ISPs, together with the names and addresses of the individuals' guardians and the names and telephone numbers of the assigned QMRPs would be provided to me. Relative to that specific direction, the Court made the following remarks as transcribed in the stenographic record.

> The Court: "I told you to give him the names." (Transcript p.37, l.23)
> The Court: "Give him the names." (Transcript p.38, l.4)
> The Court: "If I order you to do something, you are doing it under a federal court
>    order and I suggest that you obey it." (Transcript p.38, l.7-9)

1

The Court: "But I don't want to hear again that you didn't provide the names." (Transcript p.38, l.15-16)

In response to Attorney Quinan's statement to the Court that "We need a written court order to protect the Department." (Transcript p.38, l.10-11), the Court stated, "You prepare the order that you think will protect you, a form of order, and I will sign it." (Transcript p.38, l.13)

In addition, the Court stated, "You are going to give him names of these forty some people. Let's start with that as an identifiable thing. You are going to give him names of everybody who is going to have an ISP over the next year." (Transcript p.47, l.14-17)

In furtherance of the Court's direction that the Department provide me with a list of the names of all Class Members currently resident at Fernald, the dates of their annual ISPs, together with the names and addresses of the individuals' guardians and the names and telephone numbers of the assigned QMRPs, the Court inquired, "When can you give him the list of names?" (Transcript p.54, l.20) In response, Attorney Meacham stated, "We can do that immediately, Your Honor, as soon as a protective order is entered." (Transcript p. 54, l. 24-25) In further response, the Court stated, "All right. Three days. Okay. So in three days they can only do so many things." (Transcript p.55, l.1-2)

**As of this date, twelve days after the Court Order, you have, for the first time on this date, provided me with a draft of a Protective Order, which by its terms is so restrictive that it makes it impossible for me to disclose to my clients such information relating to the list of residents and their ISP dates in order to determine their status as authorized representatives.**

Paragraph 3 of the Stipulation of December 29, 2004, which was entered as an Order of the Court on January 20, 2005, requires that:

> "The Department shall by memorandum direct all Fernald staff that ISP team participants are not to discuss an individual's alternative placement at the annual ISP meeting."

**As of this date, twelve days after the Court Order, you have not provided me with a copy of the memorandum to all Fernald staff which complies with the above-referred Stipulation.**

Paragraph 5 of the Stipulation of December 29, 2004, which was entered as an Order of the Court on January 20, 2005, requires that:

> "Within the next several weeks there shall be a joint presentation by Plaintiffs' Counsel and the Commissioner of the Department to Fernald family members, guardians, designated representative, and individuals regarding future plans for the Fernald Developmental Center and alternative placement options for individuals."

On January 12, 2005, I wrote to you as follows:

"Further, please be advised that I am available on any Saturday or Sunday in the month of February to participate in a joint presentation with you to discuss future plans for the Fernald Developmental Center and alternative placement options for individuals, per the Stipulation, paragraph 5."

On January 14, 2005, Marianne Meacham, General Counsel, responded:

"Thank you for your notification of your availability to participate in the joint presentation contemplated by the Stipulation. I will respond with dates in February and March on which the Commissioner is available."

**As of this date, twelve days after the Court Order, I have not received a specific response to my letter, which stated my availability on eight separate dates in February to participate in a joint presentation with you in accordance with paragraph 5 of the Stipulation.**

Paragraph 6 of the Stipulation of December 29, 2004, which was entered as an Order of the Court on January 20, 2005, requires that:

"The Department and the Fernald Plaintiffs have agreed to continue discussions regarding; (a) the Department utilizing, in addition to the presentation discussed in ¶ 5 above, processes to facilitate exchanges of information and discussions with individuals, families and guardians about alternative placement options (site-specific and other); (b) procedures for the conduct of Fernald ISP meetings; (c) the development of a mutually agreeable mechanism to monitor the implementation of all ISPs at Fernald."

On January 25, 2005, in accordance with the suggestion of Attorney Meacham, I notified Maureen Waples at the Office of General Counsel that I was available on February 7, 9, and 11 between the hours of 9:00AM –12:00AM to attend meetings in accordance with the requirements of paragraph 6 of the Stipulation.

**As of this date, twelve days after the Court Order, you have not responded to my request for meetings to be held in accordance with the requirements of paragraph 6 of the Stipulation.**

Yours very truly,

Beryl W. Cohen

cc:    Judge Joseph L. Tauro
       Marianne Meacham, General Counsel