

# The Commonwealth of Massachusetts
## Executive Office of Health & Human Services
## Department of Mental Retardation
### 500 Harrison Avenue
### Boston, MA 02118

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Ronald Preston**
Secretary

**Gerald J. Morrissey, Jr.**
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

February 3, 2005

**BY FAX AND REGULAR MAIL**

Beryl W. Cohen, Esq.
11 Beacon Street
Boston, MA 02108

RE:   Ricci v. Okin, et al.
      U.S. Dist. Ct. (Mass.)
      C.A. Nos. 72-0469-T, et al.

Dear Attorney Cohen:

I am writing to you in response to your letter of January 31, 2005 to Commissioner Morrissey in which you questioned the Department's timeliness regarding its response to Judge Tauro's instructions issued at the Status Conference of January 20, 2005 in the above-entitled matter. As the Commissioner is represented by the undersigned counsel as well as two Assistant Attorneys General, your decision to write to him directly rather than through counsel — and, indeed, to fail to even copy either Assistant General Counsel on your correspondence — is highly inappropriate. Notwithstanding this breach, I respond to your points below.

Requested Records.

The Department is prepared to provide the information you seek as soon as the Court enters an appropriate protective order. At the hearing before the Court on January 20, 2005, the Court instructed the Commonwealth to provide you with: 1) a list of current Fernald residents upcoming ISP dates, along with guardian contact information; and 2) access to view the individual service plans and transfer records of the 43 individuals who have been transferred from Fernald since February 23, 2003. The Department responded that it would make these records available, but to protect individuals' privacy rights, and to comply with both State and Federal privacy laws, a protective order needed to be

1

entered.[1] The Court then directed the Commonwealth to draft a protective order and submit it to the Court.

Additionally, the Court directed the parties to confer and consult directly with each other prior to filing anything with the Court.

Protective Order

On Friday, January 28th, 2005, five business days after the Court's January 20th hearing, the Department sent to you, by facsimile and regular mail, a draft protective order (see copy attached as Exhibit A, with acknowledged receipt). Our hope and expectation was that we could confer on its terms and resolve them directly and expeditiously. Rather than responding to me on the merits of the Protective Order, in a letter directed to the Commissioner, you complain that it has taken the Department 12 days to send you a protective order. Your statement that the Commonwealth took 12 days instead of five business days to draft and share with you the Stipulation and Order for the Protection of Confidential Material was clearly incorrect. Even assuming one was to count weekend days, the most that could be said was that it took the Commonwealth 7 days to research, compile and draft an appropriate Stipulation and Protective Order. Moreover, this occurred during a week when normal business hours were disrupted by a snow emergency.

When you contacted me upon your receipt of the Stipulation on January 31, 2005, and informed me that you were out of the office on January 28th, I immediately assured you could have additional time to review and comment upon the Proposed Order prior to the Department filing it with the Court. (See Letter dated January 31, 2005 attached as Exhibit B). Instead of mutually agreeing on a reasonable timeframe for reviewing, editing and filing the Proposed Order, you wrote to the Commissioner, with a "cc" to Judge Tauro, complaining that the Stipulation was not received in a timely fashion.

On February 2, 2005, we held an hour-long conference call to discuss the Proposed Protective Order, and it is my belief and hope that we should be able to resolve issues jointly. It is unfortunate that this sort of discussion was your last resort, rather than your first.

Paragraph 6 Meeting Dates

On January 14, 2005, I wrote to you requesting possible meeting dates for the continued discussions on the issues outlined in Paragraph 6 of the Stipulation. On

---

[1] As the holder of "personal data" regarding current or former Fernald residents, the Department may not disclose that data to a third party absent consent of the data subject or an appropriate judicial order. M.G.L. c. 66A, § 2(c); Allen v. Holyoke Hosp., 398 Mass. 372, 379, 496 N.E.2d 1368, 1373 (1986). The Department's failure to comply with the requirements of FIPA could expose it to liability of up to $100,000 per violation. See Torres v. Attorney General, 391 Mass. 1, 4-5, 460 N.E.2d 1032, 1034 (1984); Tivnan v. Registrar of Motor Vehicles, 50 Mass. App. Ct. 96, 100, 734 N.E.2d 1182, 1185 (2000); M.G.L. c. 258.

2

January 25th, 11 days later and 6 days prior to forwarding your letter to the Court, you telephoned my administrative assistant, Maureen Waples, requesting dates that the Commissioner would be available. When she requested that you provide the Department with acceptable dates, you were abusive on the telephone to her. This hardly seems like the cooperative and collegial behavior that was envisioned by Judge Tauro when he urged both parties to continue to exercise patience during communications and interactions with each other. Only by letter on January 26th did you provide proposed meeting dates. Further, by our communication with you through your secretary, we have agreed to meet on February 7th at 1:00 pm for two hours.

