UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Robert Simpson Ricci, et al. | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO.   72-0469-T |
| v. | ) |         74-2768-T |
| | ) |         75-3190-T |
| Robert L. Okin, et al. | ) |         75-5023-T |
| | ) |         75-5210-T |
| Defendants. | ) | |

## ORDER OF THE COURT

The above Stipulation for the Protection of Confidential Material is allowed, and its terms are to be entered as an order of this Court.

_____
United States District Judge

Dated: 2/9/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Robert Simpson Ricci, et al. ) | | |
| ) | | |
| Plaintiffs, ) | CIVIL ACTION | |
| ) | NO.   72-0469-T | |
| v. ) | 74-2768-T | |
| ) | 75-3910-T | |
| Robert L. Okin, et al. ) | 75-5023-T | |
| ) | 75-5210-T | |
| Defendants. ) | | |

**▬▬▬▬▬ ORDER**
**FOR THE PROTECTION OF CONFIDENTIAL MATERIAL**

Pursuant to this Court's directives of January 20, 2005, and for good cause shown, the Court hereby enters this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting confidential material consisting of documents and other data regarding persons who have been served or are being served by the Department of Mental Retardation, and which constitute confidential personal data pursuant to G.L. c. 123B, § 17; 115 C.M.R. §§ 4.00, et seq.; G.L. c. 66A, §§ 1 and 2; the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, et seq.; and/or regulations promulgated thereunder at 45 C.F.R. Parts 160 and 164.

    1.    **Definitions**. As used herein, the quoted words and phrases shall have the following meanings:

    a. For the purposes of this Order, "Wrentham Class Member," means a Ricci Class Member, as that term is used in the Final Order entered in *Ricci v. Okin*, 823 F. Supp. 984, 986 n.1 (1993), who is residing or has resided at the Wrentham Developmental Center in Wrentham, Massachusetts.

    b. "Class Counsel" means the attorney of record for the Wrentham Plaintiffs in the above-captioned litigation.

    c. "Confidential Material" shall be coextensive with the term "personal data," as defined in M.G.L. c. 66A, § 1, and shall include all "individually identifiable health information" within the meaning of the Health Insurance Portability and Accountability Act. "Confidential Material" shall be identified by the producing party with a "Confidential" stamp. Confidential Material produced hereunder shall consist of, and be limited to, the following documents prepared by or in the custody of the Department: (1) a list identifying

      Wrentham Class Members by name, address, name of guardian and guardian contact information.

    e. "Department" means the Department of Mental Retardation.

2. **Confidential Material the Department is to Disclose to Class Counsel.**

Pursuant to this Court's Order of January 20th, 2005, and consistent with this Stipulation and Order for the Protection of Confidential Material, Class Counsel shall be entitled to a list of the names of all Wrentham Class Members and the names and addresses of these individuals' guardians.

3. **Persons to Whom Confidential Material May Be Disclosed.** Except with the prior consent of the Department's counsel or upon further order of the Court, Confidential Material produced by the Department in response to the Court's January 20, 2005 Order shall be disclosed only to:

    a. Class Counsel of record in this action and the Class Representative;

    b. attorneys, secretaries, paralegals, or other support staff employed by Class Counsel, to the extent reasonably necessary to render professional legal services in this matter;

    c. Court officials involved in this litigation (including court reporters transcribing testimony or argument at court hearings and any mediator or special master appointed by the Court); and

    d. The Court.

Unless otherwise ordered by the Court, the Department may limit dissemination of Confidential Material to a subset of the above-listed persons.

4. **Conditioning Disclosure.** Confidential Material may be disclosed to a person listed in paragraph 3(b) above only if such person has executed an acknowledgement in the form attached hereto as Exhibit A, stating that s/he has read this Stipulation and Order and agrees to be bound thereby.

