UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Robert Simpson Ricci, et al. | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | Nos.   72-0469-T |
| v. | ) | 74-2768-T |
| | ) | 75-3910-T |
| Robert L. Okin, et al. | ) | 75-5023-T |
| | ) | 75-5210-T |
| Defendants. | ) | |

**STIPULATION AND ORDER**
**FOR THE PROTECTION OF CONFIDENTIAL MATERIAL**

Pursuant to this Court's directives of January 20, 2005, and for good cause shown, the Court hereby enters this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting confidential material consisting of documents and other data regarding persons who have been served or are being served by the Department of Mental Retardation, and which constitute confidential personal data pursuant to G.L. c. 123B, § 17; 115 C.M.R. §§ 4.00, et seq.; G.L. c. 66A, §§ 1 and 2; the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, et seq.; and/or regulations promulgated thereunder at 45 C.F.R. Parts 160 and 164.

1. **Definitions**.  As used herein, the quoted words and phrases shall have the following meanings:

   a. For the purposes of this Order, "Fernald Class Member" means a Ricci class member, as that term is used in the Final Order entered in *Ricci v. Okin*, 823 F. Supp. 984, 986 n.1 (1993), who is residing or has resided at the Fernald Developmental Center in Waltham, Massachusetts, at any time from February 23, 2003, to the present, including those Ricci class members now resident at the Marquardt Skilled Nursing Facility who previously resided at the Fernald Developmental Center.

   b. "Class Counsel" means the attorney of record for the Fernald, Monson, and Belchertown Plaintiffs in the above-captioned litigation.

1

c. "Confidential Material" shall be construed to be coextensive with the term "personal data," as defined in M.G.L. c. 66A, § 1, and shall include all "individually identifiable health information" within the meaning of the Health Insurance Portability and Accountability Act. "Confidential Material" shall be identified by the producing party with a "Confidential" stamp. Confidential Material produced hereunder shall consist of, and be limited to, the following documents prepared by or in the custody of the Department: a list identifying the names of all Fernald Class Members currently residing at the Fernald Developmental Center, their Individual Service Plan ("ISP") team meeting dates, the names and addresses of the Fernald Class Members' current guardians, and the names and telephone numbers of these Fernald Class Members' assigned Qualified Mental Retardation Professional ("QMRP").

d. "Department" means the Department of Mental Retardation.

2. **Confidential Material the Department is to Disclose to Class Counsel and Disclosure Timeframes.**

Within three (3) business days following the Department's receipt of notice of the Court's entry on the docket of a signed Order for the Protection of Confidential Material consistent with the proposed order attached to this Stipulation, Class Counsel shall receive from the Department the list, in its entirety, of Confidential Material. The complete list shall consist of the names of all Fernald Class Members currently residing at the Fernald Center, their ISP team meeting dates, the names and addresses of the Fernald Class Members' current guardians, and the name and telephone number of the QMRP assigned to each Fernald Class Member. The Department shall provide notice to Class Counsel of any changes in the names or addresses contained in the Confidential Material list on a quarterly basis (beginning three months after the original Confidential Material list is produced). Class Counsel may request an update regarding any informational change on the list sooner for any Fernald Class Member whose ISP team meeting is scheduled within 60 days of the request.

3. **Persons to Whom Confidential Material May Be Disclosed.** Confidential Material produced by the Department in response to the Court's Orders shall be disclosed only to:

    a.    Class Counsel of record in this action and the Fernald Class Representative(s) officially designated by either the Court or the board of directors of the Fernald League for the Retarded, Inc., provided that the Department shall have received prior written notice of said designation;

    b.    attorneys, secretaries, paralegals, or other support staff employed by Class Counsel, to the extent reasonably necessary to render professional legal services in this matter;

    c.    Court officials involved in this litigation (including court reporters transcribing testimony or argument at court hearings and any mediator or special master appointed by the Court); and

    d.    the Court.

Unless otherwise ordered by the Court, the Department may limit dissemination of Confidential Material to a subset of the above-listed persons.

4. **Use of Confidential Material by Class Counsel.**  Pursuant to the Court's Orders, Class Counsel shall, upon receipt of the Confidential Material, write to the guardian(s) of each Fernald Class Member prior to the scheduled ISP team meeting for that class member, informing them of their rights to be represented by Class Counsel in connection with all ISP-related matters, as is more fully described by 115 C.M.R. §§ 6.00, *et seq.*, including representation by Class Counsel during discussions with Department personnel regarding possible alternative placements outside the Fernald Developmental Center.

