February 11, 2005

Memorandum

To:
Ms. Gail Gillespie, Director
Region 6, DMR
200 Trapelo Road
Waltham, MA 02452

From:
William F. Gear

Re:
Medical and Dental Services for Gena Gear

FILED
IN CLERKS OFFICE

2005 FEB 14  P 3: 58

U.S. DISTRICT COURT
DISTRICT OF MASS

As the Co-Guardian of Ms. Gena Gear, a Ricci Class Client of the DMR, I am writing to request that DMR take immediate and active steps to provide Gena with a primary care physician and with appropriate dental restoration services. These services are mandated generally for all DMR clients, are particularly guaranteed for Ricci Class Clients, and were proposed by DMR in the 2002 ISP drafted and signed by DMR in 2002. As you know, we appealed this ISP for lack of substantial implementation and our appeal was allowed by the hearing officer on December 12, 2003 as communicated to us by the Commissioner in January of 2004. The finding of the hearing officer instructed DMR to amend the ISP as necessary to embrace the clinical/psychiatric recommendations of Dr. John Julian, and DMR is obligated to implement other needs and related services from the 2002 ISP. Thus, we are unhappy about DMR's lack of attention to Gena's unmet need for medical and dental supports.

<u>Gena has had no primary care physician since 1996.</u>

I am unable to meet this need alone, as Gena's behavior, derivative of her secondary diagnosis of post-traumatic stress disorder, make visits to a community medical practice setting unworkable. Dr. Andre' Blanchet has made many efforts to find a primary care physician who will see Gena at home until her interfering behaviors are successfully reduced. In the interim, she has received an annual physical and related tests as an in-patient under general anesthesia at the Franciscan Hospital. Dr. Blanchet has supported this process as a volunteer, as his employer, Shriver Clinical Services, is not contracted by DMR for these interventions. Three Shriver nurses have seen Gena over the years in urgent situations, again on a voluntary basis.

I am asking DMR <u>to assume direct responsibility for locating a primary care physician for Gena.</u> Additionally, I am asking DMR to provide ancillary resources as needed to either support physician visits to Gena at home or to assist Gena in tolerating more normalized out-patient service encounters. Whenever I raise this question, DMR points to

Shriver, but Shriver is under no contract to serve Gena medically, and has agreed, reluctantly, to provide non-medical direct care staff to Gena at home, in partnership with me, at the request of Region 6. This is a clear violation of Gena's right to appropriate basic care and support as a Ricci Class Client of the DMR. It is also a clear example of DMR's unwillingness or inability to provide Gena, a Ricci Class Client, with medical services *equal or better* to those offered to Ricci Class Clients served at DMR facilities. I have had no contact with the Region 6 medical provider, nor has Region 6 made them aware of Gena's needs to my knowledge. This is ironic, as DMR insists that Gena's services be managed by Region 6.

I believe that DMR's years of inaction in the area of Gena's medical needs is negligent and irresponsible. DMR is not excused from implementing undisputed sections of Gena's ISP during lengthy appeal procedures, as a matter of DMR regulation.

I ask that DMR attend to Gena's medical and dental needs in a good faith manner and that DMR not further its neglect due to unresolved disagreements about other points contained in the ISP proposed and signed off by DMR in 2002, and upheld in appeal in 2003. The strategy of Dr. Blanchet, on a voluntary basis, seeking a primary care physician must be set aside and replaced by a strategy under DMR's control for which DMR may be held accountable.

William F. Gear

c.c. Commissioner Gerald Morrissey
    The Honorable Judge Joseph Tauro
    Attorney Beryl Cohen
    Ms. Colleen Lutkevich
    Dr. Andre' Blanchet
    Co-Guardian