UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| Robert Simpson Ricci, et al. | ) | | |
| | ) | | |
| Plaintiffs, | ) | CIVIL ACTION | |
| | ) | NO. | 72-0469-T |
| v. | ) | | 74-2768-T |
| | ) | | 75-3910-T |
| Robert L. Okin, et al. | ) | | 75-5023-T |
| | ) | | 75-5210-T |
| Defendants. | ) | | |

THE DEPARTMENT OF MENTAL RETARDATION'S RESPONSE
TO THE SUBMISSIONS OF THE DEVER PLAINTIFFS AND
WRENTHAM CLASS IN RESPONSE TO THE SUBMISSION OF
THE SERVICE EMPLOYEES INTERNATIONAL UNION

The Department of Mental Retardation ("Department") opposes the "Comments of the Dever Plaintiffs Pursuant to the Court's Order of February 22, 2005," and the "Response of the Wrentham Class to Submission of Service Employees International Union, Local 509," to the extent that those filings are a backdoor attempt to seek reconsideration of this Court's previous denials of the Fernald plaintiffs' July 14, 2004, Motion to Reopen and Restore Case to Active Docket and to Enforce the Final Order of May 12, 1993.  Through their filings, the Dever and Wrentham plaintiffs request that this Court re-open this matter for further proceedings, notwithstanding that facts that (1) unlike the Fernald plaintiffs, they have never made a motion to this effect; (2) no new facts have been alleged in support of a motion to re-open these proceedings since this Court

denied the Fernald plaintiffs' motion following consideration of substantial factual submissions by both the Fernald plaintiffs and the Department; and (3) neither the Dever nor the Wrentham counsel has completed the process set forth by this Court in paragraph 7(c) of the Final Order as a prerequisite to seeking judicial relief.

Moreover, this Court should reject the characterization by the Dever and Wrentham classes of the Department's responses to their various requests as "stonewalling" or being "obstructionist." These descriptions mischaracterize the Department's responsiveness to their requests and ignore the mandatory obligation of the Commonwealth to hold individual consumer files confidential in accordance with its enabling statute and regulations promulgated, as well as the Fair Information Practices Act, G.L. c.66A, and the federal Health Insurance Accountability Portability Act. As set forth below, the Department's responses to the requests satisfy both the requirements of the Final Order and applicable federal and state law.

<u>Wrentham Class Requests</u>

1. On November 17, 2004, Wrentham Counsel Margaret Pinkham requested an updated list of the 900+ Wrentham Class members, and their addresses as well as the names of their guardians and their guardians' contact numbers. <u>See</u> Letter from Margaret Pinkham dated Nov. 17, 2004.

2. On December 2, 2004, the Department responded that it would produce, as it has in the past, an updated Wrentham Class Member List. It further expressed the view that the Ricci Court Order did not mandate the release

of guardian information, which, in the Department's view, constitutes confidential client information under G.L. 123B § 17 and 115 CMR 4.00-4.0, and that the Department was specifically prohibited from such disclosure pursuant to the Fair Information Practices Act, G.L. c. 66A §§ 1-3, and under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 CFR 164.502.

3. On January 28, 2005, in response to this Court's Order of January 20, 2005, the Department sent a draft protective order to Attorney Pinkham; the parties thereafter entered into a Stipulation and Order for Protection of Confidential Information which was approved by this Court, and on February 11, 2005, the Department provided an updated Class member list, with guardian contact information, to the Wrentham Class Counsel. See Letter from James Bergeron dated Feb. 11, 2005.

4. The Wrentham Class Counsel also requested certain information provided to the House Post-Audit and Oversight Bureau covering a four-year period relating to medication occurrence reports, which information the Department is in the process of compiling.

5. The Department has extended an invitation to the Wrentham Class Counsel to meet to discuss outstanding issues, which invitation has not been accepted.

Dever Class Counsel Requests

1. In response to a much broader information request by the Dever Class Counsel dated January 25, 2005, which request included the Dever Class Member list, identification of guardians, individual client records (including

ISPs transfer information, dates of admission, dates of death), the Department responded on February 4, 2005 that it would search for and produce all responsive, non-exempt documents. See Letter from James Bergeron dated February 4, 2005.

2. On March 4, 2005, the Department provided Class Counsel with a complete and updated Dever Class member list, as well as other requested documents. See Letter from James Bergeron dated March 4, 2005. However, as to the Class Counsel's request for individual service plans and treatment records, dates of admission to the Dever Developmental center, dates of death for individuals, and similar information, the Department responded that all are clearly confidential by statute and constitute personal health information that may not be disclosed. See Response Letter dated March 4, 2005. This information falls outside the definition of a "public record, " G.L. c. 4 § 7, clause twenty-six (material confidential by statute is exempt, see G.L. 123B § 17 and 115 CMR 4.00-4.07; medical information is non-public), and, again, the Department is specifically prohibited from disclosure pursuant to the Fair Information Practices Act, G.L. c. 66A §§ 1-3, and is prohibited from using or disclosing such information to unauthorized third parties under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 CFR 164.502.

Because Department is meeting its disclosure obligations to the Dever and Wrentham classes and for the other reasons set forth herein, in the Department's March 8, 2005, Response to the Submission of the Service Employees

International Union, in the Department's August 16, 2004, Opposition to Plaintiffs' Motion to Reopen and Restore Case to Active Docket and to Enforce the Final Order of May 12, 1993, and in all affidavits submitted in connection with these filings, the inappropriate efforts of the Dever and Wrentham classes to involve this Court outside the terms set by the Final Order should be rejected.

>Respectfully submitted,
>
>DEPARTMENT OF MENTAL RETARDATION,
>
>By its attorneys,
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>
>s/Juliana deHaan Rice
>Juliana deHaan Rice, BBO 564918
>Assistant Attorney General
>Office of the Attorney General
>One Ashburton Place – Room 2019
>Boston, MA  02108
>(617) 727-2200, ext. 2062
>
>
>s/Marianne Meacham
>Marianne Meacham, BBO 550468
>Special Assistant Attorney General
>General Counsel
>Department of Mental Retardation
>500 Harrison Avenue
>Boston, MA  02118
>(617) 727-5608