# The Commonwealth of Massachusetts
## Executive Office of Health & Human Services
### Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Ronald Preston**
Secretary

**Gerald J. Morrissey, Jr.**
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

March 4, 2005

**BY HAND**

Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02118

RE: <u>Ricci, et al v. Okin, et al – Information Request</u>

Dear Attorney Moynihan:

I am writing to you in response to your information request letter of January 25, 2005, in which you requested information regarding the Dever Class Members.

It is the Department's position that much of the information that you have requested in your letter cannot be provided to you either because it is exempt from disclosure pursuant to the Public Records Law, G.L. c. 4 § 7, Twenty-Sixth; or because it contains "personal identifying information" which the Department is prohibited from disclosing under the Fair Information Practices Act, G.L. c. 66A §§ 1-3; the Health Insurance Portability and Accountability Act of 1996 (HIPAA, Title II or "the Act"), 45 CFR 164.502, as well as under the Department's statutes and regulations, G.L. c. 123B, § 17 and 115 CMR 4.06. I will address each of your requests separately according to the number that it was assigned in your original request.

1. <u>Information and Documents concerning Currently Living Dever Class Members</u>

    a. Name of Class Member;
    b. Class Member's Date of Birth;
    c. Class Member's Date of Admission to the Paul A. Dever State School;
    d. Class Member's Date of Discharge from Dever;
    e. Class Member's Transfer History for both residential and day services, including:

    1. Name of residential provider and its address;
    2. Name of day provider and its address;
    3. Addresses where the Class Members Received residential and day services;
 f. Class Member's Individual Service Plans (ISP);
    1. ISP immediately prior to the Class Member's Discharge from Dever, with completed ISP Response Sheet;
    2. ISP immediately after the Class Member's Discharge from Dever, with completed ISP Response Sheet;
    3. Most current ISP, with completed ISP Response Sheet;
 g. Name, address and telephone number of the Class Member's Guardian;
 h. Class Member's Current Clinical Diagnoses

Pursuant to your request, and in accordance with the Ricci Final Order, the Department will provide you with an up-to-date Class Member list for the Dever Class Members. As has been the Department's practice in the past when providing periodic Class Member lists, this list will detail the Class Member's name, street address, city, state, and zip code.

The Department is unable to provide to you the requested information regarding Request Items 1(b), 1(c), 1(d) and Request Items 1(g), 1(f) and 1(h). The Department is not obligated to provide this information to class counsel under the provisions of the Ricci Final Order and is prohibited by federal and state laws from disclosing this information to unauthorized third parties. Public Law 104-191 Health Insurance Portability and Accountability Act of 1996 ("HIPAA") classifies this information as "protected health information" and requires that the Department not use or disclose this information. According to the provisions of HIPAA, information, "including demographic information collected from an individual, that is created or received by a health care provider, health plan, employer, or health care clearinghouse; and . . . relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and identifies the individual; or . . . there is a reasonable basis to believe that the information can be used to identify the individual" is protected health information. 45 CFR 164.501. The Department is prohibited from using or disclosing information classified as protected health information. 45 CFR 164.502. Much of the information you requested falls within the definition of "protected health information" or "individually identifiable health information" which the Department is prohibited from providing to you.

Additionally, multiple provisions of Massachusetts law prohibit or exempt the production of the documents you have requested. G.L. c. 4 § 7 Twenty-Sixth (c) specifically exempts "personnel and medical files or information . . . or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of privacy" from disclosure in response to information requests made pursuant to the Massachusetts Public Records Law G.L. c. 66 § 10. The Massachusetts Public Records Law itself mandates that agencies "not allow any other agency or individual not

employed by the holder to have access to personal data" that is in the possession of the agency. G.L. c. 66A § 2. The information that you have requested clearly falls within this category of exempted materials because it is personal, confidential information that relates to a specifically named individuals. Much of the information you have requested is contained in the individual's file, which the Department maintains as part of the treatment and provision of services to that individual. All client files are treated as private and confidential material by the Department and are not subject to inspection by unauthorized third parties.

Finally, G.L. c. 123B §§ 2 and 17, and Department regulations 115 CMR 4.00-4.07 further regulate the access of third parties to an individual's confidential client records. The provisions direct that the Department maintain client records pertaining to an individual's treatment, and state that such records "shall be private and not open to public inspection." G.L. 123B § 17. While the Department's statute and regulations allow for limited access to client records by an individual's legally authorized representative, access in most instances must be consented to, and is limited solely to "those records relevant to those matters within their authority." 115 CMR 4.06(1)(a).

For the reasons listed above, the documents are protected both from unauthorized disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 and exempt from disclosure under the Massachusetts Public Records Law G.L. c. 66 §§ 1-18, as well as the Department's own statute and regulations G.L. c. 123B §§ 2-17 and 115 CMR 4.00-4.07.

2. <u>Information and Documents concerning Deceased Dever Class Members</u>
    a. Name of Class Member;
    b. Class Member's Date of Birth;
    c. Class Member's Date of Admission to Dever;
    d. Class Member's Date of Discharge from Dever, if applicable;
    e. Class Member's Date of Death;
    f. Class Member's Transfer History for both residential and day services, including:
        1. Name of residential provider and its address;
        2. Name of day provider and its address;
        3. Addresses where the Class Member Received residential and day services;
    g. Class Member's Individual Service Plan (ISP)
        1. ISP in existence immediately prior to Class Member's death, with completed ISP Response Sheet;
        2. ISP immediately prior to the Class Member's Discharge form Dever, if applicable, with completed ISP Response Sheet;
        3. ISP immediately after the Class Member's Discharge from Dever, if applicable, with completed ISP Response Sheet;
    h. Name, address and telephone number of the Class Member's Guardian;
    i. Class Member's Clinical Diagnoses prior to death;

j.  Individual Mortality Reviews for each deceased Class Member;
k.  Any reports, letters, completed forms or other documents that contain information regarding the death and/or circumstances surrounding the death of a Class Member

The Department is unable to provide you with information responsive to your requests for Request Items 2(a)-(j). As stated in response to Request Item 1, the Ricci Final Order directs the Department to track the identities and locations of <u>current</u> Class Members and to provide such information to counsel for the plaintiffs. The language of the Final Order applies to current, not deceased Class Members.

