UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Robert Simpson Ricci, et al., ) | | |
| Plaintiffs, ) | | |
| ) | CA Nos. | 72-0469-T (Belchertown) |
| ) | | 74-2768-T (Fernald) |
| v. ) | | 75-3910-T (Monson) |
| ) | | 75-5023-T (Wrentham) |
| ) | | 75-5210-T (Dever) |
| Robert L. Okin, et al., ) | | |
| Defendants ) | | |

## PLAINTIFF'S NOTICE OF UNRESOLVED OUTSTANDING ISSUES

1. Plaintiff's Opposition to Department of Mental Retardation's Motion for Entry of Order for the Protection of Confidential Material:

    For the purpose of providing class counsel an opportunity to review the documentation relative to the increasing number of residents transferred from Fernald Developmental Center to other DMR facilities since February 26, 2003 and thereafter, for the purpose of determining that "the individual to be transferred will receive equal or better services to meet their needs in the new location, and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location", it is necessary that the definition of Confidential Material shall include the following documents prepared by or in the custody of the Department: (1) individual service plans (generated by the facility from which the FCM is transferring); (2) any modification of the individual service plans; (3) any notice and request for proposed facility transfer pursuant to 115 C.M.R. 6.63; (4) any consent(s) to the proposed transfer, including progress notes or other documents in which informed consent is recorded by the physician or nurse practitioner, the nurse, the psychologist and the social worker, in accordance with 115 CMR 5.08; (5) transition plans or individual transition plans, including the placement profile(s) and notes by the Individual Transition Planning Team regarding work with the guardian(s) and family to develop placement; (6) individual service plans (generated by receiving facility or area of community residence since the transfer; (7) materials in the Client record (also called Ames record) (8) Records maintained by the Service Coordinator used to document all ISP-related activity; and (9) any additional records requested by class counsel as are necessary to determine conformity with the standard of "equal or better" services.

    In addition, in order to comply with the Court's direction, it is necessary that class counsel should have access to the following non-confidential material: (1) Survey and Certification reports; (2) Safety reports; (3) Staffing information, including vacancies and staff turnover data; (4) letter from the DMR Commissioner provided to the guardian(s) at the time of discharge from Fernald Developmental Center, stating that the Department will allow any

1

individual who chooses an alternative placement and later decides that the alternative program is not successful, for that individual to return to an ICF/MR bed within DMR.

Further, it is necessary that: (a) class counsel choose the order in which the Confidential Material for the individuals who have transferred, will be reviewed; (b) class counsel be permitted to copy and take notes of the Confidential Material, which materials will not be disclosed except in accordance with this Stipulation and Order; (c) the Fernald class representative be authorized to participate with class counsel in the review of Confidential Material; and (d) the Stipulation and Order of the Court shall supersede the requirements of G.L.c.66A, Sec. 2(k) relative to the quashing the opportunity of class counsel to review Confidential Material of individual Ricci class members.

2. Plaintiff's Opposition to the DMR's planned series of "afternoon teas" and so-called "informational meetings" across the state to share information about alternative facilities, state-operated and provider-operated homes for reasons set forth in the attached letter of class counsel to DMR Attorney Meacham dated March 18, 2005.

3. Plaintiff's Opposition to the continued premature notification by the DMR to family members and guardians of Fernald residents who have transferred, of their opportunity to object and quash the opportunity for class counsel to review documents necessary to determine conformity with the standard of "equal or better" services.

4. Defendant's failure to provide to class counsel an accurate, current list of names, dates and guardians of individual Fernald Class Member Individual Service Plan meetings in accordance with Court Order.

<div style="margin-left: 50%">
Respectfully submitted,<br>
Belchertown, Monson and Fernald Plaintiffs<br>
By Their Attorney<br>
<br>
_____<br>
Beryl W. Cohen<br>
11 Beacon Street<br>
Boston, MA 02108<br>
(617) 742-3322<br>
BBO# 088620
</div>

DATED: April 6, 2005

2

## CERTIFICATE OF SERVICE

I, Beryl W. Cohen, hereby certify that a true copy of the within Plaintiffs' Notice Of Unresolved Outstanding Issues has been served this day April 6, 2005, by first-class mail upon the Defendants' attorneys, Juliana deHaan Rice, Assistant Attorney General, Government Bureau, Office of the Attorney General, Commonwealth of Massachusetts, at her office at One Ashburton Place, Room 2019, Boston, MA 02108-1698 and Marianne Meacham, General Counsel, Department of Mental Retardation, 500 Harrison Avenue, Boston, MA 02118.

_____
Beryl W. Cohen