LAW OFFICES OF
# BERYL W. COHEN

11 BEACON STREET
BOSTON, MASS. 02108
617-742-3322
FAX 617-720-5652

Marianne Meacham
General Counsel
Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

By First Class Mail

March 18, 2005

RE: Ricci, et al v. Okin, et al., Civil Action Nos. 72-0469-T (Belchertown); 74-2768-T (Fernald); 75-3910-T (Monson); 75-5023-T (Wrentham); 75-5210-T (Dever) (D. Mass.)

Dear Attorney Meacham:

In response to your letter of March 15, 2005 relative to your interpretation of the Court Order of January 20, 2005 regarding the Department's plan to engage in planning with families for alternative placement, I am writing to state my strong objection to the planned series of "afternoon teas" and so-called "informational meetings" across the state to share information about alternative facilities, state-operated and provider-operated homes.

My objection is based in part upon the following dialogue between Assistant Attorney General Robert L. Quinan, Jr. and the Court as set forth in the transcript of January 20, 2005 at pages 50 and 51 as follows:

> Mr. Quinan: "...We have said that we need to have some more informal mechanisms for endeavoring a discussion with family members about possible appropriate alternatives."
>
> The Court: "No, I don't think you should. I think that it – it is like filing an appearance. I think that once you give him the names and he sends out a letter and offers his services, if the people want his services, then you have got to give him notice that there is going to be a hearing on such and such a day."
>
> Mr. Quinan: " No problem."
>
> The Court: "And no side ex parte conference."

At this time, while you are planning the first event on March 31, 2005 at Hillside Building (Fernald), I have mailed letters to less than ten guardians of Fernald residents in accordance with their scheduled ISP meetings. Therefore, your invitation to afternoon teas, at which time alternative placements are to be discussed, will necessarily involve invitations to

1

family members and guardians who have not yet had an opportunity to be informed of their opportunity to be represented by me or the Fernald League as designated representative.

An additional basis for my objection to your so-called informational meetings to plan with families for alternative placements is that such a process clearly violates paragraph 6(a) of the Stipulation approved by the Court on January 20, 2005, which states:

> "The Department and the Fernald Plaintiffs have agreed to continue discussions regarding: 9a) the Department utilizing, in addition to the presentation discussed in paragraph 5 above, processes to facilitate exchanges of information and discussions with individuals, families and guardians about alternative placement options (site-specific and other)."

As you know, our first meeting to discuss paragraph 6 issues will not be held until March 29, 2005.

How can DMR present options for placement outside Fernald to guardians before their ISP teams determine the current needs of their wards at their annual ISP meetings? (Stipulation, paragraph 2).

If DMR knows the current needs of certain residents, then there is no need for a "tea" or "informational meeting" to determine what place(s) would be suitable to meet the ISP-driven placement for Fernald residents. The Stipulations are clear that such discussions are to occur in "a separate ISP modification meeting held in compliance with the Department's existing ISP regulations" (Stipulation, paragraph 4).

Forums such as "teas" and "informational meetings" are not ISP-driven: they are not individualized, the ISP teams are not involved, and they are not being scheduled at a time convenient to all, including the Designated Representative or Counsel.

Until such time as we resolve our discussions in accordance with paragraph 6(a) of the Stipulation or receive further directions from Judge Tauro, it is essential that the Department cancel the programs described in your letter of March 15, 2005.

Yours very truly,

Beryl W. Cohen

cc:   Commissioner Gerald J. Morrissey, Jr.

2