May 23, 2005

Commissioner Gerald J. Morrissey
Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

We are in receipt of a letter dated May 11, 2005, post-marked May 13, 2005, from Ms. Gail Gillespie. In this letter she discusses a "reviewed and revised" June 2002 ISP. She explains that this revision was prepared by Mr. Mark Sanderson of the Southeastern Region, with consultation from Nonotuck Services and Attorney Jerome Tichner, among others. However, these others did not include Gena's co-guardians. This document was produced by Mr. Sanderson and sent to me in October 2004. Previously, I had submitted my own revision to the 2002 ISP, in June, 2004. My revision was not accepted, but Ms. Gillespie acknowledged receipt of my draft revision. Mr. Sanderson gave me time to accept his revision or to submit a request for an appeal to Ms. Gillespie. As I was not involved in the production of Mr. Sanderson's draft and as I never authorized either Nonotuck nor Attorney Tichner to act independent of Gena's guardians, and as the regulations state that I should have been given the opportunity to work with a service coordinator of appropriate jurisdiction to produce the modification, I found Mr. Sanderson's draft to be invalid. He may have volunteered to write a revision to the 2002 ISP, but he lacked the authority under DMR regulations to proceed independent of my involvement.

Under protest, therefore, I submitted the request for appeal. As I have previously documented to you, my appeal letter was rejected when sent to Ms. Gillespie's office on three occasions and was returned by the US Post Office to me. They kindly furnished me with documentation of the certified letter's refusal by Ms. Gillespie's office. You have not responded to my objections that a public official supervised by you would willfully reject an appeal letter. Apparently, Ms. Gillespie received the letter from one of the other addressees.

I cooperated with the DMR ombudsperson, whom I requested rather than further interaction with Ms. Gillespie.

By the May 11, 2005 letter to myself and to Gena's co-guardian, I am instructed to request a Fair Hearing to change the Sanderson Draft ISP, and I do so again, as I disagree with the document as to both content and to the manner of its production in exclusion from the co-guardians.

I believe that your (DMR's) conduct continues to flout both DMR ISP regulations and their specific application to a Ricci Class Client. For this reason, and as Gena has been discussed (somewhat inaccurately) by DMR staff in the Court of the honorable Judge Joseph L. Tauro, I am sending a copy of this letter, as well as the May 11, 2005 letter from Ms. Gillespie to the Court.

I continue to urge you to implement the 2002 ISP signed by DMR and appealed for lack of implementation only. I believe that the 2004 Sanderson Draft does not further Gena's interest and that it is an expression of DMR's desire to exclude the co-guardians from their guaranteed role in the ISP process.

I am, however, formally requesting a Fair Hearing to dispute the 2004 Sanderson Draft, and I do so on a pro forma basis and under previously stated protest.

In order to insure Ms. Barbara Santella's full involvement, kindly address any related correspondence, legal notices, etc. to:

Ms. Barbara Santella
519 Ferry Street
Everett, MA  02149

With courtesy copies to me at my Roslindale address.

Thank you.

Sincerely,

*[signature]*
William F. Gear

c.c. Ms. Barbara Santella, Co-Guardian
    The Honorable Judge Joseph L. Tauro
    Ms. Colleen Lutkevich