UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Robert Simpson Ricci, et al. | ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION |
| | ) | NO.  72-0469-T |
| v. | ) ) ) | 74-2768-T 75-3910-T |
| Robert L. Okin, et al. | ) ) | 75-5023-T 75-5210-T |
| Defendants. | ) ) | |

**ORDER FOR THE PROTECTION OF CONFIDENTIAL MATERIAL**

Pursuant to this Court's directives of January 20, 2005 and April 7, 2005, and for good cause shown, the Court hereby enters this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting confidential material consisting of documents and other data regarding persons who have been served or are being served by the Department of Mental Retardation, and which constitute confidential personal data pursuant to G.L. c. 123B, § 17; 115 C.M.R. §§ 4.00, et seq.; G.L. c. 66A, §§ 1 and 2; the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, et seq.; and/or regulations promulgated thereunder at 45 C.F.R. Parts 160 and 164.

1. **Definitions**. As used herein, the quoted words and phrases shall have the following meanings:

   a. For the purposes of this Order, "Fernald Class Member," means a Ricci Class Member, as that term is used in the Final Order entered in *Ricci v. Okin*, 823 F. Supp. 984, 986 n.1 (1993), who has resided at the Fernald Developmental Center in Waltham, Massachusetts, at any time from February 26, 2003, to the present including those Ricci class members now resident at the Marquardt Skilled Nursing Facility who previously resided at the Fernald Developmental Center.

    b. "Class Counsel" means the attorney of record for the Belchertown, Monson and Fernald Plaintiffs in the above-captioned litigation.

    c. "Confidential Material" shall be construed to be coextensive with the term "personal data," as defined in M.G.L. c. 66A, § 1, and shall include all "individually identifiable health information" within the meaning of the Health Insurance Portability and Accountability Act. "Confidential Material" shall be identified by the producing party with a "Confidential" stamp. Confidential Material produced hereunder shall consist of, and be limited to, the following documents prepared by or in the custody of the Department: (1a) for Fernald residents who completed an alternative placement[1] from the Fernald Developmental Center after February 26, 2003 and prior to December 31, 2003, individual service plan(s) generated by the Fernald Developmental Center completed since February 26, 2000; (1b) for Fernald residents who completed an alternative placement from the Fernald Developmental Center after December 31, 2003 to the present, individual service plan(s) generated by the Fernald Developmental Center completed since February 26, 2001; (2) modification(s) of individual service plan(s); (3) notice(s) and request(s) for proposed facility transfer pursuant to 115 CMR 6.63; (4) consent(s) consistent with 115 CMR 5.08 to the proposed transfer; (5) transition plan(s) or individual transition plan(s) (6) individual service plan (generated by receiving facility or area of community residence).

    d. "Department" means the Department of Mental Retardation.

2. **Confidential Material the Department is to Disclose to Class Counsel.**

Pursuant to this Court's Order of January 20th, 2005 and April 7, 2005, Class Counsel shall be entitled to inspect the Confidential Material pertaining to any Ricci Class Members that completed an alternative placement from the Fernald Developmental Center from the period February 26, 2003, to the present, or who completes an alternative placement from Fernald after the date of this Stipulation and Order, as follows:

    a. Upon reasonable advance notice of not less than three (3) business days to the Department's counsel, Class Counsel and individuals identified in Paragraph 3(b) and 3(c) who have executed an acknowledgement in the form attached hereto as Exhibit _A_ may view, during business hours, at the Department's offices, the Confidential Material. Plaintiff's Counsel may choose the order in which he reviews said Confidential Material. Class Counsel and individuals

---

[1] Consistent with the Stipulation Agreement Ordered by the Court on January 20, 2005, the term "alternative placement" is defined herein as any placement for an individual residing at Fernald other than at the Fernald Developmental Center or Marquardt.

