

# The Commonwealth of Massachusetts
### Executive Office of Health & Human Services
### Department of Mental Retardation
### 500 Harrison Avenue
### Boston, MA 02118

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Timothy Murphy**
Secretary

**Gerald J. Morrissey, Jr.**
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

September 26, 2005

**BY FIRST CLASS MAIL**

Beryl W. Cohen, Esq.
11 Beacon Street
Boston, MA 02108

    RE:    <u>Ricci, et al v. Okin, et al</u>

Dear Attorney Cohen:

    I am writing to you in response to your August 18, 2005 letter requesting additional client records concerning the 43 Ricci Class Members of the Fernald Class who were transferred to an "alternative placement" between February 26, 2003 and June 28, 2005. As you know, the Department agreed to provide you with the individual client records described in the Protective Order entered by the Court on June 15, 2005 ("hereinafter the Protective Order"). As most of the information you request is beyond the scope of that Order, and is "personal identifying information" protected by statute, the Department cannot disclose it to you. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as the Department's statutes and regulations, G.L. c. 123B, § 17 and 115 CMR 4.06.

    1.    ISP Attendance sheets for each of the 43 individuals (one documenting attendance at the last ISP meeting held at Fernald, and the other documenting attendance at the first ISP meeting by DMR at the receiving location)

    The documents you requested are beyond the scope of the Protective Order, and contain "personal identifying information" protected by statute. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statute and regulations, G.L. c. 123B, §17 and 115 CMR 4.06.

    2.    Certification of "Equal or Better": certification by the Fernald Facility Director that the 43 individuals transferred are receiving equal or better services to meet their needs in the new location, and that all ISP-recommended services for the individual's current needs as identified in the ISP are available at the new location.

    As was stated at the Court's Status Conference on January 20, 2005 the completed Individual Service Plan, in conjunction with the ISP Process represents the certification by the

facility director that the individual's needs are being met in the new location. As you are aware, all ISPs from 2000 to the post-transfer ISP for the transferred individuals have already been provided to you pursuant to the Protective Order.

3. **Template of "Notice and Request for Proposed Facility Transfer"**

As you know from your review of the files of the 43 Fernald Class Members who have transferred from Fernald, the letters, although similar, are individually tailored to address the specific circumstances of each transfer. The similarities in the letters are due to the fact that they contain provisions and statements drafted to comply with the regulatory requirements of 115 CMR 6.63. This section of the regulations is also included with the letter mailed to the Class Member and/or their guardian(s).

4. **Documentation of guardians' request for placement of their wards, as referenced in the "Notice of Request for Proposed Facility Transfer" letter of each individual transferred.**

Requests for placement are made in a variety of forms, including statements by guardians to staff in person, and not necessarily "documented" by a formal or written request. To the extent that they are reflected in individual client files, the documents you requested are beyond the scope of the Protective Order, and contain "personal identifying information" protected by statute. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statute and regulations, G.L. c. 123B, §17 and 115 CMR 4.06.

5. **The green USPS registered mail cards sent with the "Notice of Request for Proposed Facility Transfer" letter returned to DMR with guardian signature.**

The documents you requested are beyond the scope of the Protective Order, and contain "personal identifying information" protected by statute. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statute and regulations, G.L. c. 123B, §17 and 115 CMR 4.06.

6. **Documentation that 45-day letter was sent to "individual's family, guardian, and designated representative, if any and providers of supports to the individual" per 115 CMR 6.24(4)(a).**

The documents you requested are beyond the scope of the Protective Order, and contain "personal identifying information" protected by statute. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statute and regulations, G.L. c. 123B, §17 and 115 CMR 4.06.

7. **Right of Return letters for all individuals transferred since April 7, 2005.**

The documents you requested are beyond the scope of the Protective Order, and contain "personal identifying information" protected by statute. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statute and regulations, G.L. c. 123B, §17 and 115 CMR 4.06.

8. **Information about Home and Community-Based Program: documentation that was provided to guardians whose wards were transferring to community**

placements about the Home and Community-Based Program, how it compares to the Intermediate Care Facility model of care and documentation demonstrating that this written material was explained to guardians as it was provided to them.

The documents requested are beyond the scope of the Protective Order. Further responding, information about the federally funded home and community-based waiver program was shared at the Fernald Stakeholder meeting at the request of some families. It is not the Department's practice to provide comprehensive, detailed information about the home and community-based waiver, a complex program of federal-state participation that funds community-based services to individuals and its comparison to ICF/MR services, to every family transitioning to the community, especially those Ricci Class Members whose services are governed by a federal court order. The Department has, upon request, shared the results of surveys of individual's who were served in an ICF/MR and their transition to the community.

9. **Advantages and Disadvantages of Proposed Transfer:** documentation of the consultation between guardians and Fernald staff regarding the advantages and disadvantages of the proposed transfer, including a written record of the explanation of the intended outcome of transfer, the risks and alternatives.

To the extent that these documents exist beyond those already produced to you, the documents requested are beyond those agreed to in the Protective Order, and contain "personal identifying information" protected by statute. See Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statute and regulations, G.L. c. 123B, §17 and 115 CMR 4.06.

10. **Personal Information regarding the 43 transferees including date of birth, date of death (if applicable), and year each individual arrived and departed each DMR residence, including Fernald.**

The information you have requested regarding the age and prior residences of Fernald transferees is beyond the scope of the Protective Order and is "personal identifying information" which the Department cannot disclose to you under the Fair Information Practices Act, G.L. c. 66A, §§ 1-3; the Health Insurance Portability and Accountability Act, 45 CFR 164.502, as well as under the Department's statutes and regulations, G.L. c. 123B, § 17 and 115 CMR 4.06. Further responding, the Department asserts that such confidential personal data is not relevant to its determination of "equal or better services."

I hope that this information is helpful to you, please do not hesitate to contact me at 617 624-7701 if you would like to discuss this further.

Very truly yours,

Marianne Meacham
General Counsel

cc:   Juliana Rice, Asst. Atty. General