# The Commonwealth of Massachusetts
## Executive Office of Health & Human Services
### Department of Mental Retardation
160 North Washington Street
Boston, MA 02114

**COPY**

Argeo Paul Cellucci
Governor

Jane Swift
Lieutenant Governor

William D. O'Leary
Secretary

Gerald J. Morrissey, Jr.
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

October 13, 2000

Dana M. Tully, Esq.
Hill & Barlow
One International Place
Boston, Massachusetts 02110

Re: Karen Mutanen

Dear Ms. Tully:

I am in receipt of your request for a letter, to wit, "someone claiming to represent Ms. Mutanen wrote a letter to the DMR refusing or no longer requesting further services." Please be advised that DMR is not in possession of such a letter; however, we do have a 1986 letter from her mother.

I understand from your letter that you believe you have a right to a copy of this letter and to have access to Ms. Mutanen's file. I must respectfully disagree. Neither footnote 1 of the 1993 Order nor the DMR's regulation, 115 CMR 4.06, supports your position.

First, footnote 1 states, "Defendants shall maintain a mechanism for keeping track of the identities and locations of current class members, and the occurrence and history of transfers, which information shall be available to plaintiffs' counsel." The plain language of this footnote provides, Hill & Barlow as plaintiffs' counsel, access to information regarding the identities and locations, as well as history of previous locations, of "current," not all, *Ricci* class members. At the time the 1993 Order was entered, this information was found in the "transfer forms" that DMR prepared whenever there was a transfer of a *Ricci* class member. These forms have since been replaced with a different form that will be used to continue to track the identities and locations of current class members. A copy of this form was shared with your colleagues at the May 9, 2000 meeting.



RECEIVED
OCT 16 2000
MCAD

     Second, your reliance on the DMR regulations, 115 CMR 4.06 is misplaced. This provision does not entitle class counsel to inspect the records of a deceased DMR consumer.

     Mr. Riley acted appropriately and consistent with his legal responsibility when he informed Ms. Lutkevich that he could not give her, even in her role as the Wrentham class representative, a copy of the letter because of "confidentiality." And for the reasons set forth above, class counsel does not have a right to inspect the records of Ms. Mutanen. Nevertheless, the Department is providing you, as class counsel, a redacted copy of the 1986 letter. This action is being taken without prejudice, waiver of any rights, and should not be viewed as establishing any precedent.

                                                          Very truly yours

                                                          Margaret Chow-Menzer
                                                          General Counsel

Enc.
cc: Jack Riley



1/15/86

Dear Mr. Davidio,

Received your letter, gently. Due to a Back injury, I Need Help. ▮ Carl. I are staying with friends in Wrentham, for a few weeks.

Mr. Davidio, you said you need a Progress Note or ▮ ▮. Ago you the Help?

turn 23, Dec. 20 1985



2/3/ ▮ is Still Seeing Dr. to Sheff, once a month. She is No longer going to the Kennedy Memorial. I Have a Number to call for Health Service. Last Physical Exam 5, 1985. Over the "Holiday" ▮ ▮ Did a lot of Traveling. She Loves it, especially The Reindeer, also the



Shopping Gift Shop, Restaurants. Mr. Bowdin, I tried givin' you a call when I got back home. Sincerely, [redacted]