# The Commonwealth of Massachusetts
## Executive Office of Health & Human Services
## Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118

ATTACHMENT I

Mitt Romney
Governor

Kerry Healey
Lieutenant Governor

Ronald Preston
Secretary

Gerald J. Morrissey, Jr.
Commissioner

Area Code (617) 727-5608
TTY: (617) 624-7590

October 1, 2004

BY FAX AND BY REGULAR MAIL
Lisa Goodheart, Esq.
Piper Rudnick
One International Place, 21st Floor
Boston, MA 02110-2613
Fax 617.406.6100

Re: Ricci, et al v. Okin, et al – Order May 25, 1993

Dear Lisa:

This letter is to follow up on our meeting of September 15, 2004, in which we discussed your proposal for community monitoring pursuant to the process set forth in Paragraph 7 (e) of the Final Order. I apologize for the brief delay in responding.

As we discussed in that meeting, the Department believes that it is full compliance with the requirements of Paragraph 2 (e) of the Final Order through its periodic reviews conducted by the Human Services Research Institute (HSRI). We believe that the National Core Indicators (NCI) tool used by HSRI, and the HSRI protocols, provide valid, reliable indicators of quality outcomes for individuals, including Ricci class members, in our community programs and systems. The Department intends to continue to work with HSRI using the NCI process.

With regard to your concerns about the nature of the HSRI review, we believe that the notion that NCI presents a superficial or unreliable picture of the quality of our service system and programs is unfounded. The HSRI-NCI review includes face-to-face interviews with hundreds of individuals per survey cycle, as well as telephone and written surveys. The survey instrument has strong inter-rater reliability and internal consistency and validity. Further, as we discussed in our meeting, the NCI protocol provides a comprehensive and individualized review of class members' and other consumers' level of satisfaction with their lives and services. The NCI interview examines many aspects or domains of the individual's life including important health issues, through a series of questions posed to the individual and/or the individual's guardian or proxy.[1] While some

---

[1] Pursuant to the NCI protocol, certain questions can be answered by the individual or guardian, and certain questions only by the guardian.

1

questions are necessarily subjective ("Do you feel safe in your home?"), others are objective and can only be answered by the individual's guardian or caregiver, such as whether the individual has had an annual physical or appointment with their primary care physician or has been seen by a dentist in the preceding year.

Its high level of value is reflected in the fact that the NCI framework that HSRI has developed is nationally recognized and is a model that other organizations and agencies, including the United States Center for Medicare and Medicaid, are considering adopting as the quality framework to measure all community services. It is currently in use in twenty-two states and in Orange County, California. In sum, we believe that this review constitutes a "periodic review" of community programs for Ricci class members by "nationally recognized evaluation experts" that fully meet the requirements of the Order.

Notwithstanding this position, the Department is willing to work constructively with you to address your concerns; we continue to desire to resolve the issues you have raised in these Paragraph 7 ( c ) meetings, and thus propose the following with respect to HSRI periodic review of community programs (some of which we have proposed earlier, new provisions are underlined):

    A.    <u>The Department's Proposal Regarding HSRI/NCI</u>

        1.    The Department will meet with Class Counsel on a regular basis (at the beginning of the review cycle) to discuss the HSRI protocol and implementation for that cycle;

        2.    <u>The Department will provide the latest HSRI report to Class Counsel on a timely basis (as soon as it is available and in final form).</u>

        3.    The Department will meet <u>regularly</u> with Class Counsel, <u>and at least within two months of the receipt of the final HSRI Report</u>, to review the Report and results for the preceding cycle, in order to receive feedback on how to use the data to develop policy initiatives in the upcoming year.

        4.    Prospectively, the Department will engage Boston University, or another subcontractor that it selects through an appropriate Request For Responses bid process, for the data-gathering portion of the review.

        5.    The Department will participate with HSRI on a regular, two-year cycle. If this proves problematic, the Department will advise class counsel on its reasons for not participating, and consult with class counsel on alternatives.

        6.    <u>The Department will meet with Class Counsel to discuss the prospective inclusion of families or individuals in the HSRI survey team process.</u>

B.  The Department's Proposal Regarding the 26 Ricci Class Members

The second issue addressed in some detail at the meeting was the 2000 review of the 26 Ricci Class members who had agreed to be reviewed by the joint DMR Class member teams, we propose that Jack Riley provide you immediately with the information regarding the Department's review and follow up with these individuals.

C.  The Department's Proposal Regarding Survey and Certification Reports

Finally, at our meeting we discussed whether the survey and certification process – an internal DMR quality monitoring process – would provide your clients with an opportunity, separate from our external quality review process, to examine in some detail individuals' services and whether their individual needs were being met. We make two proposals in this regard.

1.  First, our regulatory authority, specifically G.L. c. 19B, c. 123B, and regulations promulgated thereunder, 115 C.M.R. 8.00, allow the Department to review residential, day, and respite services provided to individuals without release or authorization. Citizen participation as part of the survey and certification teams is permitted to allow citizens to observe the condition and safety of the home, the services being provided, etc.

2.  Second, as discussed in our meeting, we could provide Class Counsel with redacted (de-identified) individual scoring summaries from the survey and certification process for Ricci class members in the form attached hereto. These summaries contain data regarding each indicator and outcome in each of the quality of life domains, including health and safety. This would allow a dialogue between DMR and Class Counsel on issues identified with regard to a specific individual, without identifying the individual, with direct contact with Jack Riley or Mary Akoury, or other designated individuals, to provide information on the service coordinator/area office response to any issues identified as being "partially achieved" or "not achieved" in the survey.

We hope that these proposals will address your concerns. Please contact me at your earliest convenience to discuss.

Very truly yours,

Marianne Meacham /KHG

Marianne Meacham
General Counsel

Ccs:  Commissioner Gerald J. Morrissey, Jr.
Dierdre Roney, AAG
Beryl Cohen, Esq.