UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

Robert Simpson Ricci, *et al.*,

                Plaintiffs

    v.

Robert L. Okin, *et al.*,

                Defendants

_____

CIVIL ACTION Nos.
72-0469-T
74-2768-T
75-3910-T
75-5023-T
75-5210-T

**THE DEPARTMENT OF MENTAL RETARDATION'S
MOTION FOR LEAVE TO FILE OPPOSITION TO WRENTHAM'S MOTION
TO REOPEN CASE IF WRENTHAM'S MOTION TO REOPEN IS NOT STRICKEN**

    The Wrentham Association has lodged certain serious, inflammatory allegations against the Department without first entering into the bilateral discussions mandated by paragraph 7(c) of the Final Order.[1] Seeking to draw an unsupported syllogism based on heated rhetoric rather than fact, Wrentham contends: "Because DMR has failed to provide sufficient Adequately Trained and Experienced Personnel in community settings, Class members have been exposed to abuse, and several have died as the result of neglect."[2] An even more bombastic contention is Wrentham's statement that "Class members[] have died at the hands of their care givers."[3]

---

   [1] See generally Docket No. 96, *The Department of Mental Retardation's Motion to Strike the Wrentham Association's Motion to Re-Open Case and Restore to Court's Active Docket* (the "Motion to Strike").

   [2] See Docket No. 102, *Opposition of Wrentham Association to Defendant's Motion to Strike Motion to Re-Open Case* (filed March 8, 2006), at 1.

   [3] Id. at 5. Of the named individuals referenced in Wrentham's March 8th filing, only Rachel Deline was a Wrentham Class member receiving services from the Department at the time of her death. While it is true that she died in 2002 of a lithium overdose, the facts will show that her death was caused by a pharmacist's failure to correctly fill a prescription and the failure
(continued...)

Wrentham offers no competent evidence of any such "cause and effect" relationship. With such serious allegations lodged in a public court filing, one would imagine that they would have been a focal point of the bilateral meetings called for in the Final Order. But nowhere in its March 8, 2006, filings does Wrentham contradict the sworn statement of the Department's General Counsel that allegations of abuse and neglect leading to the deaths of Wrentham Class members have never been the subject of unresolved paragraph 7(c) discussions between the parties.[4]

Seeking to excuse its failure to comply with the terms of the Final Order, Wrentham now claims that "Class members are exposed to irreparable harm." Wrentham has offered no competent evidence to bolster this assertion, however. If Wrentham's allegation that Class members are suffering imminent and irreparable harm were true, no "long learning curve" could justify the failure of Wrentham's current counsel to take action for *sixteen* months.

The terms of the Final Order are not mere "procedural niceties."[5] In the present charged situation, compliance with the Order's provisions is essential to ensure that wild allegations are curbed, truth comes to light, and issues truly in dispute are focused and presented in a manner that facilitates proper judicial review. When systemic violations of the Final Order are alleged, the Final Order wisely calls for an exchange of current factual information bearing on the situation. See Final Order, ¶ 7(c). That has yet to occur with respect to most matters raised in the Wrentham *Motion to Re-Open*. See Affidavit of Marianne Meacham, at ¶¶ 6 - 22.

---

[3](...continued)
of third party medical professionals to correctly diagnose Ms. Deline's symptoms of illness. The Department's direct care staff, by contrast, were lauded by the mortality review team for their vigilance and diligence in seeking medical attention for Ms. Deline.

[4] See Docket No. 96, Affidavit of Marianne Meacham, at ¶¶ 10-11 and 14.

[5] See Docket No. 103, *Dever Plaintiffs' Suggestion to DMR's Motion to Strike* (filed March 8, 2006), at 1.

If this Court declines to strike the Wrentham *Motion to Re-Open* as premature, as the Department has requested, then the Department moves for leave to file, within fourteen (14) days of the Court's ruling, a substantive opposition to Wrentham's *Motion to Re-Open Case*. The Department has considerable evidence that will disprove the serious, material allegations contained in Wrentham's *Motion to Re-Open*. It would be most proper and sensible for the Department to first share that evidence with counsel for the Wrentham Association in a paragraph 7(c) meeting and request counsel to retract the unfounded allegations contained in the Association's *Motion to Re-Open*. However, if the Court now desires to put this closed matter back on a litigation track, then the Department asks for the opportunity to oppose the Wrentham motion before the Court takes any action in response to that motion. As it does not wish to cause any unnecessary delay, the Department is prepared to file such an opposition, if called for by the Court, within fourteen (14) days of the Court's ruling on this motion and the pending motion to strike.

        Respectfully submitted by the
        DEPARTMENT OF MENTAL RETARDATION,
        Through its attorneys:

        _____
        Marianne Meacham, BBO No. 550468
        Special Assistant Attorney General
        General Counsel
        Department of Mental Retardation
        500 Harrison Avenue
        Boston, MA  02118
        (617) 727-5608

        and

/s/ Robert L. Quinan, Jr.
_____
Robert L. Quinan, Jr.  BBO No. 553010
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th floor
Boston, MA  02108
(617) 727-2200, ext. 2554

**CERTIFICATE OF SERVICE**

I, Robert L. Quinan, Jr., hereby certify that a copy of the foregoing document was filed electronically and served by mail on any counsel of record unable to accept electronic filings. Notice of this filing will be sent by e-mail to the following attorneys:  Daniel J. Brown, Laura E. Coltin, Cathy E. Costanzo, Stanley J. Eichner, Rayford A. Farquhar, Thomas J. Frain, Stephen M. LaRose, Cornelius J. Moynihan, Jr., Margaret M. Pinkham, Juliana deHaan Rice, and Steven J. Schwartz.  Paper copies of this filing are being mailed today to Attorneys Beryl W. Cohen, Marianne Meacham, and Michael J. Sullivan.

/s/ Robert L. Quinan, Jr.
_____
Robert L. Quinan, Jr.

Dated:  March 10, 2006