

*The Commonwealth of Massachusetts*

ASSISTANT MAJORITY LEADER
HOUSE OF REPRESENTATIVES
STATE HOUSE, BOSTON 02133-1054

**MARIE J. PARENTE**
10TH WORCESTER DISTRICT
13 REAGAN ROAD
MILFORD, MA 01757
TEL. (508) 473-5884
ROOM 155, STATE HOUSE
TEL. (617) 722-2010
FAX (617) 722-2238

E-Mail: Rep.MarieParente@hou.state.ma.us
Web Site: www.marieparente.com

COMMITTEES ON:

Rules
Vice Chair
Steering Policy and Scheduling
State Administration and
Regulatory Oversight
Foster Care
Chair

February 21, 2006

The Hon. Joseph L. Tauro
Chief Judge
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

Dear Judge Tauro:

I wish to commend you on your recent decision to halt the transfer of 198 profoundly mentally retarded residents of the Fernald Development Center in Waltham. Their indiscriminate discharge into community settings would be a cruel blow to patients and their families. It would also represent a black mark on our Commonwealth's ongoing commitment to care for those most in need.

As you know, most of Fernald's remaining residents are severely impaired and some suffer dual diagnosis. Therefore, any environment which lacks Fernald's resources and staff is wholly inappropriate for them. Community-based group homes, though certainly beneficial to some less severely disabled patients, offer no benefits to the profoundly mentally retarded and can indeed create turmoil for patient and family alike.

What is the motivation behind efforts to close facilities such as Fernald, Houghton House, Discovery House and Pathways at Westborough State Hospital? Many observers, including Department of Mental Health employees who witness the same indiscriminate discharge of the mentally ill, believe the closings simply make way for lucrative real estate development.

After all, despite their claim that that these larger, centralized institutions have become obsolete, state officials offer no workable alternatives to the remaining patients and their families. Instead, they insist on community-based care as a one-size-fits-all quick fix.

Since it is well established community care is not appropriate for the most profoundly mentally retarded or mentally ill, and since your final order guaranteed no one would be transferred unless they were offered "equal or better" services elsewhere, we must conclude state officials are acting not in the best interest of the patient and their families, but in the best interest of those who are rumored to seek the land for other purposes.

Until such time as the remaining Fernald patients are offered "equal or better" services elsewhere, Fernald Development Center in Waltham should remain open. You were right 25 years ago and you are right today! Thank you for your good judgment and courage.

Sincerely,

*Marie J. Parente*

Rep. Marie J. Parente, Vice-Chair
Committee on Rules

PS – I also call your attention to Section 2 of chapter 796 of the Massachusetts General Laws circa 1985, An Act Relative to the Authority of Certain Guardians or Relatives of Retarded Persons.

I was the chief sponsor of this legislation which requires the Department of Mental Retardation (DMR) to provide guardians of retarded persons forty-five days notice and request consent prior to a facility transfer.

The legislation also requires DMR to provide a statement of how the proposed residential facility will result in improved services and quality of life for the retarded ward, the location of the proposed facility and a statement that the guardian may examine the facility.