January 1, 2007

Diane Booher
6 Robin Road
Westborough, MA 01581-1218

U.S. Attorney Michael J. Sullivan
U.S. Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

Dear Attorney Sullivan:

This letter is my Christmas gift to Ronnie Russo, my brother, ward, and resident of Cottage 8 at Fernald Center. Our small family and his professional and direct care staff at Fernald Center have years of experience discerning and trying to provide for his many needs and fewer preferences. This community of caregivers is all that he has, and when allowed to function according to the regulations of the Department of Mental Retardation, it is all that he needs to live his life. After meeting with Ronnie's ISP team on December 12, 2006, it was clear to me that Ronnie is losing ISP team members and services. Even more important, the people who care for him are losing heart.

What follows are key services described in Ronnie's current ISP that the Department did not provide during the past year:
- The Department did not provide enough recreation and direct care staff to enable Ronnie to engage in weekly pool activity.
- The Department ended the gardening program at Cottage 8 without substituting another opportunity for Ronnie to receive sensory stimulation with water.
- The Department was unable to increase Ronnie's walking time to more than 20 minutes per day because there is not sufficient staff and safe environment to carry this objective out for more than 20 minutes at a time, although Ronnie is both motivated and capable of walking more.
- The Department allows Direct Care staff to leave Ronnie on the toilet for about 30 minutes at a time despite the explicit nursing/medical directive, stated in his ISP, that he is not to be left there for more than 20 minutes. The Department has reorganized service delivery so that direct care staff are not accountable to professional staff.
- The Department no longer has a dietician making rounds during meals to oversee that foods, such as prune juice, are offered as prescribed. Consequently, Ronnie was given more bowel medication this year before nursing realized that direct care staff were not assuring that Ronnie drank all of his prune juice each morning. As noted above, direct care staff are no longer accountable to professional staff, including nursing.

Ronnie's ISP team members describe the administrative roadblocks that confront them hourly and rob them of time to care for Ronnie, and all who live at Fernald Center in 2006. These administrative roadblocks include: censorship and threat of discipline for what they say and write in the ISP, time-consuming record-keeping requirements for the Medi-Tech system, enormous paperwork and delays in obtaining medications with the new pharmacy system, their lack of authority in the delivery of services to the residents, and repressive administrative authority by managers whose primary allegiance is to DMR policy rather than the needs of residents and any professional training.

On Thanksgiving weekend, I took Ronnie for a walk in the late afternoon. As the sun set, I noted that about half of the pole lights in the courtyard at the center of the cottages did not come on. Just before Christmas, I walked alone by each pole light in the same courtyard, again in the early evening, checking whether any of these lights would come on when they detected my motion. None did. If residents and staff need to exit the cottages into the courtyard in a nighttime emergency, many will not have enough light to see in the vicinity of their residence. Commissioner Morrissey is operating Fernald as if it were already closed: he has already turned out the lights.

My Christmas walk in the dark cottage courtyard, and Ronnie's December ISP left me with the sickening impression that the Fernald community is being eviscerated and its life is draining away. The state agreed to provide services and supports to Ronnie based on his individual needs and preferences, not based on cost and available resources. But even as the Court has looked on in 2006, Ronnie's unique capabilities were not supported, his dignity was not respected and steps were not taken to minimize his need for medications.

We have appealed Ronnie's ISPs in 2004, 2005, and 2006. We have not had a Fair Hearing for any of these appeals, though by Regulation, they are to be held within 90 days of filing the appeal.

Ronnie has no choice but to depend on his caregivers to provide for his needs. The Department has a choice: care that only keeps Ronnie alive or individualized care that enables Ronnie to live his life. The relationships between Ronnie and his professional and direct care staff are the gifts that make his life worth living. These are the relationships that Commissioner Morrissey is working so diligently to undermine.

Sincerely,

*Diane Booher*

Diane Booher
Sister/co-guardian


Cc:   Attorney Beryl W. Cohen