UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT SIMPSON RICCI, et al., | ) | |
| | ) | |
| | ) CA Nos. | 72-0469-T (Belchertown) |
| Plaintiffs, | ) | 74-2768-T (Fernald) |
| | ) | 75-3910-T (Monson) |
| v. | ) | 75-5023-T (Wrentham) |
| | ) | 75-5210-T (Dever) |
| ROBERT L. OKIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPPOSITION OF PLAINTIFF ARC OF MASSACHUSETTS AND PLAINTIFF INTERVENOR DISABILITY LAW CENTER, INC.TO MOTION FOR CLARIFICATION FILED BY THE DEVER, FERNALD, AND WRENTHAM CLASS PLAINTIFFS

The Plaintiff Arc of Massachusetts ("Arc") and Plaintiff Intervenor Disability Law Center, Inc. ("DLC") hereby file this Opposition to the Motion for Clarification By the Dever, Fernald, and Wrentham, Class Plaintiffs (Document 136), pursuant to Local Rule 7.1(B)(2).[1] As grounds therefore, Arc and DLC state as follows:

1. The Dever, Fernald and Wrentham Class Plaintiffs maintain in their Motion for Clarification of Order Appointing Court Monitor ("Plaintiffs' Motion") that the Court's order of February 6, 2006 requires the Court Monitor to determine compliance with the Court's 1993 Disengagement Order "regardless of whether Class members ever resided at Fernald," Plaintiffs' Motion, at ¶2, and seek clarification of the Order.

---

[1] The Arc and DLC have filed this day a separate Opposition to the Wrentham Plaintiffs' Motion to Supplement its Motion for Clarification of Order Appointing Court Monitor (Document 143).

2. The exact intent and purpose of the motion is not clear, and the relief sought obtuse. The Plaintiffs apparently seek to clarify the scope of the Order to mandate that the Monitor review all past (since at least 1993) and future transfers from all ICF/MRs. Plaintiffs' Motion, at ¶5.

3. With care and diligence, the Monitor has spent the past year reviewing the Department of Mental Retardation (DMR) transfer process in general and, in particular, the requests of certain individuals or their families and guardians for transfer from Fernald. The Monitor has also visited all, or nearly all, of DMR's facilities and a significant number of community programs. He has obtained, and presumably reviewed, extensive documentation from DMR and the parties concerning care provided to class members. The Monitor's final report on all of the issues outlined in the Court's February 8, 2006 Order, as well as others suggested by the parties, is still pending but is likely to be submitted within the next month. Therefore, the Plaintiffs' Motion is premature. The Court should await the Monitor's report and allow any party to object if it feels his review is not adequate or inconsistent with the Court's instructions. Based on those objections, if any, the Court may then take whatever action it deems appropriate and necessary.

4. The February 8, 2006 Order requires the Monitor to review the transfer process, not all transfers. The apparent proposed expansion of the Court's February 8, 2006 Order to include individual transfers since 1993, would be impractical, inefficient, unlikely to be accurate, and highly burdensome. Such an inquiry would involve fact-intensive review of the provision of services and notifications provided thirteen years ago, and in many situations would be virtually impossible and massively time consuming.

5. The Motion is simply a recasting of the Wrentham class plaintiffs' prior motion to reopen the case and should be denied for the same reasons that the Court denied that motion.

WHEREFORE, the Arc and DLC respectfully request that the Motion for Clarification of Order Appointing Court Monitor filed by the Wrentham, Dever, and Fernald Plaintiffs be denied.

>Respectfully Submitted,
>THE ARC OF MASSACHUSETTS
>By its Attorneys,
>
>/s/Steven J. Schwartz
>Steven J. Schwartz BBO # 448440
>Cathy Costanzo BBO # 553813
>Center for Public Representation
>22 Green Street
>Northampton, MA 01060
>(413) 587-6265
>sschwartz@cpr-ma.org
>
>DISABILITY LAW CENTER
>By its attorneys,
>
>/s/ Richard M. Glassman
>Richard M. Glassman BBO # 544381
>Stanley J. Eichner  BBO # 543139
>Disability Law Center, Inc.
>11 Beacon Street, Suite 925
>Boston, MA 02108
>(617) 723 8455
>rglassman@dlc-ma.org
>seichner@dlc-ma.org

Dated: February 8, 2007

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118

Dated: February 8, 2007                                    /s/ Steven J. Schwartz
                                                           Steven J. Schwartz