UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SIMPSON RICCI, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROBERT L. OKIN, *et al.*, )<br>)<br>Defendants. )<br>) | CA Nos. | 72-0469-T (Belchertown)<br>74-2768-T (Fernald)<br>75-3910-T (Monson)<br>75-5023-T (Wrentham)<br>75-5210-T (Dever) |

## OPPOSITION OF PLAINTIFF ARC OF MASSACHUSETTS AND PLAINTIFF INTERVENOR DISABILITY LAW CENTER, INC. TO WRENTHAM CLASS PLAINTIFFS' MOTION TO SUPPLEMENT ITS MOTION FOR CLARIFICATION OF ORDER APPOINTING COURT MONITOR

The Plaintiff Arc of Massachusetts ("Arc") and Plaintiff Intervenor Disability Law Center, Inc. ("DLC"), pursuant to Local Rule 7.1(B)(2), hereby file this Opposition to the Wrentham Class Plaintiffs' Motion to Supplement its Motion for Clarification of Order Appointing Court Monitor. (Document 143).[1] The Motion to Supplement was filed on February 8, 2007.

As ground therefore, Arc and DLC state as follows:

1. The motion to supplement makes clear that what the plaintiffs seek, as the Wrentham motion to reopen denied earlier sought, is a comprehensive court review of all aspects of the mental retardation community system operated, funded, or licensed by the Commonwealth.

---

[1] The Arc and DLC have filed this day a separate Opposition to the Motion for Clarification of Order Appointing Court Monitor (Document 136), filed by the Fernald, Wrentham, and Dever Class Plaintiffs.

1

2. As noted in the Arc's and DLC's opposition to the Motion to Clarify, in significant part, the Monitor has conducted such a review and will report to the Court shortly. Therefore, any action on either this motion, or the underlying one to clarify, is premature and untimely.

3. To the extent that the plaintiffs request the Monitor and the Court to evaluate the quality of the entire institutional and community retardation systems in Massachusetts, and then to compare these systems to determine which is better, such an assessment is inappropriate and unjustified. The plaintiffs' motion, and supplemental motion, would apparently require that the Monitor assess every program, every client, every transfer, and every incident or death that has occurred over the past fourteen years. Such an evaluation, more than a decade after the parties agreed to end this lawsuit, would be extraordinarily time consuming, expensive, and unprecedented in the long history of this litigation. Given the pace and scope of the Monitor's review to date, such a review would take several years, require the United States Attorney's Office to retain significant number of disability experts, and probably require a separate budget item to support this massive undertaking.

4. Moreover, there is nothing in the Disengagement Order that authorizes such a review, or establishes standards or criteria for a comparison of the quality of institutional and community services. The equal or better test is to be applied at the time of transfer, and does not constitute the basis for ongoing evaluations or comparisons of institutional facilities and community programs. If it did, anyone could seek to reopen the case or request further court orders whenever a class member was hurt or died under suspicious circumstances.

WHEREFORE, the Arc and DLC respectfully request that the Motion to Supplement the Motion for Clarification of Order Appointing Court Monitor be denied.

    Respectfully Submitted,
    THE ARC OF MASSACHUSETTS
    By its Attorneys,

    /s/Steven J. Schwartz
    Steven J. Schwartz BBO # 448440
    Cathy E. Costanzo BBO # 553813
    Center for Public Representation
    22 Green Street
    Northampton, MA 01060
    (413) 587-6265
    sschwartz@cpr-ma.org

    DISABILITY LAW CENTER
    By its attorneys,

    /s/ Richard M. Glassman
    Richard M. Glassman BBO # 544381
    Stanley J. Eichner BBO # 543139
    Disability Law Center, Inc.
    11 Beacon Street, Suite 925
    Boston, MA 02108
    (617) 723 8455
    rglassman@dlc-ma.org
    seichner@dlc-ma.org

Dated: February 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118

Dated: February 8, 2007                                    /s/ Steven J. Schwartz
                                                           Steven J. Schwartz