UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| ROBERT SIMPSON RICCI, et al., | ) | | |
| | ) | CA Nos. | 72-0469-T |
| Plaintiffs, | ) | | 74-2768-T |
| | ) | | 75-3910-T |
| v. | ) | | 75-5023-T |
| | ) | | 75-5210-T |
| ROBERT L. OKIN, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
IN WHICH TO RESPOND TO PLAINTIFFS' MOTION FOR
CLARIFICATION OF ORDER APPOINTING COURT MONITOR

The defendants respectfully request an enlargement of time until 14 days after the Court Monitor files his final report with the Court -- which is expected shortly -- to respond to the plaintiffs' January 25, 2007, Motion for Clarification of Order Appointing Court Monitor. Principles of sound resource management and judicial economy dictate that consideration of the plaintiffs' Motion for Clarification be deferred until after the Court Monitor's final report has been filed with the Court, as further explained below:

1.  Since his appointment on February 8, 2006, the Court Monitor has conducted bi-weekly conference calls with the Department's representatives and with the Plaintiffs' attorneys to keep the parties informed on the progress of his inquiry. The Court Monitor informed the parties at the beginning of the process that he would share information equally with the parties and that his inquiry would be open and transparent.

2.  The Court Monitor's review has been comprehensive and included not simply review of the records of individuals transferred from Fernald, but also meetings and interviews

with the individuals and their families and legal guardians, visits to the new placement settings for these individuals (both community-based programs and ICFs/MR), and interviews with staff at both the transferring facility and in the new placement setting.

3.  In addition, the Court Monitor has visited all of the Department's intermediate care facilities, including Fernald on several occasions, and visited many state-operated residential programs, vendor-operated residential programs, supported employment programs, day habilitation programs and transportation providers whether these providers were providing services to Fernald class members or not. The Court Monitor has responded to requests from the Plaintiffs to visit certain programs in particular. The Department facilitated access by the Court Monitor to allow them to conduct visits to programs both with and without warning to, or escort by, Department personnel.

4.  The Court Monitor also posed questions to the Department regarding the Department's community-based system, in particular, how the Department assured that individuals who moved to community-based programs, either state-operated or vendor-operated, received appropriate clinical services, how the Department assured that staffing levels and training for individuals in these programs were adequate, how complaints of abuse or neglect were investigated, and many other areas of concern. Department staff met with the Court Monitor, with Plaintiffs' attorneys present, to explain the system and how these assurances are given and to respond to questions posed by the Plaintiffs' Counsel and Class Representatives.

5.  The Department has cooperated fully with the review, providing unfettered access to Ricci class members, their records, and staff caring for them. The Department has done so in the belief that these broad information-gathering efforts will help inform the Court Monitor of the strength and complexity of the community-based system, as well as the Department's

operation of its intermediate care facilities, and that by understanding both systems, the Court Monitor will be better able to assess the process by which the Department provides services to Ricci class members, how it plans for the transfer of a Ricci class members from facility-based services to community-based services, and how the Facility Director (or the Regional Director) is able to certify that Ricci class members received "equal or better" services in the new placement setting, as required by the Final Order.

6. The Court Monitor also initiated a review by medical experts of the individuals who, at the time the Court entered its Order prohibiting further transfers, were either in varying stages of preparation for transfer or who came forward over the past year to express a desire to transfer from Fernald to another intermediate care facility or to a community-based residence. The Court Monitor expressed the view that a medical review would assist him in determining whether the individuals would receive "equal or better" services. The Department cooperated with this review, facilitating the medical review, despite its position that under the plain language of the Final Order, it is the Facility Director or Regional Director, not a medical expert, who is authorized to certify that the services will be equal or better for a transferred Ricci Class Member.

7. In recent calls, the Court Monitor has informed the Department and the Plaintiffs' attorneys that a report on his year-long inquiry into the matters set forth in the February 8, 2006, Order is being drafted and will be submitted to the Court for consideration shortly, if not imminently.

8. The scope of the Court Monitor's Report is the subject of the Plaintiffs' January 25, 2007, Motion for Clarification of Order Appointing Court Monitor. Given that the scope of the Court Monitor's inquiry will be evident from the written report, the release of the report may

obviate the need for any clarification of the Court's Order.

9. It is therefore premature to move to clarify the Order

WHEREFORE, the defendants respectfully request an enlargement of time until 14 days following the issuance of the Court Monitor's report to the Court to respond to the Plaintiffs' January 25, 2007, Motion for Clarification of Order Appointing Court Monitor.

Respectfully submitted,

DEFENDANTS

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

_____/s/ Juliana deHaan Rice_____
Juliana deHaan Rice, BBO No. 564918
Assistant Attorney General
Office of the Attorney General
One Ashburton Place – Room 2019
Boston, MA  02108
(617) 727-2200, ext. 2062

Dated: February 9 , 2007

**Local Rule 7.1(A)(2) Statement**

I, Juliana deHaan Rice, Assistant Attorney General, certify by my signature below that, on February 8, 2007, I requested assent to this motion from the plaintiffs' counsel, Attorney Margaret M. Pinkham, which she declined to give.

_____/s/ Juliana deHaan Rice_____
Juliana deHaan Rice, BBO No. 564918
Assistant Attorney General

**Certificate of Service**

    The undersigned counsel hereby certifies that this document filed through the ECF system will be sent electronically to all registered participants and that paper copies will be sent to any nonregistered participants on February 9, 2007.

                                    /s/ Juliana deHaan Rice
                                    Juliana deHaan Rice
                                    Assistant Attorney General