## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SIMPSON RICCI, *et al.*, | ) | |
| | ) CA Nos. | 72-0469-T (Belchertown) |
| Plaintiffs, | ) | 74-2768-T (Fernald) |
| | ) | 75-3910-T (Monson) |
| v. | ) | 75-5023-T (Wrentham) |
| | ) | 75-5210-T (Dever) |
| ROBERT L. OKIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF ARC OF MASSACHUSETTS' AND PLAINTIFF INTERVENOR DISABILITY LAW CENTER, INC.'S MOTION TO SUPPLEMENT THEIR OPPOSITION TO THE MOTION FOR CLARIFICATION BY THE DEVER, FERNALD, AND WRENTHAM CLASS PLAINTIFFS

The Plaintiff Arc of Massachusetts ("Arc") and Plaintiff Intervenor Disability Law Center, Inc. ("DLC"), pursuant to Fed. R. Civ. P. 15(d), respectfully move for leave to supplement their Opposition to the Motion for Clarification by the Dever, Fernald, and Wrentham Class Plaintiffs (hereafter "Motion for Clarification").

For the reasons set forth in their Opposition and as supplemented below, Plaintiff Arc and Intervenor DLC argue that the Motion for Clarification should be denied and that issues of non-compliance, if any, that remain after the filing of the Court Monitor's report should be referred to and resolved by the Governor's Commission on Mental Retardation, in accordance with the intent of this Court's Opinion and Order of May 25, 1993.

1. On January 25, 2007, the Dever, Fernald, and Wrentham Class Plaintiffs moved for "clarification" of the Court's February 8, 2006 Order appointing

1

the Court Monitor. (Document 136). The Wrentham Class later moved to supplement the Motion for Clarification. (Document 143).

2. The Motion for Clarification seeks, *inter alia*, an order requiring the Court Monitor to determine compliance with the Court's 1993 Order "regardless of whether Class members ever resided at Fernald." Motion for Clarification (Document 136) at ¶2. Although the exact intent and purpose of the motion is not clear, the Class Plaintiffs apparently seek an order that the Monitor review all past (or, since at least 1993) and future transfers from all ICF/MRs. Motion for Clarification (Document 136) at ¶5.

3. In support of their Motion, the Class Plaintiffs reiterate a litany of allegations concerning the quality of community services and allege that the Defendant Department of Mental Retardation ("DMR") is in non-compliance with provisions of the 1993 Order of disengagement. Among other things, they allege inadequate staffing levels in community programs that, they claim, create an increased risk of medical errors and abuse.

4. The Plaintiff Arc and the Intervenor DLC filed Oppositions (Documents 144 and 145) to the Motion for Clarification and the Motion to Supplement. Among other reasons for their oppositions, they stated that the Plaintiff Classes' Motions were premature as the Monitor had not yet submitted his final report.

5. Rather than reply directly to the Motion for Clarification, the Defendant DMR moved for an enlargement of time to respond, (Document 147), citing to the expected imminent submission of the Monitor's report.

6. After over a year of intensive inquiry, the Monitor has now submitted his report. (Document 158).

7. Among his findings and recommendations, the Monitor has determined that DMR has not acted contrary to requirements of the 1993 Order. Nevertheless, the report did note concern about apparently high staff turnover rates in community programs and an apparently higher rate of abuse allegations in community programs as compared to institutions.

8. In light of the Monitor's finding that the noncompliance allegations of the Fernald Class were without merit, the attempt by other Plaintiffs to expand the Monitor's inquiry into the same matters elsewhere should be denied.

9. When the Court entered its 1993 Order, it required that there be an ongoing body authorized to oversee the quality of mental retardation services at both ICF-MR facilities and in community programs. The 1993 Order includes and approves, as an attachment, Executive Order 356 creating the Governor's Commission on Mental Retardation (Commission). *Ricci v. Okin,* 823 F. Supp. 984, 989-93 (1993).

10. In its opinion accompanying the 1993 Order, this Court stated that the creation of the Commission was a "key factor" in "closing the federal court's oversight of these cases." *Ricci,* 823 F.Supp. at 985. The Court noted that the "Commission will be an independent citizen oversight body whose multi-faceted mandate and authority will include monitoring the quality and effectiveness of the Commonwealth's program of services designed to address the wide variety of needs of people with mental retardation." *Id.* at 985-86.

3

According to the Executive Order, Commission members are selected by the Governor from nominations by a nominating committee consisting of representatives of the parent organizations at the four facilities and the Arc. The Committee currently includes professional, parent, and citizen members, meets regularly, and has full time staff.

11. In its 1993 Opinion, the Court noted that the Commission must have the authority and responsibility to ensure that services to persons with mental retardation continue to meet the needs of class members after the Court ended it ongoing supervision of the mental retardation system. *Ricci*, 823 F. Supp. at 985-86. In light of the critical importance of the Commission, and the roles families, guardians, and professionals have played in monitoring quality of care issues as panel members, the Classes' concerns about the quality of community services should be referred in the first instance to the Commission.

12. Referral of the Monitor's concerns about staffing and abuse to the Commission will both preserve the Court's intent in requiring the creation of this body and avoid creating a competing process to review quality of care concerns. It will also respect and include input from families and professionals from all perspectives. Finally, it will avoid the expense and burden on the U.S. Attorney's Office of conducting a further investigation. Since the Commission already has staff qualified to do this review, and has access to relevant information, it can evaluate the quality concerns more quickly and with less additional expense than involving the U.S. Attorney's Office.

WHEREFORE, the Plaintiff Arc and Intervenor DLC respectfully request that they be granted leave to supplement their Opposition, that the Motion for Clarification of Order Appointing Court Monitor filed by the Wrentham, Dever, and Fernald Plaintiffs be denied without prejudice, and that their concerns about the quality of care in community programs be referred to the Governor's Commission on Mental Retardation.

> Respectfully Submitted,
> THE ARC OF MASSACHUSETTS
> Plaintiff
> By its Attorneys,
>
> /s/Steven J. Schwartz
> Steven J. Schwartz BBO # 448440
> Robert D. Fleischner BBO # 171320
> Center for Public Representation
> 22 Green Street
> Northampton, MA 01060
> (413) 587-6265
> sschwartz@cpr-ma.org
>
> DISABILITY LAW CENTER
> Plaintiff Intervenor
> By its attorneys,
> Richard M. Glassman BBO # 544381
> Stanley J. Eichner BBO # 543139
> Disability Law Center, Inc.
> 11 Beacon Street, Suite 925
> Boston, MA 02108
> (617) 723 8455
> rglassman@dlc-ma.org
> seichner@dlc-ma.org

Dated: March 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118

Dated: March 12, 2007                    /s/ Steven J. Schwartz
                                         Steven J. Schwartz