FILED OFFICE
IN CLERKS OFFICE
2007 APR -9 P 1:46
DISTRICT COURT
DISTRICT OF MASS.

The Honorable Judge Joseph L. Tauro
United States District Court
John Joseph Moakley U. S. Courthouse
1 Courthouse Way - Suite 2300
Boston, MA. 02210

26 Windward Terrace
Lunenburg, MA. 01462-1353
April 5, 2007
Phone (978) 582-9086

> Re: The Department of Mental Retardation's (DMR's) destruction of documents,
> refusal to honor "privacy" agreements, providing the court with letters then
> not honoring these letters.

Dear Judge Tauro:

I am writing to you partly as a concerned citizen, but, as you may recall, more importantly as a plaintiff representative who negotiated for the class clients, and signed Fernald's Final Consent Decree for the class. I am enclosing a letter dated January 6, 2006, from Thomas Frain to Beryl Cohen, plus my letter, with attachments, dated March 29, 2005, to Thomas J. Frain. My letter with attachments becomes a rather extensive document that I have called "Community Placement for Daniel P. Stefaniak". What I will point out here is that I let everyone in DMR that I came in contact with, that I would not accept a placement that did not comply with agreements filed with the United States Court, because I will always honor agreements that were negotiated and filed with the United States Court. I was offered a placement in a very nice home in Berry. Daniel was to live with three women. This placement violated the "privacy" agreement that is defined as "privacy in traveling between the bedroom and bedroom areas", and filed with your court. I rejected the placement. It took DMR four years to find a placement for Daniel that was not in violation of "privacy" agreements. This problem is a direct result of Commissioner Morrissey's refusal to honor agreements on "privacy" filed with your court. It is my belief that negotiated agreements filed with your court, consistent with your instructions, fall under the "equal or better" category of your final orders. Perhaps you can straighten this interpretation out for Commissioner Morrissey and myself.

I believe that the destruction of documents, that at that time were orders of the court, is the most serious of what I will call DMR sins. A day or two before defendants and plaintiffs signed Fernald's Final Consent Decree, we met in the Attorney General's Office and Steve Rosenfeld had copies of all documents referenced in the Consent Decree. He went over each document in a reasonable amount of detail, and asked us if we had copies. We had copies of all documents, except the "Representative Scopes of Work for Warren, Chipman, and Wallace". Steve replied, "I know that because I have the only copies". Steve said that Alan Burne will go back to the office and make copies that he will send to you. Fine, except Alan Burne never made copies for the plaintiffs. Steve

Rosenfeld's stack of documents was about an inch thick, and he stated these documents "are going to Judge Tauro for his review". We have repeated asked for these Scopes of Work, including our request that Dale Euga of the Court Monitor's Office obtain them for us. He called me in my office to tell me he found them on a closet shelf of an employee who kept a copy because he did not feel that it was right for the Commisioner to collect all the copies in the DMR office to be destroyed. There is now no record of these documents that can be found. Respectfully, I would ask that someone from your office, or perhaps Attorney Michael Sullivan, investigate DMR's destruction of these documents, that at that time, I understand "were orders of the court".

Both DMR and the plaintiffs filed their agreements on building designs. I say agreements because the workshops worked out any differences of opinion. I do not know of any final building designs where there were any differences of opinion. George Zitney wrote the DMR position for the Malone Park cottages in a different manner than most of the building designs. He wrote the DMR position that these cottages were to house one sex, but not both sexes, to the Superintendent of Fernald, and copied Anne Berry, Court Monitor. The reason for this was that Joe Wert Superintendent of Fernald, had either recently been fired, or was in process of being fired, for not honoring "privacy" agreements. Certainly the firing of Joe Wert represents a very strong "persuasive precedent" for honoring "privacy" agreements everywhere the retarded might reside in the state system, but, unfortunately, not strong enough to get the attention of Commisioner Morrissey or Assistant Commisioner Enoch.

The back up, in detail, for the position taken in this letter is in the enclosed material. I feel, your honor, that the charges made in this letter serve as a basis of a full investigation for the accuracy of my charges, and if true, as I firmly believe they are true, then a full investigation of DMR is in order. The DMR system is broken, and can only be fixed with the aid of the United States Court.

Sincerely,

Edward R. Stefaniak

Edward R. Stefaniak

cc D. Patrick
   B. Cohen
   T. Frain