Lawrence A. Wheeler, M.Ed.<br>
13 Long Road<br>
Westford, MA 01886<br>
978-392-0073

April 20, 2007

The Honorable Judge Joseph L. Tauro
United States District Court
John Joseph Moakley U. S. Courthouse
1 Courthouse Way – Suite 2300
Boston, MA 02210

Re:   U. S. Attorney Michael J. Sullivan's March 6, 2007 report on Department of Mental Retardation transfer processes

Dear Judge Tauro,

    I have reviewed the above report and am writing to endorse Mr. Sullivan's findings. I think the report is very thorough, detailed and accurate. In particular, I think that older residents should not be required to leave Fernald for the reasons stated in Mr. Sullivan's report. Additionally, some preliminary research I did years ago into client transfer showed that geriatrics transferred to new settings tended to suffer higher death rates than those not transferred. While the research is old and did not control for type of setting, I know of no reason why it should not be considered valid.
    Generally, I do not feel that institutional settings are conducive to maximizing one's abilities and in a younger population can be at least stultifying and potentially quite harmful. I think that new admissions to any DMR institution should be closed. Mr. Sullivan's recommendations to consolidate services in a few buildings at Fernald seem very rational to me.
    Mr. Sullivan's review of data on physical and sexual abuse from the Disabled Persons Protection Commission and other sources finds an increasing trend in vendor operated community residences which I find troubling. While some portion of this may be attributed to the age difference (younger residents tend to be victims of abuse more frequently than older ones and community residences tend to have a younger population), I think Mr. Sullivan's finding that staff turnover in vendor operated programs is very high is the greater factor contributing to abuse.
    Regarding Mr. Sullivan's other findings I have nothing to add and do not dispute any of report's findings.
    Lastly, as to why my opinions should carry any weight in your ruling, I offer the following: I worked at Fernald from 1974 to 1980 starting as direct care and finishing as a Principal Psychologist (civil service title) and I worked with a variety of populations in several different units. I ran a community program in Attleboro. I worked at DMH central office as a behavior analyst and worked on the ICF/MR survey team conducting reviews of all the state MR institutions. I helped design staffing patterns for the 8 bed ICF/MR's. I ran the Human Rights systems for both the Department of Mental Health and Department of Mental Retardation and helped resolve the McBride v. Okin lawsuit

by setting up the complaint and investigation system. As assistant director of Internal Affairs I hired staff and set up the internal investigation system. After leaving DMH I went to work as Director of Investigations for the Disabled Persons Protection Commission conducting and overseeing investigations of state operated and funded programs. Lastly, in November of 1980 I spent several days and quite a number of hours testifying in hearings before Court Monitor Steven Horowitz arguing against transfers to ward setting placement. I left state service in 1992.

    Again, I hope you will follow the recommendations laid out by Mr. Sullivan.

Sincerely,

Lawrence A. Wheeler, M.Ed.

Cc: Michael J. Sullivan, U.S. Attorney