UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SIMPSON RICCI, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CA Nos.   72-0469-T (Belchertown) |
| | ) | 74-2768-T (Fernald) |
| | ) | 75-3910-T (Monson) |
| v. | ) | 75-5023-T (Wrentham) |
| | ) | 75-5210-T (Dever) |
| ROBERT L. OKIN, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

PLAINTIFF-INTERVENOR'S MOTION TO SEAL AND IMPOUND
CONFIDENTIAL INFORMATION IN MOTION TO CONFIRM ABSENCE OF
IMPEDIMENT FOR INDIVIDUAL TO TRANSFER
VOLUNTARILY TO A COMMUNITY RESIDENCE

Pursuant to Local Rule 7.2(d), the Plaintiff-Intervenor Disability Law Center, Inc. respectfully moves for leave to seal and impound confidential information associated with a Motion to Confirm Absence of an Impediment for an Individual to Transfer Voluntarily to a Community Residence.

As grounds therefore, the Plaintiff-Intervenor states:

1. The Disability Law Center, Inc. ("DLC") was granted leave to intervene as a plaintiff in this action on August 30, 2004.

2. DLC is the federally designated "Protection and Advocacy" organization for the Commonwealth of Massachusetts, pursuant the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. sec. 15041 *et. seq*.

1

3. Under 42 U.S.C. sec. 15043(a)(2)(A)(i), as the Protection and Advocacy agency, DLC is empowered to "pursue legal…remedies…for the rights of such individuals…who may be eligible for treatment, services or habilitation, or who are being considered for a change in living arrangements…"

4. DLC has received a request for assistance from the legal guardian of an individual residing in the Fernald Developmental Center.

5. This individual is one of the seven Fernald residents in the "pipeline" of those originally slated to move in 2006 from Fernald to community settings, discussed in pages 10 through 12 of the Court Monitor's report of March 6, 2007 (Document #158).  The guardian has sought to move his ward to a community residence for over a year.

6. The guardian and the class member have visited the proposed community residence and have been informed by DMR that the residence is available for immediate occupancy by the ward.

7. The guardian strongly maintains that he would like his ward, the current Fernald resident, to move from Fernald to this community residence as soon as possible, and regardless of the outcome of any pending proceedings in this Court.

8. The guardian has also informed DLC counsel that his ward also adamantly wishes to move to this community residence.

9. The continued applicability of the February 8, 2006 order, which halted even voluntary transfers, is now in question, in light of the expiration of the order by

its own terms, the absence of a subsequent written order under F.R.C.P. 65(d) and 52(a), and the comments of the Court at the March 7, 2007 hearing.

10. Following the last hearing on March 7, 2007, the U.S. Attorney filed a motion on behalf of a different guardian who sought to have his/her ward move from Fernald. (Document #161). The Court allowed this motion on March 12, 2007. (Docket #164).

11. For this reason, after his initial discussion with the guardian at issue in this Motion, counsel for DLC contacted the U.S. Attorney's office on behalf of this guardian.

12. The U.S. Attorney's Office declined to participate in this matter, explaining that it regards itself as no longer engaged in the role of Court Monitor. The U.S. Attorney's Office requested that DLC bring this issue to the attention of the Court in DLC's capacity as the Protection and Advocacy agency.

13. Accordingly, DLC intends to file a Motion to Confirm Absence of an Impediment for an Individual to Transfer Voluntarily to a Community Residence.

14. Prior to doing so, DLC hereby moves for leave to seal and impound personal information (including names, addresses, medical and other identifying information) in such a motion and accompanying affidavit(s).

15. DLC maintains that an order to seal and impound is necessary to protect the privacy of the Fernald resident in question.

16. For this reason, DLC also requests that the personal information at issue be sealed and impounded until the conclusion of this case, with DLC to retrieve the impounded documents at that time.

17. Upon direction from the Court, counsel will file redacted copies of all documents for public view under the CM/ECF system.

18. Plaintiff-Intervenor incorporates by reference herein the accompanying memorandum of law in support of this motion.

Wherefore, the Plaintiff-Intervenor DLC moves this Court to allow filing under seal and impounded, as set forth above, of its Motion to Confirm Absence of an Impediment for an Individual to Transfer Voluntarily to a Community Residence.

Respectfully Submitted,

DISABILITY LAW CENTER, INC.

By its Attorney,

Dated: July 5, 2007

/s/ Richard M. Glassman
Richard M. Glassman (BBO # 544381)
Stanley J. Eichner (BBO# 543139)
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723 8455
rglassman@dlc-ma.org
seichner@dlc-ma.org

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 7.1(A)(2)

      Pursuant to L.R. 7.1(A)(2) the undersigned counsel hereby certifies that on June 28, 2007, counsel for Disability Law Center, Inc. contacted all counsel in a good faith effort to resolve or narrow the issues presented by this motion and received no response indicating opposition to this motion.

Dated: July 5, 2007                                             /s/ Richard M. Glassman
                                                                             Richard M. Glassman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, memorandum and proposed order were filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**ARC**
Steven J. Schwartz, Esq.
Robert Fleischner, Esq.
Center for Public Representation (CPR)
22 Green Street
Northampton, MA 01060

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118

Dated: July 5, 2007                             /s/ Richard M. Glassman
                                                Richard M. Glassman