UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |  |
|---|---|---|---|
| ROBERT SIMPSON RICCI, *et al.*, | ) | | |
| | ) | | |
| | ) | CA Nos. | 72-0469-T (Belchertown) |
| Plaintiffs, | ) | | 74-2768-T (Fernald) |
| | ) | | 75-3910-T (Monson) |
| v. | ) | | 75-5023-T (Wrentham) |
| | ) | | 75-5210-T (Dever) |
| ROBERT L. OKIN, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

PLAINTIFF-INTERVENOR'S MOTION TO CONFIRM ABSENCE
OF IMPEDIMENT FOR INDIVIDUAL TO TRANSFER
VOLUNTARILY TO A COMMUNITY RESIDENCE

The Plaintiff-Intervenor Disability Law Center, Inc. ("DLC"), respectfully moves this Court to confirm that ▉▉▉▉▉, a current resident of Fernald Developmental Center is permitted to transfer voluntarily to a community residence in ▉▉▉▉▉ Massachusetts.

As grounds therefore, the Plaintiff-Intervenor states:

1. The Disability Law Center, Inc. ("DLC") was granted leave to intervene as a plaintiff in this action on August 30, 2004.

2. DLC is the federally designated "Protection and Advocacy" organization for the Commonwealth of Massachusetts, pursuant the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. sec. 15041 *et. seq.*

3. Under 42 U.S.C. 15043(a)(2)(A)(i), as the Protection and Advocacy agency, DLC is empowered to "pursue legal…remedies…for the rights of such

1

individuals…who may be eligible for treatment, services or habilitation, or who are being considered for a change in living arrangements…"

4. DLC has received a request for assistance from ▇▇▇▇, a guardian of his brother, ▇▇▇▇ an individual currently residing in the Fernald Developmental Center.

5. ▇▇▇▇ is one of the seven Fernald residents in the "pipeline" of those originally slated to move in 2006 from Fernald to community settings, discussed in pages 10 through 12 of the Court Monitor's report of March 6, 2007 (Document #158). The guardian has sought to move his ward to a community residence for over a year.

6. The Court issued an order on February 8, 2006 (Document 90) which halted even voluntary transfers. This order was extended on March 8, 2007 (Document 160).

7. The guardian and the class member have visited the proposed community residence and have been informed by DMR that the residence is available for immediate occupancy by the ward.

8. The guardian strongly maintains that he would like his ward, the current Fernald resident, to move from Fernald to this community residence as soon as possible, and regardless of the outcome of any pending proceedings in this Court.

9. The guardian has also informed DLC counsel that his ward also adamantly wishes to move to this community residence.

10. The preferences of the guardian and his/her ward are further set forth in an Affidavit of the guardian ▇▇▇▇ attached to this motion.

11. Following the last hearing on March 7, 2007, the U.S. Attorney filed a motion on behalf of a different guardian who sought to have his/her ward move from Fernald. (Document #161). The Court allowed this motion on March 12, 2007. (Docket #164).

12. For this reason, after his initial discussion with the guardian at issue in this Motion, counsel for DLC contacted the U.S. Attorney's office on behalf of this guardian.

13. The U.S. Attorney's Office declined to participate in this matter, explaining that it regards itself as no longer being currently active in the role of Court Monitor. The U.S. Attorney's Office requested that DLC bring this issue to the attention of the Court in DLC's capacity as the Protection and Advocacy agency.

14. Accordingly, DLC hereby moves to confirm that there is no impediment for [REDACTED] to voluntarily transfer from Fernald to a community residence.

15. In support thereof, DLC hereby incorporates by reference the arguments set forth in Plaintiff-Intervenor Disability Law Center's and Plaintiff ARC's Joint Motion to Modify the Court's February 8, 2006 Order (Document #150, filed February 14, 2007 and pending before the Court) and the Memorandum filed in support of this motion (Document #151, also filed on February 14, 2007).

16. In further support thereof, DLC incorporates by reference the memorandum filed on this date in support of this motion.

17. Pursuant to the Court's Order of Impoundment of July 9, 2007, this motion is filed under seal, with a redacted copy filed publicly by DLC counsel.

Wherefore, the Plaintiff-Intervenor DLC moves this Court to confirm that ▬▬ a current resident of Fernald Developmental Center is permitted to transfer voluntarily to a community residence.

Respectfully Submitted,

DISABILITY LAW CENTER, INC.

By its Attorney,

Dated: July 12, 2007

/s/ Richard M. Glassman
Richard M. Glassman (BBO # 544381)
Stanley J. Eichner (BBO# 543139)
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723 8455
rglassman@dlc-ma.org
seichner@dlc-ma.org

**CERTIFICATE OF COMPLIANCE
WITH LOCAL RULE 7.1(A)(2)**

Pursuant to L.R. 7.1(A)(2) the undersigned counsel hereby certifies that on June 28, 2007, counsel for Disability Law Center, Inc. contacted all counsel in a good faith effort to resolve or narrow the issues presented by this motion and received no response indicating opposition to this motion.

Dated:  July 12, 2007                                         /s/ Richard M. Glassman
                                                                              Richard M. Glassman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, memorandum, affidavit and proposed order were filed electronically in redacted form, as ordered by the Court on July 8, 2007, with the unaltered originals to be filed under seal and impounded. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**ARC**
Steven J. Schwartz, Esq.
Robert Fleischner, Esq.
Center for Public Representation (CPR)
22 Green Street
Northampton, MA 01060

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118


Dated: July 12, 2007                    /s/ Richard M. Glassman
                                         Richard M. Glassman