UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SIMPSON RICCI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT L. OKIN, *et al.*,<br><br>Defendants. | ) )<br>)<br>) CA Nos.<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 72-0469-T (Belchertown)<br>74-2768-T (Fernald)<br>75-3910-T (Monson)<br>75-5023-T (Wrentham)<br>75-5210-T (Dever) |

PLAINTIFF-INTERVENOR'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO CONFIRM ABSENCE
OF IMPEDIMENT FOR INDIVIDUAL TO TRANSFER
VOLUNTARILY TO A COMMUNITY RESIDENCE

Plaintiff-Intervenor submits this memorandum in support of its request to allow the individual, addressed in the accompanying motion, to transfer voluntarily from Fernald to a community setting.

The grounds for the plaintiff-intervenor's motion are set forth in another motion still pending before the Court, the Plaintiff-Intervenor Disability Law Center's and Plaintiff ARC's Joint Motion to Modify the Court's February 8, 2006 Order (Document #150), and the Memorandum filed in support of this motion (Document #151) filed on February 14, 2007, both documents which are incorporated by reference herein. *See also*, the Department of Mental Retardation's Response to the Disability Law Center et. al's Motion to Modify and the Fernald Plaintiff's Motion to Extend, the Court Order of February 8, 2006 (Document #155).

1

As discussed in this plaintiff-intervenor's previous memorandum, the integration regulation of the Americans with Disabilities Act ("ADA"), 28 CFR pt. 35, app. A, at 450, requires that individuals with disabilities must be provided services in a setting that allows them "to interact with nondisabled persons to the fullest extent possible." In *Olmstead v. L.C. ex. rel. Zimring*, 527 U.S. 581 (1999), the U.S. Supreme Court held that unjustified institutional segregation and isolation constitutes unlawful discrimination under the ADA's integration mandate. A bar to voluntary transfers conflicts with the underlying principles of *Olmstead* and the ADA.

In addition, as a condition of accepting Medicaid funds from the federal government, Massachusetts must comply with federal requirements to provide services with "reasonable promptness", 42 U.S.C. sec. 1396a(a)(8), including the freedom to choose whether to receive services in a state-operated facility or a community-based residence. 42 U.S.C. sec. 1396n(c)(2)(C); see also, 42 C.F.R. sec. 441.302(d). Under section 2(d) of the 1993 Disengagement Order, DMR must adhere to requirements under Title XIX of the Social Security Act, 42 U.S.C. sec. 1396 et. seq. *Ricci v. Okin*, 823 F. Supp. 984, 987 (D. Mass. 1993). Insofar as the Court's order (Document 160) conflicts with Title XIX, it places DMR in the position of violating the rights of residents under federal law.

Moreover, under Massachusetts law, an individual may not be involuntarily institutionalized on the basis of a developmental disability. See Memorandum in Support of Plaintiff-Intervenor Disability Law Center's and Plaintiff ARC's Joint Motion to Modify the Court's February 8, 2006 Order (Document #151) at 6-8, and cases and statutes cited therein. Nor may a person with a metal disability be involuntarily

2

Case 1:72-cv-00469-JLT   Document 213   Filed 07/12/2007   Page 3 of 5

restrained or denied his or her liberty, if there is a less restrictive alternative available. *Id.* at 8-9. Under state law, an individual who has been voluntarily admitted "shall be free to leave the facility at any time." Mass. Gen .L. c. 123B sec. 7.

Further support for this motion is set forth in the Joint Memorandum of Plaintiff Arc/Massachusetts and Intervenor Disability Law Center Objecting, In Part, to the Report of the Court Monitor, filed on May 31, 2007 (Document 192) (hereafter "Joint Memorandum") also incorporated by reference herein. Specifically, the plaintiff-intervenor notes that that the Monitor's findings reveal no systemic evidence of noncompliance with the Court's Disengagement Order (Document 158, pp. 13-23). *See* Joint Memorandum (Document 192) at 37-39. Nor are there grounds established for modification of the Disengagement Order. *Id.* at 39-50. Without such underlying findings, there is no basis for the continuing prohibition on voluntary transfers.

As noted in the attached Affidavit, the guardian has a strong desire to see his brother move to a community residence and has sought this move for over a year, but has been unable to do so, in his view, because of the Court's previous orders. Affidavit at 3, 7, and 10. His brother, the Fernald resident in question, has repeatedly asked the guardian and Fernald staff when he will be able to move to the group home he previously visited. Affidavit at 8. The guardian is fully aware of his brother's rights. Affidavit at 11-13.

## CONCLUSION

The plaintiff-intervenor requests that the Court order that the individual in question be permitted to transfer voluntarily to a community residence, as set forth in the proposed order.

Respectfully Submitted,

DISABILITY LAW CENTER, INC.

By its Attorney,

Dated: July 12, 2007

/s/ Richard M. Glassman
Richard M. Glassman (BBO # 544381)
Stanley J. Eichner (BBO# 543139)
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723 8455
rglassman@dlc-ma.org
seichner@dlc-ma.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, memorandum, affidavit and proposed order were filed electronically in redacted form, as ordered by the Court on July 8, 2007, with the unaltered originals to be filed under seal and impounded. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

4

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**ARC**
Steven J. Schwartz, Esq.
Robert Fleischner, Esq.
Center for Public Representation (CPR)
22 Green Street
Northampton, MA 01060

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118

Dated: July 12, 2007                    /s/ Richard M. Glassman
                                        Richard M. Glassman