UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION FOR RETARDED CITIZEN OF MASSACHUSETTS, INC., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF MENTAL RETARDATION, et al.,<br><br>　　　　　　　　　　Defendants. | CA Nos. 72-0469-T (Belchertown)<br>　　　　　74-2768-T (Fernald)<br>　　　　　75-3910-T (Monson)<br>　　　　　75-5023-T (Wrentham)<br>　　　　　75-5210-T (Dever) |

**RESPONSE OF PLAINTIFF ARC OF MASSACHUSETTS AND INTERVENOR DISABILITY LAW CENTER TO THE DEPARTMENT OF MENTAL RETARDATION'S MOTION TO DISSOLVE THE COURT'S ORDER OF FEBRUARY 8, 2006**

The Plaintiff Arc of Massachusetts (formerly the Massachusetts Association for Retarded Citizens) ("the Arc") and the intervenor Disability Law Center ("DLC") hereby respond to and support the Department of Mental Retardation's ["DMR"] Motion to Dissolve the Court's Order of February 8, 2006. (Document 214).[1]

The Arc and DLC state the following reasons for their support of DMR's motion:

---

[1] The Court originally enjoined all transfers by DMR of individuals from the Fernald Developmental Center ("Fernald"), pending the completion of a report by the Monitor. Document 90 at 2. The Monitor completed his investigation and filed his report on March 6, 2007. See "The Monitor's Report," (Document 158). Prior to the filing of the Monitor's Report, the Fernald plaintiffs moved to extend the February 8, 2006 Order. Document 138 (January 31, 2007). Without any explanation or written reasons, the Court allowed that motion "pending further order of this court" on March 7, 2007. Document 160.

1

1. On February 14, 2007, the Arc and DLC jointly moved the Court to modify the February 8, 2006 Order to permit the transfer of Fernald residents who have expressed a desire to leave the facility. (Document 150).

2. The Arc and DLC filed a memorandum of law ("Joint Memo") in support of their motion, (Document 151), and they incorporate the arguments in that memorandum into this response.

3. Although counsel noted at the hearing on the Monitor's Report on March 7, 2007 that that the joint motion was pending, Transcript of March 7, 2007 hearing, page 45, lines 3 - 18 (Document 170), the Court has yet to act on the motion. Rather, in order for individual Fernald class members, all of whom are voluntary residents of the facility, to exercise their legal right to be discharged, first the Monitor (Document 164) and now DLC (Document 212), acting on behalf of individual class members, have filed motions, affidavits, and exhibits seeking the Court's approval of and permission for their discharge. At this point, therefore, the Court has control over all transfers from Fernald, and all such transfers must be approved by the federal court.

4. Inasmuch as the Monitor has found that DMR has been in full compliance with applicable laws, regulations, and orders of the Court, Monitor's Report at 13-23 (Document 158), a continuing indefinite injunction is not necessary and DMR should be allowed to resume the exercise of its "discretion" in developing and improving programs, managing its budget, and "allocating its resources to ensure equitable treatment of its

citizens," in accordance with ¶ 5 of the Final Order. *Ricci v. Okin,* 823 F. Supp. 984, 987 (D. Mass. 1993).[2]

5. Dissolving the injunction to allow transfer to equal or better services is consistent with class members' statutory and regulatory rights and previous orders of this Court. *See,* Joint Memo at 3-9.

6. Dissolving the injunction is consistent with federal and state laws that require community integration and the least restrictive placement for individuals with disabilities who have expressed a preference to leave the facility. For example, Section 504 of the Rehabilitation Act, 42 U.S.C. § 794, and Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12134(b), require that public entities provide services to qualified individuals in the most integrated setting appropriate to each person's needs. The most integrated setting is defined in the preamble to the Attorney General's Title II ADA regulations as "a setting that enables individuals with disabilities to interact with nondisabled persons to the fullest extent possible." 28 C.F.R. pt. 35, app. A, at 450. The Supreme Court has held that unjustified institutional segregation and isolation constitutes unlawful discrimination under the Attorney General's integration regulation. *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581 (1999). State law is consistent with federal statutes. *See e.g., Commonwealth v. Nasser,* 380 Mass. 908, 917-18, 406 N.E.2d 1286, 1291 (1980)(regarding commitment of individuals with mental illness); Mass. Gen. L. c. 123B § 4 (all persons in the care of DMR are entitled to at least an annual periodic review that

