UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASSOCIATION FOR RETARDED CITIZENS OF MASSACHUSETTS, INC., et al.,  Plaintiffs, v. COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF MENTAL RETARDATION, et al.  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action Nos. 72-0469-T 74-2768-T 75-3910-T 75-5023-T 75-5210-T |

## MOTION TO STAY FURTHER PROCEEDINGS

The Commonwealth of Massachusetts Department of Mental Retardation ("Department") respectfully moves this Court to stay any further proceedings in this case pending the Department's appeal of this Court's August 14, 2007, Memorandum and Order.[1] The Department filed its notice of appeal with this Court on September 12, 2007, and its opening brief to the United States Court of Appeals for the First Circuit is due on February 27, 2008. As shown below, this case is no longer before this Court and the Court therefore lacks jurisdiction to hold further proceedings in the case. See United States v. Brooks, 145 F.3d 446 (1st Cir. 1998).

## PROCEDURAL BACKGROUND

This case began in 1972, when residents of the Belchertown State School challenged the

---

[1] In so moving, the Department does not retreat from its position, explained below, that this Court lost jurisdiction upon the filing of the notice of appeal and that no separate stay is necessary. United States v. Brooks, 145 F.3d 446, 457 (1st Cir. 1998) ("No separate stay is necessary.")

conditions at Belchertown in <u>Ricci v. Okin</u>, Civil Action No. 72-469-T. That case was later consolidated with four similar class actions filed on behalf of residents of the Fernald State School (now referred to as the Fernald Development Center, or "FDC"), the Monson Developmental Center, the Wrentham State School, and the Dever State School. On May 25, 1993, the Court entered a negotiated consent decree ("1993 Decree") that required the Department to provide individualized services to class members, among other things. The Court's entry of the 1993 Decree closed the case. <u>Ricci v. Okin</u>, 823 F. Supp. 984, 986 (D.Mass. 1993).

In February 2003, then Governor Mitt Romney announced that the Commonwealth intended to close the FDC. After a series of meeting between the Commissioner of the Deparment and Fernald class representatives, the Fernald plaintiffs moved to reopen the case in mid-July 2004. The Court denied the motion on January 25, 2005, but entered as an order a stipulation between the parties that was designed to settle the plaintiffs' claims regarding the Department's alleged failure to comply with the individual service planning regulatory requirements.

On February 2, 2006, the Fernald plaintiffs renewed their claims that the Department had not complied with the 1993 Decree or the regulations governing the transfers of individuals served by the Department. This Court summarily enjoined all transfers out of the Fernald Developmental Center on February 8, 2006. At the same time, the Court appointed the United States Attorney for the District of Massachusetts as a monitor to investigate the allegations.

The Monitor submitted his report to the Court on March 7, 2007. He found that the Department had not violated the 1993 Decree or any applicable laws regarding the transfers out of Fernald or any other claims. Docket no. 158.

On August 14, 2007, the Court issued an Order and Memorandum in which it accepted the

Monitor's finding that the Department had complied with the 1993 Decree, but nonetheless reopened the case. The Court concluded that "the Commonwealth's stated global policy judgment that Fernald should be closed has damaged the Commonwealth's ability to adequately assess the needs of the Fernald residents on an individual, as opposed to a wholesale basis." Docket no. 219 at 4. The Court's Order then required the Department, when soliciting residents' and guardians' choices for further residential placements, to include Fernald among the options which the residents and guardians could rank when expressing their preferences. Docket no. 220. On September 12, 2007, 28 days after this case terminated on the district court docket, the Department noticed its appeal of the Court's August 14, 2007 Order and Memorandum under 28 U.S.C. §1291. Docket no. 224.

## ARGUMENT

The filing of the Department's notice of appeal, challenging this Court's jurisdiction to reopen this case in 2007, divests this Court of all authority to take further action in this case. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also Brooks, 145 F.3d at 454 ("the prosecution noticed the appeal before the trial started, and it is the filing of the notice of appeal, . . . that marks the point at which an appeal is taken," citing Griggs)[2]; United States

---

[2] In Brooks, the First Circuit noted a number of narrow circumstances under which a district court retains jurisdiction after the filing of a notice of appeal, none of which exists here. 125 F.3d at 456. A district court retains jurisdiction "if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." Id. In addition, shared jurisdiction can exist "in a circumscribed cluster of situations, the handling of which is not inconsistent with the prosecution of an appeal." Id. These exceptions to the automatic divestiture rule are inapplicable to this case.

v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993) (filing of a notice of appeal "divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal."). The Department's appeal in this case encompasses all aspects of the case, including whether this Court had jurisdiction to reopen this case and enter its order of August 14, 2007, and thus the Court is without jurisdiction to conduct any further proceedings until the case is returned to this Court by the First Circuit's issuance of the mandate.[3] United States v. Kusay, 62 F.3d 192, 194 (7th Cir. 1995) ("Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity.").

Accordingly, the Department asks that this Court recognize its loss of jurisdiction and stay any further proceedings in this matter until the mandate issues by the First Circuit.

Respectfully submitted,

THE DEPARTMENT OF MENTAL RETARDATION

By its attorneys:

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Robert L. Quinan, Jr.
Robert L. Quinan, Jr.  BBO No. 553010
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th floor
Boston, MA  02108
(617) 727-2200, ext. 2554

---

[3] See United States v. Ferris, 751 F.2d 436, 440 (1st Cir. 1984) (during pendency of appeal, district court lacks jurisdiction "to proceed with respect to any matters involved in the appeal").  Because this Court lacks jurisdiction, this motion for a stay is superfluous.  The Department is nonetheless filing this motion in light of the Court's scheduling of a hearing in this case for February 26, 2008.

and

/s/ Marianne Meacham
_____
Marianne Meacham, BBO #550468
Special Assistant Attorney General
General Counsel
Department of Mental Retardation
500 Harrison Avenue
Boston, MA 02118
(617) 624-7701

Dated: February 25, 2008

**CERTIFICATE OF SERVICE**

I, Assistant Attorney General Robert L. Quinan, Jr., do hereby certify that a copy of the above *Motion to Stay Further Proceedings* is being mailed via first class to all counsel of record who are not registered with the Court's Electronic Case Filing system.

Date:   February 25, 2008

                               /s/ Robert L. Quinan, Jr._____
                               Robert L. Quinan, Jr.