UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |  |
|---|---|---|---|
| Robert Simpson Ricci, et al., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. | 72-0469-T |
| | ) | | 74-2768-T |
| Robert L. Okin, et al., | ) | | 75-3910-T |
| | ) | | 75-5023-T |
| Defendants | ) | | 7505210-T |
| | ) | | |

PLAINTIFF MASSACHUSETTS ASSOCIATION FOR RETARDED CITIZENS'
OPPOSITION TO FERNALD PLAINTIFF'S MOTION TO PROHIBIT THE
TRANSFER OF RESIDENTS FROM THE FERNALD DEVELOPMENTAL CENTER
TO OTHER ICF/MRS AND COMMUNITY RESIDENCES UNTIL A PENDING
APPEAL IS DECIDED

The plaintiff Massachusetts Association for Retarded Citizens, now known as Arc of Massachusetts (hereafter "the Arc"), opposes the Fernald Plaintiff's Motion for an Order to Prohibit Transfers from the Fernald Developmental Center pending a decision by the Court of Appeals for the First Circuit of an order in these closed cases. In accordance with Local Rule 7.1(B)(2), the Arc states the following reasons for its opposition:

1. The Fernald plaintiff has not complied with Local Rule 7.1(B)(1) which requires the moving party to "file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted." Without such a memorandum, the plaintiff Arc can respond only to what it supposes to be the Fernald plaintiff's intent and the legal basis and support for its motion.

1

2. Neither the Fernald plaintiff's motion nor the affidavit attached to it makes any allegation of any violation by the defendant Department of Mental Retardation ("DMR") of the Court's Order of August 14, 2007. Nor does the Arc know of any facts that would support such an allegation.

3. Neither the motion nor the affidavit alleges any violation by DMR of the Stipulation entered into by DMR and the Fernald plaintiffs, Doc. # 30, filed December 29, 2004, and approved by this Court on January 20, 2005, see Transcript of status hearing January 20, 2005 at pp. 45-46, regarding the conduct of ISP meetings at Fernald. Nor does the Arc know of any facts that would support such an allegation.

4. The factual allegations in the affidavit attached to the motion are based entirely on the affiant's "information and belief," are almost totally hearsay, and have no probative value. Moreover, based upon the Arc's understanding of the situation discussed in the affidavit attached to the motion, many of the alleged facts appear simply to be not true.

5. Some residents of Fernald, like many other persons with disabilities who live in the community, do not have family members who are willing or able to serve as their guardians. In such cases, Massachusetts law allows for the appointment of certain eligible corporate entities, such as GBARC,[1] to act as fiduciaries. Mass. Gen. L. c. 201, § 6A(a). The Probate Court must find the guardian to be "suitable," *Id.; New England Merchants Nat. Bank v. Spillane,* 14 Mass. App. Ct. 685, 693, 442 N.E.2d 421 (1982)("[T]he

---

[1] The Arc and GBARC, Inc. are separate corporate entities. At least one individual who has corresponded with the Court, see Doc. 241 (letter from Dorothy Roleau dated February 17, 2008) has alleged that the Arc was part of a "concerted effort" with GBARC and others to cause transfers from Fernald. This allegation is erroneous.

2

[probate] court must exercise its power [to appoint] with a view to the best interests of the ward. In addition, the person appointed must be found to be suitable to serve as guardian." [internal quotation marks and citations omitted]), and the court is responsible to oversee the guardian's efforts on behalf of its ward. *Guardianship of Bassett,* 7 Mass. App. Ct. 56, 64, 385 N.E.2d 1024, 1029 (1979)("Once the court's protective jurisdiction attaches, it is not limited by any narrow bounds, but it is empowered to stretch forth its arm in whatever direction its aid and protection may be needed. . . ." [citations omitted]).[2]

6. There is no credible allegation in the motion or affidavit that the guardian, GBARC, has acted improperly, or in violation of its statutory or fiduciary duties, or, for that matter, in violation of any state or federal law, or any of the provisions of this Court's orders.

7. In the absence of any violation by the defendant of this Court's orders, if the Fernald plaintiff objects to the manner in which the guardian, GBARC, has exercised its fiduciary duties to its ward, the proper forum, if any, for its objections is the state Probate and Family Court that appointed the guardian. Federal courts do not have subject matter jurisdiction over actions of a state appointed guardian. *Wilson v. Shumway,* 264 F.3d 120, 125 (1st Cir. 2001)(Under the *Rooker-Feldman* doctrine, a district court does not have subject matter jurisdiction over a guardian's actions as retaining jurisdiction would place the district court in the position of reviewing a probate court's decisions.)

8. The Fernald plaintiff has consistently argued that guardians have the right to make the final decisions about where their wards should reside, even if the treatment

---

[2] The ward in this case, Lawrence Bassett, is a *Ricci* class member. At the time of the Appeals Court's opinion, The Friends of Belchertown State School was the corporate guardian.

3

team or any members thereof disagree. The plaintiff has been quick to abandon that

position when, as here, the guardian has made a decision with which the plaintiff

disagrees.

9. In order to prevent GBARC and other guardians from exercising their right to

choose a placement in the community or in an ICF/MR other than Fernald, the plaintiff

filed this motion to prevent any voluntary transfers from Fernald.

10. An order prohibiting discharges will make it impossible for those residents

and their guardians who do not want to remain at Fernald and who desire transfer to

another ICF/MR or to the community to exercise the rights guaranteed to them by the

orders of this Court and by state and federal law.

11. For example, Federal laws such as Section 504 of the Rehabilitation Act, 42

U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12134(b), require that states provide services to qualified individuals in the most

integrated setting appropriate to each person's needs. The Supreme Court has held that

unjustified institutional segregation and isolation constitutes unlawful discrimination

under the ADA and its regulations. *Olmstead v. L.C. ex. rel Zimring*, 527 U.S. 581

(1999). Services provided by the State and funded by Medicaid, including ICF/MR and

community services, must be furnished "with reasonable promptness." 42 U.S.C.

1396a(a)(8). Under ¶ 2(d) of the 1993 Final Order, the defendants must comply with

relevant Medicaid provisions. *Ricci v. Okin*, 823 F. Supp. 984, 987 (D. Mass. 1993).

12. State law provides that "[n]o mentally retarded person may be retained at a

facility except under the provisions section six and seven [of chapter 123B]". G.L. c.

123B § 5. There is no provision under state law for involuntary retention of a person

4

with mental retardation in a facility and, as a result, those admitted under voluntary

admission procedures "shall be free to leave such facility at any time." G.L. c. 123B § 7.

If the individual was admitted by a guardian, the guardian "may withdraw the person at

any time." *Id.*

13. Class members who or whose guardians desire discharge from Fernald would

be irreparably harmed by an order such as that sought by the Fernald plaintiff.

WHEREFORE, inasmuch as the Fernald plaintiff has not complied with the Local

Rules, and has not alleged any violation of any of this Court's orders, and because the

Court does not have jurisdiction over the actions of a guardian appointed by a state court,

and because an order would be contrary to state and federal law, the motion for an order

forbidding placements should be denied.

February 25, 2008                              Respectfully Submitted,

                                               Arc Massachusetts, Inc.
                                               By its attorneys,

                                               /s/ Robert D. Fleischner___
                                               Robert D. Fleischner (BBO # 171320)
                                               Steven J. Schwartz (BBO # 448440)
                                               Center for Public Representation
                                               22 Green Street
                                               Northampton, MA 01060
                                               (413) 586-6024

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Dated: February 25, 2008           /s/ Robert D. Fleischner
                              Robert D. Fleischner