UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Simpson Ricci, *et al.*, | CIVIL ACTION Nos. |
| | 72-0469-T |
| | 74-2768-T |
| Plaintiffs | 75-3910-T |
| | 75-5023-T |
| v. | 75-5210-T |
| Robert L. Okin, *et al.*, | |
| Defendants | |

**THE DEPARTMENT OF MENTAL RETARDATION'S
MOTION TO STRIKE THE FERNALD PLAINTIFFS'
*MOTION TO PROHIBIT TRANSFER OF FDC RESIDENTS PENDING APPEAL***

Without any prior notice to the defendants, the Fernald class of plaintiffs last Thursday filed a *Motion to Prohibit the Transfer of Residents from the Fernald Developmental Center to Other ICF/MRs and Community Residences Until the Pending Appeal of* Ricci et al. v. Patrick et al. *Is Decided by the United States Court of Appeals for the First Circuit* (the "Fernald Motion"). A two-page affidavit of the president of the Fernald League, Marilyn Meagher, relating unfounded allegations "on information and belief," accompanied the Fernald Motion. The Department of Mental Retardation ("the Department") hereby moves to strike from the Court's docket both the Fernald Motion and the Meagher Affidavit as these pleadings were filed in violation of key provisions of the Order by which this Court terminated the above-captioned consolidated cases on May 25, 1993.

In its Order of May 25, 1993 (the "Final Order"), this Court expressly decreed that "[t]hese five consolidated cases shall be and hereby are closed and removed from the court's active docket. Any action to enforce the rights of the plaintiff classes may be brought before the court *only*

pursuant to the terms of paragraph 7 below." Final Order, ¶ 1 (emphasis added). Paragraph 7 of the Final Order provides, in relevant part, as follows:

> a. If the defendants substantially fail to provide a state ISP process in compliance with this Order, or if there is a systemic failure to provide services to class members as described in this Order, the plaintiffs may seek enforcement of the Order pursuant to this paragraph. Individual ISP disputes shall be enforced solely through the state ISP process.
>
> \*    \*    \*
>
> c. Should the plaintiff class believe that the defendants are not in substantial compliance with this Order with regard to systemic issues, plaintiffs may seek to reopen this case and to restore this case to the active docket and to move for enforcement of this Order only after the following steps have occurred:[fn 5][1] (1) plaintiffs have given written notice to defendants of the alleged non-compliance, including the facts alleged and the provision of the Order involved; (2) defendants have been provided with 30 days to review and respond to plaintiffs' notice, and to inform plaintiffs of any proposed plan of correction; (3) plaintiffs and defendants (or their respective counsel) have met personally at least twice to discuss and seek to resolve any remaining dispute under the notice. The court shall have jurisdiction to enforce the provisions of this Order pursuant to this paragraph, which shall be the exclusive means of enforcing this Order.

Hence, in order to invoke the jurisdiction of this Court, the Fernald plaintiffs must first serve the Department with written notice of each alleged noncompliance they wish to raise with the Court and also set forth adequate supporting facts to permit a response. Final Order, ¶ 7(c). Not only has that not occurred here, none of the instances of alleged noncompliance with court orders cited in the

---

[1] Footnote 5 in the Final Order states: "The procedures required by this subparagraph will apply except in a situation where serious irreparable harm would result if all the requirements were met; in such a situation, plaintiffs shall give the maximum practical notice and the parties shall comply with all the requirements to the extent possible, given the urgency of the situation." Here, the Fernald plaintiffs do not allege any emergent situation that would justify failure to comply fully with the requirements of ¶ 7(c). Even if one were to deem the need for a response by the Fernald plaintiffs to recent transfers to be time-sensitive in nature, nothing alleged by the Fernald plaintiffs or Ms.

Fernald Motion or Meagher Affidavit have ever been the subject of *any* prior written communication from Fernald Class Counsel.  Under the Final Order, the Department is then entitled to "30 days to review and respond to plaintiffs' notice, and to inform plaintiffs of any proposed plan of correction."  Final Order, ¶ 7(c).  The parties (or their respective counsel) are then obliged to convene two face-to-face meetings "to discuss and seek to resolve any remaining dispute under the notice."  *Id.*  Contrary to his obligation under ¶ 7(c), the current Fernald Class Counsel has never "met personally" with the defendants' counsel "to discuss and seek to resolve" the matters raised in last week's pleadings.

