UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | | |
|---|---|---|---|
| **ROBERT SIMPSON RICCI**, *et al.*, | ) | | |
| | ) | CA Nos. | 72-0469-T (Belchertown) |
| Plaintiffs, | ) | | 74-2768-T (Fernald) |
| | ) | | 75-3910-T (Monson) |
| v. | ) | | 75-5023-T (Wrentham) |
| | ) | | 75-5210-T (Dever) |
| **ROBERT L. OKIN**, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

INTERVENOR DISABILITY LAW CENTER'S OPPOSITION TO FERNALD
PLAINTIFF'S MOTION TO PROHIBIT THE TRANSFER OF RESIDENTS FROM
THE FERNALD DEVELOPMENTAL CENTER TO OTHER ICF/MRS AND
COMMUNITY RESIDENCES UNTIL A PENDING APPEAL IS DECIDED

The intervenor Disability Law Center, Inc., opposes the Fernald Plaintiff's motion for an order prohibiting transfers pending a decision by the Court of Appeals for the First Circuit.  In accordance with Local Rule 7.1(B)(2), the intervenor states as follows:

1. On August 14, 2007, the Court dissolved its Order of February 8, 2006, which had prohibited transfers from Fernald to other ICF/MRs or community residences (Document #219).

2. During the term of the Court's previous order, at least two guardians had experienced difficulty voluntarily moving their family members from Fernald to other residences.

1

3. During and after the Court's hearing on March 7, 2007, the intervenor became aware of a guardian who had been unable to move her adult child from Fernald to a community placement as a result of the February 8, 2006 order.

4. The intervenor assisted this individual in obtaining relief through the U.S. Attorney's office, which filed a motion to allow the guardian to move the resident to a community residence (Document #161), which was allowed by the Court (Docket #164).

5. Thereafter, during the summer of 2007, the intervenor became aware of other guardian who had been unable to move his brother from Fernald for an extended period of time.

6. Not only did this guardian strongly desire this move, but the Fernald resident did as well. The guardian explained that on his visits, his brother "*repeatedly asked me when he will be able to move to the group home. Fernald staff have also told me that he has repeatedly made this request of them.*" Affidavit (Document #212-3) ¶7-8.

7. This guardian had been trying to remove his brother from Fernald for over a year. He was unable to do so as a result of the Court's prohibition on transfers. Affidavit (Document #212-3), ¶ 3, 9-10.

8. After learning about the difficulties experienced by this guardian and his brother, the intervenor sought relief from this Court on their behalf, first filing a motion for leave to file pleadings under seal (Document #206) (July 5, 2007) and then a motion to allow the transfer (Document #212) (July 12, 2007) which was allowed by the Court on July 31, 2007 (Document #218).

9. Another order prohibiting voluntary transfers may create similar unintended hardships for other guardians and residents who seek to voluntarily relocate to other

community residences or ICF/MRs. Moreover, such a restriction on voluntary transfers would create conflicts with federal and state law.

10. Prohibiting voluntary transfers from an ICF/MR is inconsistent with federal and state laws that require community integration and the least restrictive placement for individuals with disabilities who have expressed a preference to leave the facility.

11. Section 504 of the Rehabilitation Act, 42 U.S.C. sec. 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. sec. 12134(b), require that public entities provide services to qualified individuals in the most integrated setting appropriate to each person's needs. The Supreme Court has held that unjustified institutional segregation and isolation constitutes unlawful discrimination under the ADA and its regulations. *Olmstead v. L.C. ex. rel Zimring,* 527 U.S. 581 (1999).

12. Federal Medicaid statutes require that services elected by the state to be funded by Medicaid (such as ICF/MRs, or Home and Community Based Waiver services such as some community residences) must be furnished "with reasonable promptness." 42 U.S.C. 1396a(a)(8). The Commonwealth must also allow persons with mental retardation the freedom to choose whether to receive such services in a state-operated facility or in a community residence. 42 U.S.C sec. 1396n(c)(2)(C). Under ¶ 2(d) of the 1993 Disengagement Order, the defendants must comply with relevant Medicaid provisions. *Ricci v. Okin*, 823 F. Supp. 984, 987 (D. Mass. 1993).

13. State statutes also allow individuals who are voluntary residents of ICF/MRs to leave or withdraw from these facilities whenever they or their guardians desire. State law provides that "[n]o mentally retarded person may be retained at a facility except under the provisions section six and seven [of chapter 123B]". G.L. c. 123, section 5.

3

There is no provision under state law for the involuntary retention of a person with mental retardation in a facility and, as a result, those admitted under voluntary admission procedures "shall be free to leave such facility at any time." G.L. c. 123B, section 7. If the individual was admitted through a guardian, then the guardian "may withdraw the person at any time." *Id.*

  *WHEREFORE,* considering the potential for hardships and undue delay to other guardians, and in light of the conflicts between the order sought and federal and state law, the intervenor respectfully requests that the motion for an order prohibiting transfers be denied.

Respectfully Submitted,

DISABILITY LAW CENTER, INC.

By its Attorney,

Dated: February 25, 2008

/s/ Richard M. Glassman
Richard M. Glassman (BBO # 544381)
Stanley J. Eichner (BBO# 543139)
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
(617) 723 8455
rglassman@dlc-ma.org
seichner@dlc-ma.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing opposition was filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Fernald/Monson/Belchertown Classes**
Beryl Cohen, Esq.
11 Beacon St., Rm. 900
Boston, MA 02108

**Wrentham Class**
Margaret M. Pinkham
Daniel J. Brown
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

**Dever Class**
Cornelius J. Moynihan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

**ARC**
Steven J. Schwartz, Esq.
Robert Fleischner, Esq.
Center for Public Representation (CPR)
22 Green Street
Northampton, MA 01060

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts 02118

Dated: February 25, 2008                    /s/ Richard M. Glassman
                                            Richard M. Glassman