UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Simpson Ricci, *et al.*, | CIVIL ACTION Nos.<br>72-0469-T<br>74-2768-T<br>75-3910-T<br>75-5023-T<br>75-5210-T |
| v.             Plaintiff | |
| Robert L. Okin, *et al.*,<br>            Defendants | |

**RESPONSE BY THE ARC OF GREATER BOSTON TO
PLAINTIFF'S MOTION TO PROHIBIT THE TRANSFER OF RESIDENTS
FROM THE FERNALD DEVELOPMENTAL CENTER**

**I.    Introduction**

On February 21, 2008, Plaintiff, on behalf of Fernald Developmental Center residents, filed a Motion to Prohibit the Transfer of Residents From the Fernald Developmental Center. Plaintiff seeks the requested prohibition until after the First Circuit of Appeals renders a decision on a pending appeal. A hearing is scheduled on this Motion for February 26, 2008.

Within its Motion and supporting affidavit, Plaintiff directly or indirectly implicates the ARC of Greater Boston (hereinafter referred to as the "ARC") as having committed potential actions in violation of this Court's Orders. Although not a party to this matter, the ARC argues that a response to the motion is necessary and required. Accordingly, the ARC retained Counsel on this date to accomplish this purpose. Due to the short notice of the hearing date as well as counsel's conflict with a state court matter, counsel is unable to attend the scheduled hearing. In lieu of attendance, this response is being provided.

{Client Files\EMP\245085\0999\AAG\B0146942.DOC;1}

## II.   Discussion

In its Motion, Plaintiff contends that certain residents of the Fernald Development Center have been transferred into community residences in violation of the Court's August 17, 2007 order. That order stating in relevant part that:

> Any further communication from Defendant Commonwealth of Massachusetts, Department of Mental Retardation to Fernald residents and their guardians which solicits choice for further residential placement shall include Fernald among the options which residents and guardian may rank when expressing their preferences.

Plaintiff's Motion and accompanying affidavit of Marilyn Meagher, President of the Fernald League, indicate that certain residents have recently been moved into community residences against their wishes. In particular, Plaintiff refers to the community placement of "AT" into a community home in Bedford, Massachusetts after having resided at Fernald for approximately fifty (50) years.[1] The ARC of Greater Boston is the corporate guardian for AT as well as other individuals who have recently transferred from Fernald into community residential placements.

The ARC is a party to a contract with the Department of Mental Retardation to provide corporate guardianship services to various individuals. It does so as part of its mission to advocate for services and supports that people with disabilities and their families say they want or they need as well as supporting individuals with disabilities to achieve their goals as valued members of the community. In providing these services, they are implemented in an independent manner despite the contractual relationship with the Department of Mental Retardation. While the ARC would regularly seek the input from all relevant parties or sources,

---

[1] For purposes of privacy, the resident is referred to by initials only. Any other resident mentioned in this document shall be referred to in the same or similar manner.

any guardianship decisions are made and implemented internally to the organization. (See affidavit of Terri Angelone attached as Exhibit "A").

In performing its duties as guardian for residents of the Fernald Developmental Center, the ARC is fully aware of the Order issued by this Court with regard to community placements. At all times, the ARC has adhered to the order of the Court. Any decisions with regard to transferring to the community have included the option for the individual to remain at Fernald if they so choose. In addition, any individual that does make the decision to transfer out of Fernald is also provided with the option to return if they are not satisfied with the community placement. (See Angelone affidavit at Exhibit "A" and Affidavit of Carrie Johnson attached as Exhibit "B"). All decisions that have been made were done so with the consent of the individual involved or after a determination was made that the new home would offer the highest possible standard and quality of living. (See Angelone Affidavit). At no time, contrary to the unsupported arguments raised by the Plaintiff has the ARC forced its own decisions upon the individuals being questioned. All decisions were made after communication with the resident, representatives of the Department of Mental Retardation, staff at Fernald, clinicians and other relevant individuals. There is no support for Plaintiff's allegations to the contrary.

