UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SIMPSON RICCI, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | Civil Action Nos. 72-0469-T |
| v. | * | 74-2768-T |
| | * | 75-3910-T |
| | * | 75-5023-T |
| ROBERT L. OKIN, et al., | * | 75-5210-T |
| | * | |
| Defendants. | * | |

<u>MEMORANDUM</u>

February 27, 2008

TAURO, J.

Plaintiff Ricci class members recently alleged that Defendants failed to comply with this court's August 14, 2007 Memorandum [#219] and accompanying Order [#220] ("Memorandum and Order") when they transferred A.T., a 91-year-old, legally blind, hearing impaired, mentally retarded woman, from the Fernald Developmental Center to another facility, on February 13, 2008.[1]

In response, this court convened an Emergency Hearing on February 26, 2008. Following the Hearing, this court issued an Order [#251] continuing United States Attorney Michael Sullivan's appointment as Court Monitor to advise the court whether the circumstances surrounding A.T.'s transfer complied with the Memorandum and Order.

---

[1] <u>See</u> Docket Nos. 240; 241; 242; 244.

1

This court acknowledges that the Parties appealed the Memorandum and Order to the United States Court of Appeals for the First Circuit.[2] The appeal, however, does not divest this court of jurisdiction to enforce its orders and judgments. This court has jurisdiction to conduct an inquiry and related proceedings for at least three reasons, each of which is independently sufficient to retain jurisdiction.

First, the inquiry here relates to matters not involved in the appeal.[3] The Parties appealed the August 14, 2007 Memorandum and Order on September 12, 2007, while A.T.'s transfer occurred several months later, on February 13, 2008.

Second, the inquiry and related proceedings are actions to aid the execution of a judgment of this court.[4] The Memorandum and Order supplemented the 1993 Final Order in this case, and

---

[2] See Notice of Appeal [#224]; Joint Notice of Appeal of Plaintiff Massachusetts Association for Retarded Citizens, Inc., and Plaintiff Intervenor Disability Law Center [#225]; Notice of Appeal [#226].

[3] "[A]s a general rule, the filing of a notice of appeal divests a district court of authority to proceed with respect to *any matter touching upon, or involved in, the appeal*." See United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) (emphasis added). Shared jurisdiction, however, is possible, and "flourishes in a circumscribed cluster of situations, the handling of which is not inconsistent with the prosecution of an appeal." Id. at 456.

[4] A court may take "actions in aid of execution of a judgment that has been appealed and not stayed." Id.; United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995) ("But the [general] rule is not absolute, for even after the appeal is filed the district court retains authority to decide matters not inconsistent with the pendency of the appeal . . . . A district court may, for example, . . . act in aid of execution of a judgment that has been appealed but not stayed."). Other circuits, as well as leading federal practice authorities, take a similar position with respect to unstayed judgments. See, e.g., Am. Town Ctr. v. Hall 83 Assoc., 912 F.2d 104, 110-111 (6th Cir. 1990) ("while as a general rule a notice of appeal divests the district court of its jurisdiction to expand upon an opinion, the district court retains jurisdiction to enforce its judgment so long as the judgment has not been stayed or superseded.") (internal citations and quotations omitted); Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 n.2 (5th Cir. 1984) ("An exception to this rule is that once a notice of appeal is filed the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded."); 20-303 Moore's Federal

served to close the reopened case.[5] Neither this court nor the Court of Appeals has stayed the Memorandum and Order, nor has anything superceded the Memorandum and Order. The Memorandum and Order are, therefore, still live and subject to enforcement by this court. The inquiry by the United States Attorney will determine whether Defendants are complying with the directives contained therein.[6] Accordingly, the inquiry aids this court's enforcement of the orders and judgment in this matter. Indeed, if this court could not supervise the enforcement of its orders and judgments, parties could freely violate them simply because a case is on appeal. Here, in the context of vulnerable individuals, the consequences of non-compliance may be dire.

Lastly, and relatedly, because the Memorandum and Order have not been stayed, this court may take action to maintain the status quo. From the time of the Memorandum and Order, to the present Hearing (February 26, 2008), the status quo consisted of Defendants following the procedures outlined in the Memorandum and Order. Accordingly, if the Defendants are no longer following these procedures, this court may take action to return to the previous state of compliance. As noted, an inquiry is essential to this determination.

---

Practice - Civil § 303.32 ("Until the district court's judgment is superseded or stayed, the judgment is fully in effect and the district court retains the authority to enforce the judgment. However, the district court may not enlarge or alter the scope of the judgment after a notice of appeal has been filed.").

[5] See Memorandum [#219] ("The court believes that the Commonwealth's compliance with this order will remedy the systemic failure identified. Accordingly, the case may again be closed. All terms of the court's Final Order, in addition to the order referred to above, remain in effect.").

[6] The inquiry solely concerns compliance with the existing Memorandum and Order, and does not enlarge or alter the scope of either in any way.

Accordingly, this court has jurisdiction to refer the matter to the United States Attorney for an inquiry, as well as to conduct related proceedings.

                                                  /s/ Joseph L. Tauro
                                            United States District Judge