UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ROBERT SIMPSON RICCI, *et al.*     )     Civil Action Nos. 72-0469-T (Belchertown)
                                        )          74-2768-T (Fernald)
        Plaintiffs,                )          75-3910-T (Monson)
                                        )          75-5023-T (Wrentham)
ROBERT L. OKIN, *et al.*            )          75-5210-T (Dever)
                                        )
        Defendants.                )
_____ )

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF JOINT MOTION TO STRIKE PLEADINGS OF THE ASSOCIATION
OF RETARDED CITIZENS OF GREATER BOSTON**

Although this case involves a substantial number of parties, ARC of Greater Boston is

not among them.  ARC of Greater Boston's only purported interest in this case relates to its role

as corporate guardian for certain class members.  As a non-party, it must be granted leave to

intervene in order to assert any claims or rights on its own behalf in this case.  Absent

intervention, ARC of Greater Boston is precluded from filing any pleadings in this action.

The Plaintiffs are wary of non-parties improperly interjecting themselves into this case.

For example, the Association of Development Disability Providers ("ADDP"), which was

granted leave to file an amicus brief in this case in early 2007, filed a notice of appeal after the

Court issued its August 14, 2007 Order despite the fact that it was not a party and therefore did

not have standing to appeal.  Following the mandatory Local Rule 7.1 conference, ADDP

voluntarily withdrew its notice of appeal.

A.     **Counsel in Class Actions Represent Class Members As a Whole, Not
        Individual Guardians.**

Over thirty years ago, this court certified the Fernald residents as class members pursuant

to Fed. R. Civ. P. 23.  Under Rule 23, the court commands sole discretion to certify classes and

appoint adequate counsel to represent the interest of all class members.  Accordingly, the court

appointed representation for each class in this case who subsequently filed appearances and have

participated for the last thirty-five years as counsel. Rule 23 requires notice to absent class

members that they may enter an "appearance" through their own counsel if the member so

desires. Fed. R. Civ. P. 23(c)(2)(B). This rule does not, however, permit the mere filing of an

appearance by additional counsel. *Ramsey v. Arata*, 406 F. Supp. 435, 442 (N.D. Tex. 1975).

Rather, the "rule is only intended to afford absent class members the opportunity to receive

pleadings and other papers in the case so that they may decide whether to intervene." *Id.* That

certification procedure happened over 30 years ago, and there has not been any suggestion that

class counsel is not adequately representing the class members. One of the reasons this case was

certified as a class action was to avoid the chaos that would result if every class member's

guardian hired a separate lawyer to file pleadings.

**B.    Prior to  Appearing in the Case, the ARC of Greater Boston must Move to Intervene Pursuant  to the Federal Rules of Civil Procedure.**

Fed. R. Civ. P. 24 governs the right to voluntarily join as a party to an action. Under

Rule 24 there are two types of intervention: intervention of right, and permissive intervention.

Only in limited circumstances where a specific statute provides the basis for intervention, or a

party can demonstrate that its rights will be impeded if it is not joined and its rights will not be

adequately represented by current participants, is an individual permitted to intervene as a matter

of right. Fed. R. Civ. P. 24(a). A party seeking either type of intervention is required to file a

timely motion outlining the grounds for intervention and the individual's claim or defense. Fed.

R. Civ. P. 24(c); *See Donnelly v. Glickman*, 159 F.3d 405, 411-12 (9th Cir. 1998) (movant

seeking intervention must prove that its motion is timely).

The ARC of Greater Boston did not move to intervene. Instead, it simply filed a

Response to Plaintiff's Motion to Prohibit the Transfer of Residents From the Fernald

Development Center and subsequently filed the Notice of Appearance of Attorney Gray.   Again,

there has been no suggestion that the interests of Fernald class members are not being adequately

represented by class counsel and/or the other parties, nor is there any reason presented that might

justify permissive intervention.  Regardless, ARC of Greater Boston has not even sought to

intervene, and therefore, its appearance and filings in this case are improper and should be

stricken.

**II.    Conclusion**

Because ARC of Greater Boston failed to follow the prescribed procedure to become an

interested party in this case, all pleadings filed on behalf of ARC of Greater Boston should be

stricken.

Date:  March 13, 2008                        Respectfully submitted,

WRENTHAM ASSOCIATION                    PAUL A. DEVER ASSOCIATION

/s/ Daniel J. Brown                         /s/ Dennis Murphy
Margaret M. Pinkham (BBO#561920)            Dennis A Murphy, Esq.
Daniel J. Brown (BBO#654459)                Nixon Peabody, LLP
BROWN RUDNICK BERLACK ISRAELS LLP           100 Summer Street
One Financial Center                        Boston, MA 02110-2131
Boston, MA 02111                            617-345-1068
(617) 856-8200                              866-823-4234 (fax)
mpinkham@brownrudnick.com                   dmurphy@nixonpeabody.com
dbrown@brownrudnick.com

FERNALD / MONSON / BELCHERTOWN
PLAINTIFFS

/s/ Beryl Cohen
Beryl Cohen, Esq.
11 Beacon Street
Boston, Massachusetts  02108
617-742-3322
berylwcohen@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on any counsel of record unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**ARC**
Steven J. Schwartz
Robert D. Fleischner
Center for Public Representation (CPR)
22 Green Street
Northampton, MA  01060

**Disability Law Center**
Richard M. Glassman
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA  02108

**Office of the Attorney General**
Robert Quinan, Esq.
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts  02108

**Department of Mental Retardation**
Marianne Meacham, General Counsel
Commonwealth of Massachusetts
Executive Office of Health & Human Services
Department of Mental Retardation
500 Harrison Avenue
Boston, Massachusetts  02118

Electronic Notice will also be sent to the following non-party:

**ARC of Greater Boston**
c/o Alfred A. Gray, Jr., Esq.
Bowditch & Dewey, LLP
One International Place, 44th Floor
Boston, MA 02110

Dated: March 13, 2008                    /s/ Daniel J. Brown_____
                                         Daniel J. Brown

# 1545391 v6