UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | CIVIL ACTION Nos. |
| | 72-0469-T |
| Robert Simpson Ricci, *et al.*, | 74-2768-T |
|                        Plaintiffs, | 75-3910-T |
| | 75-5023-T |
| v. | 75-5210-T |
| | |
| Robert L. Okin, *et al.*, | |
|                        Defendants. | |
| _____ | |

**OPPOSITION TO PLAINTIFFS' JOINT MOTION TO STRIKE
PLEADINGS OF THE ASSOCIATION OF
<u>RETARDED CITIZENS OF GREATER BOSTON</u>**

**I.    <u>Introduction</u>**

On March 13, 2008, the Plaintiff class members, the Wrentham Association, Fernald, Monson and Belchertown Plaintiffs and the Paul A. Dever Association (collectively "Plaintiffs") filed a motion with the court to strike: a) Response by the ARC of Greater Boston to Plaintiff's Motion to Prohibit the Transfer of Residents from the Fernald Developmental Center, and b) the Notice of Appearance of Attorney Alfred A. Gray, Jr. As grounds for this motion, the Plaintiffs argue that the ARC of Greater Boston (hereinafter referred to as "ARC-GB") is not a party to this case and that the ARC-GB failed to file a motion to intervene. For the reasons discussed below, the ARC-GB opposes the Plaintiffs' motion.

**II.    <u>Background</u>**

Underlying Plaintiffs' motion is the motion filed on February 21, 2008 by the Fernald Plaintiffs to Prohibit the Transfer of Residents From the Fernald Developmental Center.

Fernald sought the requested prohibition after the First Circuit of Appeals rendered a decision on a pending appeal. A hearing was scheduled on this Motion for February 26, 2008.

Within its Motion and supporting affidavit, the Fernald Association directly or indirectly implicated the ARC-GB as having committed potential actions in violation of this Court's Orders. Based upon these allegations, the ARC-GB retained counsel on February 25, 2008. Although not a party to this matter, the ARC-GB submitted a written response to Fernald's motion arguing that a response was necessary and required. All parties were present at the hearing, and the Court heard testimony regarding the transfer of one particular Fernald resident known as A.T. The ARC-GB was permitted to participate in said hearing without the objection by any party. Subsequent to the hearing, the Court issued an Order wherein it was indicated that the U.S. Attorney's Office had been requested to conduct an investigation into whether or not the transfer of A.T. was conducted in compliance with the Court's previous Orders.

## II. Discussion

### A. The ARC of Greater Boston Should be Permitted to Permissively Intervene Despite Lack of Actual Motion

Plaintiffs maintain that the pleadings of the ARC-GB and the appearance of its counsel should be stricken due to the failure to file a timely motion to intervene. While Plaintiffs are technically correct that the ARC-GB failed to file a motion, it should nonetheless be permitted to remain an interested party in this matter, even if for a limited purpose. The ARC-GB argues that the Plaintiffs motion to strike is disingenuous in its attempts to hide behind a potential procedural error.

Plaintiffs appear to brush aside the fact that the Fernald Plaintiffs chose to file an emergency motion with this Court causing all parties to scramble to respond should they so desire, as most did.  The Plaintiffs also appear to ignore the fact that the motion filed by the Fernald Plaintiff was full of allegations of improper acts as it related to the transfers of individuals from the Fernald Developmental Center into the community.  Since the ARC-GB was not a party to this proceeding at the time the motion was filed, it did not receive notice as other parties did primarily via the Court's electronic filing system.  The ARC-GB had to rely on others to inform them of the motion and its contents.  Upon learning about the allegations lodged against the ARC-GB, it was forced to seek counsel in order to defend itself.  It should not be a surprise to any of the parties in this proceeding that in light of the allegations raised that the ARC-GB came forward to defend itself.  The ARC-GB was able to retain counsel on February 25, 2008 which left less than a day to prepare a response.  By the time the ARC-GB learned of the allegations and obtained counsel, there was simply insufficient time to move the Court for permission to intervene and then subsequently file a response if the motion was allowed.  The ARC-GB opted to file its response, particularly in light of the fact of its counsel's conflict for the scheduled Court hearing of which it was clear that no continuances would be allowed.  It was not until the proceeding started that the ARC-GB, as well as all parties present, came to the realization that testimony was going to be heard.

During the evidentiary hearing that took place on February 26, 2008, four witnesses provided testimony.  Two were current employees of the ARC-GB and one was a former employee whose last day was two business days earlier.  Clearly, the ARC-GB, through no fault of its own, became and was a central character in the proceeding for the day.  To intimate that the ARC-GB should not be a part of the proceeding, at least for the issues being

addressed, and should not have representation is disingenuous on the part of the collective Plaintiffs.

It is worth noting that at no time during the proceeding did any Plaintiff, or any other party for that matter, object to the ARC-GB's participation in the proceeding. The Court in permitting the ARC-GB to participate in essence permitted them to intervene. At the close of the hearing the Court itself proclaimed in response to arguments raised by the ARC-GB that it "[became] a character in the play because of your assumption of duties as guardian".[1] Clearly the Court did not and does not see anything improper about the ARC-GB having effectively intervened in this matter where clearly it has an interest in the issues being addressed.