Paragraph 5 Joint Presentation Dates

In your letter of January 31, 2005, you stated that you had received no specific response to your statement of availability on 8 separate days in February to participate in a joint presentation with the Department regarding the future plans for the Fernald Development Center. In fact, my January 14th letter, I clearly informed you that she would furnish you with dates in February and March on which the Commissioner would be available. On January 31, 2005, just 7 business days after the Court hearing, Department Assistant General Counsel, Kim LaDue, wrote to you to inform you that the Commissioner would be available on February 20th and February 27th to participate in a joint presentation. You have since expressed your preference for February 27th, and the Joint Presentation is being scheduled for that date.

Paragraph 3 Fernald Staff Memorandum

In your January 31, 2005 letter you claimed that the Department had still not provided you with a copy of the memorandum to all Fernald staff directing them not to discuss alternative placements at the annual ISP meeting. In fact, in December the Department shared the memorandum directing staff not to discuss placement in annual ISP meetings from Joseph Breen with you, which we believe complies in all respects with the Stipulation. We have heard nothing from you concerning the need for any superceding memorandum.

I trust that you find this information useful in resolving your concerns. We have been directed by the Court to meet and confer whenever there is disagreement or conflict concerning Fernald-related matters. Consistent with Judge Tauro's instructions at the January 20th Status Conference, it is the Department's sincere hope that future communications between us will be forthright and respectful, and that we will arrive at mutually acceptable resolutions of disputed matters without further Court involvement.

3

Feel free to contact me at (617) 624-7701 if you have any questions or require additional information.

Sincerely,

Marianne Meacham
General Counsel

cc: Hon. Joseph L. Tauro (By Hand)
Gerald J. Morrissey, Jr., Commissioner
Juliana deHaan Rice, Assistant Attorney General
Robert L. Quinan, Jr., Assistant Attorney General
Margaret M. Pinkham, Esq.
Cornelius J. Moynihan, Jr., Esq.
Daryl Cameron Every, Esq.



# The Commonwealth of Massachusetts
## Executive Office of Health & Human Services
## Department of Mental Retardation
### 500 Harrison Avenue
### Boston, MA 02118

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Ronald Preston**
Secretary

**Gerald J. Morrissey, Jr.**
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

January 28, 2005

**(By Fax and Regular Mail)**
Beryl Cohen, Esq.
11 Beacon Street
Boston, MA 02108
RE:   Ricci, et al v. Okin, et al
      Stipulation and Order for the Protection of Confidential Material

Dear Beryl,

Attached and enclosed, please find the Stipulation and Confidentiality Order, which we intend to submit to the court on Monday, January 31, 2005. Once approved the Department of Mental Retardation will produce the requested confidential material by the court within three days.

Please provide any comments you have to this stipulation by Monday, January 31, 2005 so that it may be submitted to the Court.

Very truly yours,

Marianne Meacham
General Counsel

cc: All Counsel of Record (By Fax)
    Kristen Reasoner-Apgar, General Counsel, EOHHS (By Fax)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Simpson Ricci, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Robert L. Okin, et al.<br><br>Defendants. | CIVIL ACTION<br>NO.   72-0469-T<br>74-2768-T<br>75-3910-T<br>75-5023-T<br>75-5210-T |

**STIPULATION AND ORDER
FOR THE PROTECTION OF CONFIDENTIAL MATERIAL**

Pursuant to this Court's directives of January 20, 2005, and for good cause shown, the Court hereby enters this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting confidential material consisting of documents and other data regarding persons who have been served or are being served by the Department of Mental Retardation, and which constitute confidential personal data pursuant to G.L. c. 123B, § 17; 115 C.M.R. §§ 4.00, et seq.; G.L. c. 66A, §§ 1 and 2; the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, et seq.; and/or regulations promulgated thereunder at 45 C.F.R. Parts 160 and 164.