5. **Use of Confidential Material at Hearings and in Court Filings.** If Class Counsel intends to disclose Confidential Material during Court hearings, at trial, or in a pleading, motion, transcript, or other paper filed with this Court, Class Counsel shall provide advance notice of such intention to the Department sufficient to permit the parties to consult as to how to proceed under Local Rule 7.2.

6. **Procedure for Eliminating Confidential Status.** If Class Counsel or the Department believes that a document or thing otherwise subject to this Stipulation and Order should not be treated as Confidential Material, Class Counsel or the Department

shall identify, in writing, the material that it believes should not be deemed confidential. If such notice does not result in agreement, the aggrieved party may, by motion, seek an order of this Court lifting confidential status for such material. All such material shall continue to have confidential status during the pendency of any motion to determine its confidential status.

7. **Right to Seek Modification.** Although this Stipulation and Order has been entered by joint motion of the undersigned parties, it shall not constitute a contract between the parties preventing a modification of this Stipulation and Order or the establishment of additional protection with respect to the confidentiality of discovery material. Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require.

8. **No Waiver.** This Stipulation and Order is a result of the Court's directives of January 20, 2005. The failure of a party to challenge the confidential status of Confidential Material shall not be construed in any way as an admission or agreement by such party that the designated material constitutes or contains any confidential information as contemplated by law.

9. **Care of Confidential Material.** Class Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material.

10. **Subpoena by Other Court or Agency.** If Confidential Material received by Class Counsel becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the Department of the pendency of such process or order.

11. **Limitations of this Stipulation and Order.** Nothing in this Stipulation and Order shall prevent the disclosure of a Class Member's Confidential Material to a party providing an authorization executed by a competent Class Member or a guardian duly appointed for a Class Member provided such authorization or release complies with the requirements of 45 C.F.R. Parts 160 and 164. Likewise, this Stipulation and Order shall not restrict dissemination of any Confidential Material if gained from a source other than documents or information produced by the Department to the persons listed in paragraph 3, *supra*.

12. **Use of Confidential Material.** Confidential Material provided to Class Counsel is to be used only for the purposes of ascertaining the identities of class members and their guardians along with contacting these individuals or guardians in their role as Class Counsel.

Agreed to this 3rd day of February 2005.

| COUNSEL FOR<br>THE WRENTHAM CLASS: | COUNSEL FOR<br>THE DEPARTMENT: |
|---|---|
| _____[s]_____<br>Margaret Pinkham, Esq.<br>Brown, Rudnick, Berlack Israels LLP<br>One Financial Center<br>Boston, MA  02111 | _____[s]_____<br>Marianne Meacham<br>Special Assistant Attorney General<br>General Counsel<br>Department of Mental Retardation<br>500 Harrison Avenue<br>Boston, MA  02118<br><br>THOMAS F. REILLY<br>ATTORNEY GENERAL<br><br>_____[s]_____<br>Robert L. Quinan, Jr., BBO 553010<br>Juliana deHaan Rice, BBO 564918<br>Office of the Attorney General<br>One Ashburton Place – Room 2019<br>Boston, MA  02108<br>(617) 727-2200, ext. 2554 , 2062 |

**EXHIBIT A**

I have been designated by _____ as a person who may have access to Confidential Material as this term is defined in the Stipulation and Order entered by the Court. I have read that Stipulation and Order. I understand that I will be bound by the terms of that Stipulation and Order with respect to all Confidential Material, as defined in the Stipulation and Order, and I agree to comply fully with the terms of the Stipulation and Order.

Signed under the pains and penalties of perjury on this \_\_\_ day of _____ 200\_\_.

_____
[Recipient of Confidential Material]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Robert Simpson Ricci, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO.   72-0469-T |
| v. | ) | 74-2768-T |
| | ) | 75-3190-T |
| Robert L. Okin, et al. | ) | 75-5023-T |
| | ) | 75-5210-T |
| Defendants. | ) | |

**ORDER OF THE COURT**

The above Stipulation for the Protection of Confidential Material is allowed, and its terms are to be entered as an order of this Court.

_____
United States District Judge

Dated: _____