5. **Conditioning Disclosure.**  Other than Class Counsel, Confidential Material may be disclosed to a person listed in paragraphs 3(a) and 3(b) above only if such person has executed an acknowledgement in the form attached hereto as Exhibit A, stating that s/he has read this Stipulation and Order and agrees to be bound thereby.

6. **Use of Confidential Material at Hearings and in Court Filings.**  If Class Counsel intends to disclose Confidential Material during Court hearings, at trial, or in a pleading, motion, transcript, or other paper filed with this Court, Class Counsel shall provide advance notice of such intention to the Department sufficient to permit the parties to consult as to how to

3

proceed under Local Rule 7.2.

7. **Procedure for Eliminating Confidential Status.** If Class Counsel or the Department believes that a document or thing otherwise subject to this Stipulation and Order should not be treated as Confidential Material, Class Counsel or the Department shall identify, in writing, the material that it believes should not be deemed confidential. If such notice does not result in agreement, the aggrieved party may, by motion, seek an order of this Court lifting confidential status for such material. All such material shall continue to have confidential status during the pendency of any motion to determine its confidential status.

8. **Right to Seek Modification, Renewal.** Although this Stipulation and Order has been entered by joint motion of the undersigned parties, it shall not constitute a contract between the parties preventing a modification of this Stipulation and Order or the establishment of additional protection with respect to the confidentiality of discovery material. Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require. This Stipulation and Order shall have a term of three years, measured from the date the Order is first entered on the docket. After three years has elapsed, the Stipulation and Order will be reviewed and the Court may effectuate an extension of its terms by signing an order of renewal.

9. **No Waiver.** This Stipulation and Order is a result of the Court's directives of January 20, 2005. The failure of a party to challenge the confidential status of Confidential Material shall not be construed in any way as an admission or agreement by such party that the designated material constitutes or contains any confidential information as contemplated by law.

10. **Care of Confidential Material.** Class Counsel and any person who has executed Exhibit A to this Stipulation and Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material.

11. **Subpoena by Other Court or Agency.** If Confidential Material received by

4

Class Counsel becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the Department of the pendency of such process or order.

12. **Limitations of this Stipulation and Order.** Nothing in this Stipulation and Order shall prevent the disclosure of a Fernald Class Member's Confidential Material to a party providing an authorization executed by a competent class member or a guardian duly appointed for a Fernald Class Member, provided such authorization or release complies with the requirements of 45 C.F.R. Parts 160 and 164. Likewise, this Stipulation and Order shall not restrict dissemination of any Confidential Material if gained from a source other than documents or information produced by the Department to the persons listed in paragraph 3, *supra*.

13. **Use of Confidential Material.** Confidential Material provided to Class Counsel is to be used only for the purposes of ascertaining the identities of Fernald Class Members and their guardians along with contacting these individuals or guardians in his role as Class Counsel, as specified in paragraph 4, *supra*.

Agreed to this 11th day of February 2005.

COUNSEL FOR THE FERNALD CLASS:   COUNSEL FOR THE DEPARTMENT:

/s Beryl W. Cohen   /s Robert L. Quinan, Jr.
_____   _____
Beryl W. Cohen, Esq.   Robert L. Quinan, Jr.
Law Office of Beryl Cohen   Assistant Attorney General
11 Beacon Street   Office of the Attorney General
Boston, MA 02108   One Ashburton Place, Room 2019
    Boston, MA 02108

    Marianne Meacham, Esq.
    Special Assistant Attorney General
    General Counsel
    Department of Mental Retardation
    500 Harrison Avenue
    Boston, MA 02118

**EXHIBIT A**

**ACCEPTANCE OF TERMS OF STIPULATION AND ORDER**

I have been designated by _____ as a person who may have access to Confidential Material as this term is defined in the Stipulation and Order entered by the United States District Court for the District of Massachusetts in Civil Action No. 72-0469-T (*Ricci, et al. v. Okin, et al.*).  I have read that Stipulation and Order.  I understand that I will be bound by the terms of that Stipulation and Order with respect to all Confidential Material, as defined in the Stipulation and Order, and I agree to comply fully with the terms of the Stipulation and Order.

Signed under the pains and penalties of perjury on this \_\_\_ day of _____ 200\_\_.

_____

[Recipient of Confidential Material]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Robert Simpson Ricci , et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO.   72-0469-T |
| v. | ) | 74-2768-T |
| | ) | 75-3190-T |
| Robert L. Okin, et al. | ) | 75-5023-T |
| | ) | 75-5210-T |
| Defendants. | ) | |

**ORDER OF THE COURT**

The above Stipulation for the Protection of Confidential Material is allowed, and its terms are to be entered as an order of this Court.

_____
United States District Judge

Dated: _____