For the reasons discussed in detail above in response to Request Item 1, the Department cannot provide the requested information to you either because it is exempt from disclosure pursuant to the Public Records Law, G.L. c. 4 § 7, Twenty-Sixth; or because it contains "personal identifying information" which the Department is prohibited from disclosing under the Fair Information Practices Act, G.L. c. 66A §§ 1-3; the Health Insurance Portability and Accountability Act of 1996 (HIPAA, Title II or "the Act"), 45 CFR 164.502, as well as under the Department's statutes and regulations, G.L. c. 123B, § 17 and 115 CMR 4.06.

3.  <u>Information and Documents Concerning "Unknown" or "Lost" Dever Class Members</u>
    a.  Name of Class Member
    b.  Class Member's Date of Birth;
    c.  Class Member's Date of Admission to Dever;
    d.  Class Member's Date of Discharge from Dever, if applicable;
    e.  Last Known Address of Class Member;
    f.  Circumstances under which Class Member's Status became "Unknown" or "Lost"

The Department is aware of certain Ricci Class Members whose names appeared on the Class Member List of April 1993, but for whom the Department had no address dating back to the 1970s. The majority of these individuals were subsequently located and their addresses were updated onto the Class Member list. A very small number of Ricci Class Members were unable to be located despite the Department's efforts in collaboration with the Boston Cold Case Unit. The number of Class Members in this category is very small; the Dever Class Member list that we are providing to you includes only one individual for whom no current address is listed.

4.  <u>Information and Documents Related to the Closure of the Dever Developmental Center (June 1991 through February 2002)</u>
    - Individual Transition Plans for Each Class Member, who resided at Dever
    - Letter (so-called "45-Day Transfer Letters) to Individual Guardians of a Class Member of DMR's Intention to Transfer a Class Member

- Letter of Agreement signed by Individual Guardians of Class Members concerning the Proposed Transfer of a Class Member
- Support Services Readiness Checklist for Each Class Member
- All Documents that Indicate the Dever Facility Director's Certification that Class Members, who were Transferred form Dever Between June 1991 through February 2002, would receive "equal or better services" in the new location and all ISP- recommended services for the individual's current needs are available at the new location
- Documents that were sent to Individual Guardians of Class Members, who were living in Dever – operated group residences (either on the Dever Campus or in community based settings) that Dever would no longer be providing Class Members with these services

Consistent with the reasoning in response to Request Item 1, the Department is unable to provide you with any documents or records responsive to this request either because they are exempt from disclosure pursuant to the Public Records Law, G.L. c. 4 § 7, Twenty-Sixth; or because they contain "personal identifying information" which the Department is prohibited from disclosing under the Fair Information Practices Act, G.L. c. 66A §§ 1-3; the Health Insurance Portability and Accountability Act of 1996 (HIPAA, Title II or "the Act"), 45 CFR 164.502, as well as under the Department's statutes and regulations, G.L. c. 123B, § 17 and 115 CMR 4.06.

Miscellaneous

- "Transfer Forms" issued by DMR for Class Members between 1993 and 1996;
- Monthly Breakdown of the Dever Census between June 1991 through February 2002
- Massachusetts Department of Public Health interpretive guidelines, Tag Number W 164 for intermediate care facilities for the mentally retarded (ICF/MR), which was cited in Enoch Affidavit
- Home and Community-based Waiver (HCBW) Services
    1. Certification that DMR provides to the federal government concerning individual Class Members' level of care, which makes the Class Member eligible for the HCBW program
    2. Plan of Care that DMR provides to the federal government concerning Class Members for whom eligibility under the HCBW program is sought

The documents that you are requesting in Bullet Number 1 were sent to Class Counsel and the Class Representatives during the period requested. As successor Class Counsel, these documents should be available to you. However, at this time the Department is engaged in searching for and retrieving the requested documents and we will provide them to you as soon as they are available.

Attached, please find census information of the Paul A. Dever Developmental Center for the years 1991 through 2002 which the Department is providing to you pursuant to your second request.

Pursuant to your request, the Department is providing you with Massachusetts Department of Public Health interpretive guidelines, Tag Number W 164.

The Department is directed by federal regulations to implement a plan of care and to maintain a certain level of care for each individual so that they remain eligible for the HCBW program. This documentation is not forwarded to the federal government but is maintained in the individual's confidential client file subject to audit and review by the federal government. The Department is not permitted to provide you with access to the forms maintained in the individual's client files as this information is confidential protected health information prohibited or exempted from public disclosure for the reasons set forth in detail in the response to Request Item 1.

I hope that the information that the Department is providing will be of use to you. If you wish to challenge this response to your public records request, you may appeal to the Supervisor of Public Records, following the procedure set out in 950 CMR 32.08. I have enclosed a copy of the regulations for your convenience. If you have any questions or require additional information feel free to contact me at (617)-624-7701.

Very truly yours,

Marianne Meacham
General Counsel


cc:   Gerald J. Morrissey, Jr., Commissioner
      Juliana deHann Rice, Assistant Attorney General