2

identified in Paragraph 3 may not remove said Confidential Material or other documentation from the Department's offices, nor copy them, without the express permission of the Department's counsel. Class Counsel and individuals identified in Paragraph 3(b) and 3(c) shall not disclose the content of the Confidential Material except in accordance with this Stipulation and Order.

b. Nothing herein shall prevent Plaintiffs' Counsel, upon proper authorization from a Fernald Class Member or guardian, from requesting and copying Confidential Material in accordance with 115 CMR 4.06(1).

c. Pursuant to G.L. c. 66A, § 2 (k), prior to the disclosure of Confidential Material described above, the Department shall notify the Fernald Class Member's guardian or family member(s) of the intended disclosure of the Confidential Material pursuant to this Stipulation and Order for the Protection of Confidential Material. A copy of the notification of disclosure is attached hereto as Exhibit __B__.

3. **Persons to Whom Confidential Material May Be Disclosed.** Except with the prior consent of the Department's counsel or upon further order of the Court, Confidential Material shall be disclosed only to:

   a.  Class Counsel of record in this action;

   b.  The Named Class Action Representatives of the Fernald Class: Mr. George Mavridis and Ms. Diane Booher;

   c.  Secretaries, paralegals, or other support staff employed by Class Counsel, to the extent reasonably necessary to render professional legal services in this matter;

   d.  Court officials involved in this litigation (including court reporters transcribing testimony or argument at court hearings and any mediator or special master appointed by the Court); and

   e.  the Court.

3

4. **Conditioning Disclosure.** Confidential Material may be disclosed to a person listed in paragraph 3(b) and 3(c) above only if such person has executed an acknowledgement in the form attached hereto as Exhibit A , stating that s/he has read this Stipulation and Order and agrees to be bound thereby.

5. **Use of Confidential Material at Hearings and in Court Filings.** If Class Counsel intends to disclose Confidential Material during Court hearings, at trial, or in a pleading, motion, transcript, or other paper filed with this Court, Class Counsel shall provide advance notice of such intention to the Department sufficient to permit the parties to consult as to how to proceed under Local Rule 7.2.

6. **Procedure for Eliminating Confidential Status.** If Class Counsel or the Department believes that a document subject to this Order should not be treated as Confidential Material, Class Counsel or the Department shall identify, in writing, the material that it believes should not be deemed confidential. If such notice does not result in agreement, the aggrieved party may, by motion, seek an order of this Court lifting confidential status for such material. All such material shall continue to have confidential status during the pendency of any motion to determine its confidential status.

7. **Right to Seek Modification, Renewal.** This Order shall not constitute a contract between the parties preventing a modification of this Order or the establishment of additional protection with respect to the confidentiality of discovery material. Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require. This Order shall have a term of three years, measured from the date the Order is first entered on the docket. After three years has elapsed, the Order will be reviewed and the Court may effectuate an extension of its terms by signing an order of renewal.

8. **No Waiver.** This Order is a result of the Court's directives of January 20, 2005 and April 7, 2005. The failure of a party to challenge the confidential status of Confidential Material shall not be construed in any way as an admission or agreement by

4

such party that the designated material constitutes or contains any confidential information as contemplated by law.

9. **Care of Confidential Material.** Class Counsel and individuals identified in Paragraph 3(b) and 3(c) shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material.

10. **Subpoena by Other Court or Agency.** If Confidential Material received by Class Counsel and individuals identified in Paragraph 3(b) and 3(c) becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the Department of the pendency of such process or order.

11. **Limitations of this Order.** Nothing in this Order shall prevent the disclosure of a Fernald Class Member's Confidential Material to a party providing an authorization executed by a competent Class Member or a guardian duly appointed for a Fernald Class Member provided such authorization or release complies with the requirements of 45 C.F.R. Parts 160 and 164. Likewise, this Order shall not restrict dissemination of any Confidential Material if gained from a source other than documents or information produced by the Department to the persons listed in paragraph 3, *supra*.

12. **Use of Confidential Material.** Confidential Material that Class Counsel and individuals identified in Paragraph 3(b) and 3(c) are provided access to by this Order is to be used only for the purpose of ascertaining whether an individual who has transferred from the Fernald Developmental Center from February 26, 2003, to the present is receiving equal or better services in the new location, and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location.

## ORDER OF THE COURT

The above Order for the Protection of Confidential Material is allowed, and its terms are to be entered as an order of this Court.

_____
United States District Judge

Dated: 6/16/05