---

[2] The Joint Motion to Modify was filed before the Monitor submitted his Report. Now that the Report has been filed, dissolution rather than mere modification of February 8, 2006 Order is appropriate and warranted. In their reply to the Monitor's Report, the Arc and DLC argued that because the Monitor found DMR to be in compliance with orders of this Court, there are no grounds to reopen the case and the motions to reopen should be denied. *See,* Document 193, p 4.

3

must consider, among other things, "all possible alternatives to continued residential care," including available community resources).

7. Dissolving the injunction is in harmony with class members' federal Medicaid rights to receive services promptly and to freedom of choice for services. Since Massachusetts has chosen to provide Medicaid funded ICF/MR services (like Fernald and its other developmental centers) and Home and Community-Based Waiver services (like many community residences), it must comply with Medicaid requirements. As such, Massachusetts must provide services "with reasonable promptness," 42 U.S.C. §1396a(a)(8), and must allow persons with mental retardation the freedom to choose whether to receive services in a state-operated facility or in a community-based residence. 42 U.S.C. §1396n(c)(2)(C).

8. Dissolving the injunction is consistent with the defendants' federal Medicaid obligations, and avoids the risk of the Commonwealth losing federal funds for violating those obligations by retaining persons in facilities when that is not necessary and not the individual's preference to remain. The defendants must also comply with relevant Medicaid obligations pursuant to ¶ 2(d) of the Court's Final Order. *Ricci v. Okin*, 823 F. Supp. at 987.

9. Dissolving the injunction will be consistent with Massachusetts's statutes and regulations that allow individuals who are voluntary residents to leave or withdraw from mental retardation facilities whenever they or their guardians desire. The Legislature has stated unequivocally that "[n]o mentally retarded person may be retained at a facility except under the provisions sections six and seven [of chapter 123B]." Mass. Gen. L. c.

123B § 5. Pursuant to those sections, a person seeking admission, or his or her guardian, may make an application for admission to a facility and the facility director determines whether the admission is appropriate. Mass. Gen. L. c. 123B § 6. State law does not allow for involuntary civil commitment of a person with mental retardation. Therefore, a person retained in a facility under the voluntary admission procedures "shall be free to leave such facility at any time." Mass. Gen. L. c. 123B § 7. If the person was admitted at the guardian's request, the guardian "may withdraw the person at any time." *Id.*

10. Dissolving the injunction will not alter the protections afforded class members by this Court's Final Order, particularly the crucial right to certification that transfer is to "equal or better" services. Final Order ¶ 4, *Ricci v. Okin,* 823 F. Supp. at 987.

WHEREFORE, for the reasons stated above and in their Joint Memo, the plaintiff Arc of Massachusetts and the intervenor Disability Law Center support the defendant Department of Mental Retardation's Motion to Dissolve the Court's Order of February 8, 2006.

July 17, 2007                                    Respectfully Submitted,

                                                      ARC OF MASSACHUSETTS
                                                     By its attorneys,

/s/ Robert D. Fleischner
Robert D. Fleischner (BBO # 171320)
Steven J. Schwartz (BBO # 448440)
Center for Public Representation
22 Green Street
Northampton, MA 01060
(413) 587-6265
rfleischner@cpr-ma.org
sschwartz@cpr-ma.org

DISABILITY LAW CENTER
By its attorneys,

/s/  Richard M. Glassman
Richard M. Glassman (BBO # 544381)
Stanley J. Eichner (BBO # 543139)
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455
rgalssman@dlc-ma.org
seichner@dls-ma.org

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dated: July 17, 2007          /s/ Robert D. Fleischner
                              Robert D. Fleischner
                              BBO # 171320