Furthermore, neither the Fernald Motion nor the Meagher Affidavit alleges the existence of a noncompliant ISP process or identifies "a systemic failure to provide services to class members" that has been properly raised and discussed with the Department as required by paragraph 7(c) of the Final Order.  This failure to abide by the terms of the Final Order precludes the Fernald plaintiffs from seeking relief directly from the Court.  The Department cannot simply be haled into federal court in a closed case if the sole basis for federal jurisdiction consists of the terms of a court order with which the plaintiffs have not complied.  Additionally, because the Department has noticed an appeal in this case, and for the reasons stated in its recently-filed *Motion to Stay Further Proceedings*, this Court lacks jurisdiction to proceed further with this case until a mandate issues from the First Circuit.  See, e.g., United States v. Brooks, 145 F.3d 446 (1st Cir. 1998); United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993) (filing of a notice of appeal "divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.")  The Department's appeal in this case encompass the subject matters of the Fernald plaintiffs' recent

---

Meagher precluded them from first consulting with the Department prior to filing their motion.

pleadings.

In any event, under the Final Order, exhaustion of ¶ 7(c) processes must occur before resort to this Court. Adherence to the prerequisites for filing a motion to re-open a case mandated by the Final Order is warranted for the pragmatic reason that this Court should not be inundated with groundless allegations of noncompliance that arise because outside parties (such as the Fernald League) misconstrue certain actions taken by the Department. If given the chance to meet with Class Counsel in a ¶ 7(c) conference to discuss some of the brand-new allegations of noncompliance grounded upon misinterpretations of recent transfer activity, the Department would demonstrate to Class Counsel that the negative conclusions he obviously has drawn from incomplete, misleading, or false data are unwarranted. This Court would then have fewer contentious issues with which to grapple. With respect to the most significant allegations contained in the Fernald Motion, however, Fernald Class Counsel never even *initiated* the process mandated by ¶ 7(c) of the Final Order.[2]

If this Court denies the instant *Motion to Strike*, and the Department's companion *Motion to Stay Further Proceedings*, then the Department is prepared file, with the leave of the First Circuit, a comprehensive rebuttal to all of the unfounded allegations contained in the Fernald Motion and the Meagher Affidavit, consistent with its right under the Final Order to take thirty days to prepare a detailed response to the latest Fernald Class allegations of Decree noncompliance.

---

[2] The Department also grounds this motion on the bases stated in the *Plaintiff Massachusetts Association for Retarded Citizens' Opposition to Fernald Plaintiffs Motion to Prohibit the Transfer of Residents from the FDC to Other ICF/MRs and Community Residences Until a Pending Appeal Is Decided.* See docket no. 246.

## CONCLUSION

For all of the reasons detailed herein, this Court should strike from its docket both the Fernald Motion and the Meagher Affidavit and decline to take further action until such time as this Court has proper jurisdiction over this matter and Fernald Class Counsel has fully complied with the provisions of the Final Order relative to the opening of a closed case.

Respectfully submitted by the

DEPARTMENT OF MENTAL RETARDATION
and all other defendants,

Through their attorneys:

MARTHA COAKLEY
ATTORNEY GENERAL


/s/ Robert L. Quinan, Jr.
_____
Robert L. Quinan, Jr.  BBO No. 553010
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th floor
Boston, MA  02108
(617) 727-2200, ext. 2554


Dated:  February 25, 2008


**CERTIFICATE OF SERVICE**

I, Assistant Attorney General Robert L. Quinan, Jr., do hereby certify that a copy of the above *Motion to Strike* is being mailed via first class to all counsel of record who are not registered with the Court's Electronic Case Filing system.

Date:   February 25, 2008

   /s/ Robert L. Quinan, Jr._____
Robert L. Quinan, Jr.