A. **AT was transferred as a Result of her Own Decision to Transfer and not in Violation of the Court's Order**

In its motion, the Plaintiff has implied that the ARC has not adhered to the Orders of this Court and has transferred individuals against their wishes. In particular, the Meagher affidavit focuses on the transfer of AT after she has resided at Fernald for close to if not in excess of fifty (50) years. While the affidavit clearly implies wrongdoing on the part of the ARC, this is not the case. Exhibit "B" to this document is the affidavit of Carrie Johnson which sets forth the

3

procedure that was implemented prior to the transfer of AT. Contrary to Ms. Meagher's statements, the transfer of AT was not against her wishes. It was in fact, AT's decision to ultimately live in the home in Bedford, Massachusetts. AT is vocal and able to provide her opinion. As Ms. Johnson's affidavit indicates, a transition process was put into place where AT could visit the community home. During the transition process, there was no pressure of any kind placed upon AT to move. After visiting with friends in the new home, it was AT who verbalized the decision that she wanted to move. At all times, she was informed that if she wished to remain at Fernald, she could do so. It was AT that called the Bedford residence "home" on February 13, 2008, which was a date prior to the anticipated move date. The decision to transfer AT was not conducted at the behest of the Department of Mental Retardation. Nor was this transfer accomplished as a result of replacing guardians as alleged by Ms. Meagher. At any point in time prior to the transfer, AT or her ISP/ITP team could have contacted the guardian with any concerns about they move. No such communication took place. (See Angelone and Johnson affidavits). Should AT decide that the Bedford home is not the proper option for her, she has the ability to request to be transferred back to Fernald.

The allegations raised by the Plaintiff and Ms. Meagher as they relate to the conduct of the ARC are without merit and should not be relied upon by the Court in determining whether to grant the relief requested.

### B.   Other Former Residents of Fernald

While the focus of Plaintiff's Motion is upon the ARC's actions regarding AT, reference is also made to other individuals transferred into the community. The ARC has implemented the same procedure for all individuals it serves as guardian that has been outlined above. No

individual has been transferred from Fernald unless they wanted to leave or it has been determined to be in their best interest, taking into consideration their standard and quality of living. More importantly, all individuals that have been offered the option to move into the community have been provided with the choice to stay at Fernald. None of the individuals referred to in Plaintiff's motion indicated a preference to stay to the ARC Guardianship staff. (See Johnson affidavit).

### C. The ARC of Greater Boston is not the Agent of the Department of Mental Retardation

In its motion, the Plaintiff alludes to the ARC being an agent of the Department or in collusion with them in transferring individuals from Fernald. This is far from the case and the Plaintiff has provided no facts to support such an allegation. It is these implications that have been raised by the Plaintiff that the ARC felt compelled to file this response with the Court. The ARC was not a party to this matter but has been implicated to directly or as an agent of the Department of Mental Retardation to have violated the Court's order. Whether as an agent or not, no Order of the Court has been violated.

The ARC acts independently in making its decisions with regard to what it determines in its capacity as guardian to be in the best interest of its wards. As long as the ARC performs its services in a manner that is consistent with the Court's Orders, there should be no concern. In the instant matter, the primary issue of concern is whether any resident of Fernald for which the ARC is serving as guardian is provided with the option of remaining at Fernald as opposed to moving into the community. Such options were presented by the ARC for it's wards that recently moved. Should the ARC have any additional wards currently residing at Fernald it will continue to adhere to this practice.

### D. Relief Requested

In its motion, the Plaintiff requests that the Court prohibit the transfers of any individuals until such time as the Court of Appeals renders a decision on the pending appeal. The ARC would be opposed to such an action. What we feel should be of paramount importance to the Court is the language of the August 14, 2007 Order. For any individuals that the ARC serves as guardian, the option should remain for individuals to live in the community. Such options will continue to be made with the individual being fully apprised of their right to remain at Fernald.

It is not completely clear from its motion whether the Plaintiff seeks that AT and the other individuals served by the ARC be transferred back to Fernald. We certainly hope this is not the case. The ARC maintains that such as a decision would ultimately be detrimental to the individuals. Any such requested relief should not be granted.

### III. Conclusion

For the reasons set forth above, The ARC of Greater Boston felt compelled to respond to the Motion filed by the Plaintiff. The motion should be dismissed as it relies upon incorrect information as it relates to actions taken by the ARC.

The undersigned apologizes to the Court for not being able to be present at the scheduled hearing. Due to the short notice and a scheduling conflict, a physical appearance is not possible. It is requested that this document and the attached affidavits be accepted in lieu of such physical appearance.

          Respectfully submitted,

          ARC of GREATER BOSTON
          By its counsel


          _____/s/ Alfred A. Gray, Jr._____
          Alfred A. Gray, Jr. (Mass BBO #542377)
          Bowditch & Dewey, LLP
          One International Place, 44th Floor
          Boston, MA  02110
          617-757-6514

Dated: February 25, 2008



    I, Alfred A. Gray, Jr, do hereby certify that I served a copy of this response to all counsel of record by entering the document in the US District Court's electronic filing system on this 25th day of February, 2008.


          _____/s/ Alfred A. Gray, Jr._____
          Alfred A. Gray, Jr.

{Client Files\EMP\245085\0999\AAG\B0146942.DOC;1}