### B. Class Action Representatives Do Not Represent the Interests of the Corporate Guardian

The Plaintiffs make the argument that as appointed class representatives they are the sole individuals to represent the interests of the class members. As such, the argument is made that it would be inappropriate to allow or permit another representative for members of the class. The ARC-GB asserts that the Plaintiffs' argument is flawed. While the Plaintiffs serve as class representatives for the residents of the various facilities in their thirty (30) plus year history to ensure adequate and appropriate services, the Plaintiffs do not serve as guardians of the individual residents and class members. Many residents, including A.T., have independent guardians whose function is to make decisions that are in their best interests. Ideally, the guardian and class representatives would have the same agenda, goals or intentions with regards to services for a particular ward. In this circumstance, the guardian, while performing its duties, has expressed views that are contrary to that of the class

---

[1] See page 206 of the transcript from the February 26, 2008 motion hearing.

representatives. Divergent opinions do not, as the Plaintiffs would want the Court to believe, trump to the class representatives.

The Plaintiffs appear to desire things solely their own way. However, because of their own actions, this cannot be the case. It was the Fernald Plaintiffs that opted to make allegations against the duly appointed corporate guardian. It would not stand to reason for the Plaintiffs to expect that simply because they are class representatives that the ARC-GB should remain silent with regard to the allegations raised. Clearly, this is what the Plaintiffs would prefer and since the ARC-GB has raised issues contrary to their position, the goal appears to be to fashion a mechanism to silence them. The Plaintiffs should not be able to succeed with this potential strategy.

During the hearing on February 26, 2008, the ARC-GB argued that if the Plaintiffs seek to challenge the authority and actions of the guardian, then the appropriate forum to hear such complaints is in the Massachusetts Probate Court. The Plaintiffs opted to bring this matter to the attention of this Court for which the Court has accepted, over the objection of the ARC-GB, jurisdiction. In filing its motion, Fernald has challenged the actions of the corporate guardian. Whether it is this forum, the Probate Court or another forum, the ARC-GB should be permitted to have its arguments heard, particularly when those arguments differ from those of the Plaintiffs. If the Plaintiffs, as class representative, truly wish to keep the ARC-GB, as corporate guardian, silent, then they should refrain from making accusations and allegations against them. As long as such allegations have been or continue to be made, the guardian should be afforded the opportunity to be heard. This would be the simplest requirements of due process.

      **C.**      **The ARC of Greater Boston's Limited Appearance as Interested Party**

In its motion the Plaintiffs argue that they "are wary of non-parties improperly interjecting themselves into this case." As example of this, the Plaintiffs cite actions by the Association of Developmental Disabilities ("ADDP") who filed an amicus brief for a particular proceeding and have remained a party ever since. The ARC-GB can understand the Plaintiffs' concerns. However, the ARC-GB did not ask to become involved in this matter. It was forced into this matter as a result of the motion filed by the Fernald Plaintiffs. This vastly differs from the actions by ADDP where they filed an amicus as opposed to defending one's actions and reputation. As long as the Plaintiffs, or a subset of them, opt to raise allegations concerning its conduct and actions, the ARC-GB feels it is required to be a part of this matter. It seems to the ARC-GB that such would fall under the definition of an Interested Party, more so than the type of intervention sought by ADDP.

The above having been said, the ARC-GB has no desire to be a party for the remaining duration of the Plaintiffs' long-standing action. Its only desire is to participate in this proceeding when necessary, which would appear to be when it feels it necessary to respond to current or future allegations raised against it. At present the issues concerning the transfer of A.T. have been referred to the U.S. Attorney's office. Presumably a report will be filed with the Court once the investigation is concluded. The Court will then decide what action to take which may or may not have an impact upon the ARC-GB. Until the issues have been resolved concerning the allegations raised, it stands to reason that the ARC-GB should remain as an Interested Party in this matter.

Consistent with the above, as well as the arguments raised in the preceding sections, the ARC-GB requests that this Court permit it to remain an Interested Party. Should the Court

decide that the ARC-GB's intervention in this matter should be limited consistent with the above discussion, the ARC-GB would adhere to the Court's wishes in this regard.

### III.   Conclusion

For the reasons discussed above, the ARC-GB respectfully requests that the Plaintiffs' Motion to Strike be denied and that it be permitted to remain an Interested Party in this party.

                          Respectfully submitted,

                          ARC of GREATER BOSTON
                          By its counsel


                          _____/s/ Alfred A. Gray, Jr._____
                          Alfred A. Gray, Jr. (Mass BBO #542377)
                          Bowditch & Dewey, LLP
                          One International Place, 44th Floor
                          Boston, MA  02110
                          617-757-6514

Dated:  March 26, 2008



I, Alfred A. Gray, Jr, do hereby certify that I served a copy of this response to all counsel of record by entering the document in the US District Court's electronic filing system on this 26th day of March, 2008.


                          _____/s/ Alfred A. Gray, Jr._____
                          Alfred A. Gray, Jr.