   1.   **Definitions**. As used herein, the quoted words and phrases shall have the following meanings:

   a. For the purposes of this Order, "Fernald Class Member," means a Ricci Class Member, as that term is used in the Final Order entered in *Ricci v. Okin*, 823 F. Supp. 984, 986 n.1 (1993), who has resided at the Fernald Developmental Center in Waltham, Massachusetts, at any point from February 23, 2003, to the present.

   b. "Class Counsel" means the attorney of record for the Belchertown, Monson and Fernald Plaintiffs in the above-captioned litigation.

c. "Confidential Material" shall be coextensive with the term "personal data," as defined in M.G.L. c. 66A, § 1, and shall include all "individually identifiable health information" within the meaning of the Health Insurance Portability and Accountability Act. "Confidential Material" shall be identified by the producing party with a "Confidential" stamp. Confidential Material produced hereunder shall consist of, and be limited to, the following documents prepared by or in the custody of the Department: (1) Fernald Class Member "Transfer Packet" materials, which include clinical or other assessments; individual service plans; individual transition plans; and any other documentation relied upon by the Department to certify that "the individual [Fernald Class Member] to be transferred will receive equal or better services to meet their needs in the new location, and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location"; or (2) a list identifying Fernald Class Members by name, address, name of guardian, guardian contact information and date of next scheduled ISP; and (3) any other files or any other records created by the Department of Mental Retardation that are deemed confidential under the terms of 115 C.M.R § 4.00.

d. "Department" means the Department of Mental Retardation.

e. "Transfer Packet" refers to documentation and associated materials relating to the transfer of a Fernald Class Member from the Fernald Developmental Center to another facility or to the community. These materials shall be limited to those documents relied upon by the Department to certify that "the individual [Fernald Class Member] to be transferred will receive equal or better services to meet their needs in the new location, and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location."

2. **Confidential Material the Department is to Disclose to Class Counsel.**

Pursuant to this Court's Order of January 20th, 2005, Class Counsel shall be entitled to inspect certain files, known as Transfer Packets, pertaining to the transfer of all Class Members from the Fernald Developmental Center from the period February 23, 2003, to the present, or who are transferred from Fernald after the date of this Stipulation and Order, as follows:

a. Upon 48 hours' advance notice to the Department's counsel, Class Counsel may view at his leisure, at the Department's offices, all such Transfer Packets and inspect any other document maintained by the

       Department relating to the certification by the Department that Class Members transferred are receiving "equal or better" services in the new placement.

  b. Class Counsel may not remove said Transfer Packets or other documentation from the Department's offices, nor copy them, without the express permission of the Department's counsel, and Class Counsel shall not disclose their content except in the manner described by this Court on January 20, 2005, and in accord with this Stipulation and Order.

  c. Pursuant to G.L. c. 66A, § 2 (k), prior to the disclosure of Confidential Material described above, the Department shall notify an individual's guardian or family member(s) of the intended disclosure of the Confidential Material pursuant to this Stipulation and Order for the Protection of Confidential Material.

Pursuant to this Court's Order of January 20, 2005, Class Counsel shall also be entitled to a list of the names of all individual Class Members currently residing at the Fernald Center, their ISP dates, the names and addresses of the individuals' guardians, and the names and telephone numbers of these Fernald Class Members' assigned QMRPs.

    3. **Persons to Whom Confidential Material May Be Disclosed.** Except with the prior consent of the Department's counsel or upon further order of the Court, Confidential Material shall be disclosed only to:

    a.    Class Counsel of record in this action;

    b.    Secretaries, paralegals, or other support staff employed by Class Counsel, to the extent reasonably necessary to render professional legal services in this matter;

      c.      Court officials involved in this litigation (including court reporters transcribing testimony or argument at court hearings and any mediator or special master appointed by the Court); and

      d.      the Court.

Unless otherwise ordered by the Court, the Department may limit dissemination of Confidential Material to a subset of the above-listed persons.

4.    **Conditioning Disclosure.**  Confidential Material may be disclosed to a person listed in paragraph 3(b) above only if such person has executed an acknowledgement in the form attached hereto as Exhibit A, stating that s/he has read this Stipulation and Order and agrees to be bound thereby.

5.    **Use of Confidential Material at Hearings and in Court Filings.**  If Class Counsel intends to disclose Confidential Material during Court hearings, at trial, or in a pleading, motion, transcript, or other paper filed with this Court, Class Counsel shall provide advance notice of such intention to the Department sufficient to permit the parties to consult as to how to proceed under Local Rule 7.2.

6.    **Procedure for Eliminating Confidential Status.**  If Class Counsel or the Department believes that a document or thing otherwise subject to this Stipulation and Order should not be treated as Confidential Material, Class Counsel or the Department shall identify, in writing, the material that it believes should not be deemed confidential. If such notice does not result in agreement, the aggrieved party may, by motion, seek an order of this Court lifting confidential status for such material. All such material shall continue to have confidential status during the pendency of any motion to determine its confidential status.

7.    **Right to Seek Modification.**  Although this Stipulation and Order has been entered by joint motion of the undersigned parties, it shall not constitute a contract between the parties preventing a modification of this Stipulation and Order or the establishment of additional protection with respect to the confidentiality of discovery

material. Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require.

8. **No Waiver.** This Stipulation and Order is a result of the Court's directives of January 20, 2005. The failure of a party to challenge the confidential status of Confidential Material shall not be construed in any way as an admission or agreement by such party that the designated material constitutes or contains any confidential information as contemplated by law.

9. **Care of Confidential Material.** Class Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material.

10. **Subpoena by Other Court or Agency.** If Confidential Material received by Class Counsel becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the Department of the pendency of such process or order.

11. **Limitations of this Stipulation and Order.** Nothing in this Stipulation and Order shall prevent the disclosure of a Fernald Class Member's Confidential Material to a party providing an authorization executed by a competent Class Member or a guardian duly appointed for a Class Member provided such authorization or release complies with the requirements of 45 C.F.R. Parts 160 and 164. Likewise, this Stipulation and Order shall not restrict dissemination of any Confidential Material if gained from a source other than documents or information produced by the Department to the persons listed in paragraph 3, *supra*.

Agreed to this ____ day of January 2005.

COUNSEL FOR THE FERNALD CLASS:    COUNSEL FOR THE DEPARTMENT:

| | |
|---|---|
| Beryl W. Cohen, Esq.<br>Law Office of Beryl W. Cohen<br>11 Beacon Street, Suite 900<br>Boston, MA 02108 | Marianne Meacham<br>Special Assistant Attorney General<br>General Counsel<br>Department of Mental Retardation<br>500 Harrison Avenue<br>Boston, MA 02118 |

**EXHIBIT A**

I have been designated by _____ as a person who may have access to Confidential Material as this term is defined in the Stipulation and Order entered by the Court. I have read that Stipulation and Order. I understand that I will be bound by the terms of that Stipulation and Order with respect to all Confidential Material, as defined in the Stipulation and Order, and I agree to comply fully with the terms of the Stipulation and Order.

Signed under the pains and penalties of perjury on this ___ day of _____ 200__.

[Recipient of Confidential Material]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Simpson Ricci, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Robert L. Okin, et al. ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br> NO.  72-0469-T <br>         74-2768-T <br>         75-3190-T <br>         75-5023-T <br>         75-5210-T |

## ORDER OF THE COURT

The above Stipulation for the Protection of Confidential Material is allowed, and its terms are to be entered as an order of this Court.

_____
United States District Judge

Dated: _____

# Transmission Log

No Station Name                    Friday, 2005-01-28  12:07                    No Station Number

```
Job #  Date        Time   Length  Speed  Station Name/Number    Type  Pgs  Status
-----  ----------  -----  ------  -----  ---------------------  ----  ---  ----------------
02949  2005-01-28  12:05   2:34   14400  6177205652             SCAN   9   OK -- V.17 AM11
```



**The Commonwealth of Massachusetts**
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

Mitt Romney
Governor

Kerry Healey
Lieutenant Governor

**DMR LEGAL OFFICE**
**FACSIMILE HEADER SHEET**

Ronald Preston
Secretary

Gerald J. Morrissey, Jr.
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

SENT TO: __Beryl Cohen__

FAX #: __617-720-5652__

FROM: __Marianne Meacham__

DATE: __1/28/05__

RE: _____

NOTES: _____

____ Please copy and deliver to _____

✓ The original is being sent to you by:

   ✓ Regular Mail   ____ Overnight Mail

____ This is the only copy you will receive

____ This is for your information. No response necessary.

____ Notify upon receipt. Call (617) 727-5608, ext. ____

# of pages faxed (incl. Header) __9__

Initials of Sender __MBW__

**\*\*NOTE:** The information contained in this transmission may be privileged and confidential and is intended for the individual or entity named above. If you received this communication in error, please notify the DMR Legal Office at (617) 624-7702 immediately by telephone. Thank you.



# The Commonwealth of Massachusetts
### Executive Office of Health & Human Services
### Department of Mental Retardation
### 500 Harrison Avenue
### Boston, MA 02118

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Ronald Preston**
Secretary

**Gerald J. Morrissey, Jr.**
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

January 31, 2005

(By Fax and Regular Mail)
Beryl Cohen, Esq.
11 Beacon Street
Boston, MA 02108
RE:   Ricci, et al v. Okin, et al
      Stipulation and Order for the Protection of Confidential Material

Dear Beryl,

Per your request, the Department will await your comments before filing the Stipulation and Order for the Protection of Confidential Material. It may be useful to schedule a conference call to discuss any issues relative to the Stipulation. Please advise at your earliest convenience a time when you are available to discuss.

Very truly yours,

Maryanne Meacham
General Counsel

cc: Robert Quinlan, AAG